# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**TEAM CONTRACTORS, LLC, ET AL.**                    CIVIL ACTION
    **Plaintiffs**

**VERSUS**                                           NO.  16-1131

**WAYPOINT NOLA, LLC, ET AL.,**                      SECTION: "E"(2)
    **Defendants**

## ORDER AND REASONS

Before the Court is Plaintiff Team Contractors, LLC's ("Team") Motion for Partial Summary Judgment against Defendant Waypoint NOLA, L.L.C. ("Waypoint").[1] Waypoint opposes Team's motion.[2] At Plaintiff's request, the Court held oral argument regarding Plaintiff's motion on January 25, 2017.[3] For the following reasons, Team's Motion for Partial Summary Judgment is **DENIED**.

## LEGAL STANDARD

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] "An issue is material if its resolution could affect the outcome of the action."[5] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[6] All reasonable inferences are drawn in favor of the nonmoving party.[7] There is no genuine issue of material fact if, even viewing the evidence in the light most

---

[1] R. Doc. 53.
[2] R. Doc. 59.
[3] R. Doc. 72.
[4] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[5] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[6] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[7] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[8]

If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[9] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[10]

If the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim.[11] When proceeding under the first option, if the nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the moving party is entitled

---

[8] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).

[9] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).

[10] *Celotex*, 477 U.S. at 322–24.

[11] *Id.* at 331–32 (Brennan, J., dissenting); *see also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986), and requiring the movants to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).

to summary judgment as a matter of law.[12] When, however, the movant is proceeding under the second option and is seeking summary judgment on the ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[13] Under either scenario, the burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant.[14] If the movant meets this burden, "the burden of production shifts [back again] to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)."[15] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial."[16]

"[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[17]

---

[12] *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288–89 (1980); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).
[13] *Celotex*, 477 U.S. at 332–33.
[14] *Id.*
[15] *Celotex*, 477 U.S. at 332–33, 333 n.3.
[16] *Id.*; *see also First National Bank of Arizona*, 391 U.S at 289.
[17] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

<u>**ANALYSIS**</u>

In its motion for partial summary judgment, Team argues it is uncontested that Waypoint owes it $1,023,514.09 and that Waypoint should be forced to pay Team immediately.[18] Waypoint argues that Team has not fulfilled the requirements set forth by the Prime Contract ("Contract") governing the parties' relationship which requires that (1) the architect must issue a final Certificate of Payment; and (2) Team must provide a release form reasonably acceptable by the Owner of liens and claims by the Contractor and by each of its subcontractors on behalf of which payment is requested.[19] In response, Team argues that under the Louisiana Private Works Act, Louisiana Revised Statutes section 9:4801 seq., the period in which Team or any of its subcontractors or vendors could have filed a lien against the Project expired over ten months ago and therefore the requirement that Team submit a release form accepted by Waypoint of all liens and claims by it and its subcontractors is invalid for lack of legal cause.[20]

The Court finds that there are material facts in dispute and as a result Team's Motion for Partial Summary Judgment is **DENIED**.

<u>**CONCLUSION**</u>

Accordingly;

**IT IS ORDERED** that Team Contractor, LLC's Motion for Partial Summary Judgment[21] against Waypoint NOLA, L.L.C. is **DENIED.**

**New Orleans, Louisiana, this 13th day of February, 2017.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[18] *See* R. Doc. 53-1, at 1.
[19] R. Doc. 59, at 4.
[20] R. Doc. 53-1, at 2.
[21] R. Doc. 53.