UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TEAM CONTRACTORS, L.L.C.                          CIVIL ACTION

VERSUS                                           NO. 16-1131

WAYPOINT NOLA, L.L.C. ET AL.                     SECTION "E" (2)

<u>**ORDER AND REASONS ON MOTIONS**</u>

This is a contract and payment dispute involving the design and construction of a New Orleans hotel project filed in this court pursuant to its diversity of citizenship jurisdiction. As part of the project, its owner, Waypoint NOLA, L.L.C. ("Waypoint"), contracted with an architectural firm, HCA, which in turn contracted with an engineering firm, KLG, both of which were insured by third-party defendant Catlin Insurance Co., Inc. ("Catlin"). Waypoint has asserted bad faith insurance practice claims against Catlin, which does not deny coverage, but instead contends that the amount and causation of Waypoint's claimed damages attributed by Waypoint to HCA and KLG are disputed and "must be resolved so that Catlin can determine the amounts (if any) for which payment is owed under the Policies." Record Doc. Nos. 104 at p. 8; 105-1 at p. 8.

Two closely related motions are pending before me in this matter: (1) Waypoint's motion to compel discovery responses from Catlin, Record Doc. No. 93; and (2) Catlin's Motion for Protective Order to Exclude Certain Discovery Requests, Record Doc. No. 105. The parties filed timely written opposition memoranda, Record Doc. Nos. 104, 111, and Waypoint received leave to file a reply memorandum in support of its motion.

Record Doc. Nos. 110, 112, 113.  Having considered the record, the applicable law and the written submissions of counsel, **IT IS ORDERED** that the motion is GRANTED IN PART AND DENIED IN PART as follows.

The written submissions suffer from deficiencies that complicate determination of the motions.  First, both parties have cited and rely upon an outmoded, now erroneous, legal standard in their recitation of the appropriate scope of discovery.

Second, the relief that Waypoint seeks is vaguely articulated and unsupported in part.  Although Waypoint's motion papers insinuate that Catlin's responses to its interrogatories and requests for production are deficient generally, Waypoint provides no explanation as to why or how any of the responses are deficient or the objections are improper, except that some discovery requests were "objected to . . . in their entirety." Record Doc. No. 93-1 at pp. 2-3 & nn.4, 5, 7, 8.  It is not the court's function to ferret through all of the subject discovery responses to identify deficiencies with no assistance from counsel.  Accordingly, the court will address only those interrogatories and requests for production that Waypoint specifically alleges are deficient.  Those are Interrogatories Nos. 5, 6, 7, 10, 12, 13, 14 and 15 and Requests for Productions Nos. 4, 5, 6, 8, 9, 10 and 11 of its first set of discovery and Interrogatories Nos. 19, 20, 22, 27, 28, 29 and 30 and Requests for Production Nos. 17 through 24 of its second set.

Similarly, Waypoint requests that Catlin be required "to submit withheld documents for in camera inspection" by the court, Record Doc. No. 93-1 at p. 1, but it

offers no reason why the court should undertake this task. On its face, the privilege log provided by Catlin indicates that most, if not all, of the listed materials were either generated by or transmitted to its counsel of record at times that suggest that the materials are most probably protected from disclosure. Under these circumstances, Waypoint's unsubstantiated request for in camera review of the withheld materials is DENIED. If Waypoint can provide persuasive reasons and identifies particular materials by reference to the privilege log why the court should review particularly identified withheld materials in camera, it may file a new motion that states those reasons.

Third, the court will ignore the "General Objections" asserted in Catlin's responses. If Catlin has a specific objection to a particular request, it must state the objection "with specificity." Fed. R. Civ. P. 33(b)(4), 34(b)(2)(B); accord McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990). Catlin's "General Objections" fail to comply with the specificity requirements of the applicable rules and only obfuscate and confuse both Waypoint and the court concerning what objections Catlin is actually making, what information it has actually produced and whether a complete response has been made. "In every respect these objections are text-book examples of what federal courts have routinely deemed to be improper objections." St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp., 198 F.R.D. 508, 512 (N.D. Iowa 2000) (citing Burns v. Imagine Films Entm't, Inc., 164 F.R.D. 589, 592-93 (W.D.N.Y. 1996) (general objections not sufficiently specific to allow court to ascertain

objectionable character of discovery request); <u>Chubb Integrated Sys. Ltd. v. Nat'l Bank of Wash.</u>, 103 F.R.D. 52, 58 (D.D.C. 1984) ("General objections are not useful to the court ruling on a discovery motion. Nor does a general objection fulfill [a party's] burden to explain its objections.")); <u>accord</u> <u>Sream, Inc. v. Hassan Hakim & Sarwar, Inc.</u>, No. 16-CV-81600, 2017 WL 878704, at *2 (S.D. Fla. Mar. 6, 2017); <u>Fischer v. Forrest</u>, No. 14 CIV 1304, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017); <u>see also</u> <u>McLeod</u>, 894 F.2d at 1485 (The "party resisting discovery must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.") (citation omitted); <u>Liguria Foods, Inc. v. Griffith Labs., Inc.</u>, No. 14-3041-MWB, 2017 WL 976626, at *9 (N.D. Iowa Mar. 13, 2017) (citing <u>St. Paul Reinsurance Co.</u>, 198 F.R.D. 512) (The same judge who wrote <u>St. Paul Reinsurance Co.</u> states that the law is unchanged in this regard, "[t]he key requirement in both Rules 33 and 34 is that objections require 'specificity'" and "there is precedent too ample to cite . . . demonstrating the insufficiency of" boilerplate objections). All of Catlin's general objections, except on the grounds of privilege, work product doctrine or Fed. R. Civ. P. 26(b)(3), are overruled. Waypoint's discovery requests are subject to the limitations and protections of the Federal Rules of Civil Procedure–it is unnecessary for Catlin to object generally on this basis. Catlin must provide a supplemental written response to Waypoint's interrogatories and requests for production of documents that deletes its "General Objections."

Finally, both parties cite an outmoded, now erroneous, legal standard as establishing the basic scope of permissible discovery. The standard is no longer "any matter, not privileged, that is relevant to the claim or defense of any party," Record Doc. No. 93-1 at p. 4; or "any non-privileged matter that is relevant to any party's claim," Record Doc. No. 104 at p. 5, as the parties mistakenly posit. Rather, after the substantial amendments to the Federal Rules of Civil Procedure that became effective on December 1, 2015, the scope of permissible discovery is now limited to "nonprivileged matter that is **[both]** relevant to any party's claim or defense **and proportional** to the needs of the case." Fed. R. Civ. P. 26(b)(1) (emphasis added). Determining whether the requested discovery is permissible because it is proportional to the needs of the case requires consideration of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id. Neither party has assessed or included the proportionality component of the applicable legal standard in its motion papers.

Weighing the proportionality considerations in this instance, I find that much of the disputed, extremely broad-ranging discovery sought by Waypoint, relating to claims, policies and procedures beyond those applicable to Catlin's coverage under the KLG and HCA policies at issue in this case, is not proportional to the needs of the case.

Specifically, although the amount in controversy is substantial, the parties appear to have substantially equivalent resources. Catlin has exclusive access to much of the requested information, but broad-ranging discovery as to <u>all</u> Catlin claims and policies is neither important generally nor to resolution of the issues involved in this case. Catlin has conceded coverage. It asserts merely that it cannot determine how much, if any, it owes under the relevant policies in light of the construction-contract parties' substantial disputes over the extent and causation of damages. Under these circumstances, the burden and expense of the proposed broad-ranging discovery outweighs its likely benefit.

Applying the foregoing general standards, the court addresses the individual discovery requests as follows.

(A)    <u>Interrogatories</u>

The motion is granted in part and denied in part as to Interrogatory No. 5. Catlin must answer this interrogatory only insofar as it seeks information about the requested policies and procedures concerning the specific KLG and HCA policies and claims made against them in this case. All objections are sustained, and the motion is denied insofar as this interrogatory seeks broader information.

The motion is granted as to Interrogatory No. 6. Catlin must answer this question as to the "single claim" identified in its response to Interrogatory No. 4.

The motion is granted as to Interrogatories Nos. 7 and 10, which merely seek the identity of all documents in the claim file related to the "single claim" identified in

response to Interrogatory No. 4 and the extent of knowledge of potential witnesses. This basic, relevant and discoverable information must be provided.

The motion is granted in part and denied in part as to Interrogatory No. 12. The motion is granted insofar as it relates to any <u>non</u>-privileged estimates or reports of Catlin concerning damages that might be covered by the KLG and HCA policies at issue in this case. That information is relevant and proportional both to Waypoint's damages claim against Catlin and Catlin's defenses to that claim. The motion is denied insofar as the interrogatory seeks a broader range of information, and all objections are sustained, subject to the requirement that Catlin must include withheld privileged responsive materials in its privilege log.

The motion is denied as to Interrogatories Nos. 13, 14 and 15 of the first set of interrogatories and No. 20 of the second set, which exceed the proportionality limits of Rule 26(b)(1) and seek much that is not relevant to claims or defenses in this case. All objections are sustained. In addition, any sub-set of Interrogatory No. 20 that might be both relevant and proportional is unreasonably cumulative and duplicative of the permissible portion of Interrogatory No. 5. Fed. R. Civ. P. 26(b)(2)(C)(I).

The motion is granted as to Interrogatories Nos. 19 and 22 of the second set, which seek information that is both relevant and proportional to claims made in this case, including the mere identification of documents concerning relevant claims. In addition, the work product and attorney-client privilege objections are overruled because the

interrogatories merely seek <u>identification and description</u> of claims against a policy and documents concerning only the project that are the express subject of this case, and in no way seek the revelation of privileged communications between lawyer and client or work product of any kind.  The kind of identification and description sought is no more than Rule 26(b)(5) requires in a privilege log.

The motion is denied as Interrogatories Nos. 27 through 30 of Waypoint's second set of interrogatories to Catlin.  Fed. R. Civ. P. 33(a)(1) provides:  "Unless otherwise stipulated or ordered by the court, a party may serve on any other party <u>no more than 25 written interrogatories,</u> including all discrete subparts."  (Emphasis added).  The rule requires "(l)eave to serve additional interrogatories."  The court has not granted leave to exceed the presumptive limit on interrogatories, and no court order or stipulation permitting these excessive interrogatories has been presented to me.  Accordingly, no relief will be provided with respect to these interrogatories.

In addition, I note that the copies of Catlin's interrogatory answers provided to me in connection with these motions do not contain the verification, sworn under oath, required by Fed. R. Civ. P. 33(b)(1)(B), (3) and (5).  Catlin must provide the required verification.

(B)    <u>Requests for Production</u>

The motion is granted as to Requests for Production Nos. 4, 5, 9, 10, 17, 21 and 22, insofar as they seek <u>non</u>-privileged materials.  The materials sought are both

relevant and proportional because these requests are limited to claims and documents concerning only a policy and the project that are the express subject of this case. Although Catlin broadly states in its opposition memorandum that it "has produced the non-privileged documents responsive to Waypoint's requests and has provided privilege logs . . . identifying the privileged materials that were withheld," Record Doc. No. 104 at p. 11, Catlin's current written responses imply that <u>no</u> responsive materials have been produced and Waypoint's reply memorandum states that Catlin has produced only 32 pages of documents.  Record Doc. No. 113 at p. 2.  The responses therefore fail to comply with Fed. R. Civ. P. 34(b)(2)(C) because they assure neither Waypoint nor the court that <u>all</u> responsive non-privileged materials have been provided in the manner contemplated by Fed. R. Civ. P. 26(g) and that Catlin is not withholding some responsive non-privileged materials pursuant to these objections.   <u>See</u> McGuireWoods LLP, <u>Seriously, Folks, the Federal Rules Have Changed</u>, Lexology (Apr. 13, 2017), http://www.lexology.com/library/detail.aspx?g=98e2bce5-1648-42fd-89e4-a6efde791de8 (Under the amended rules, "objections violated Rule 34(b)(2)(C) because they failed to identify whether any responsive materials were being withheld on the basis of the objection" and written "responses must 'indicate when documents or ESI that defendants are producing will be produced.'") (visited July 25, 2017) (quoting <u>Fischer,</u> 2017 WL 773694, at *3).  Thus, Catlin must provide new written responses to these requests, without objections except as to privilege and work product, clearly stating that it has

produced <u>all</u> non-privileged materials responsive to these requests and supplementing its privilege log, if the current log is incomplete, by identifying all responsive materials withheld on privilege or work product grounds.

The motion is denied as to Requests for Production Nos. 6, 8, 11, 18, 19, 20, 23 and 24, which seek materials that are neither relevant nor proportional to the claims or defenses in the case. In addition, Requests Nos. 11, 19, 23 and 24 are unreasonably cumulative or duplicative of what has been permitted in response to other requests, including but not limited to Requests Nos. 4 and 16. All objections are sustained.

(C)    Rule 30(b)(6) Deposition Topics

In its motion for a protective order, Catlin seeks an order prohibiting or restricting questioning at its Rule 30(b)(6) deposition concerning twelve (12) topics listed in Waypoint's proposed notice, Record Doc. No. 104-5 at pp. 4-5.[1]

The motion is granted in part and denied in part as to Topic No. 1 in that it is hereby limited to the specific HCA and KLG policies and the particular construction project that are the subject of this case.

---

[1]The motion also seeks an order "forbidding Waypoint from accessing privileged claim materials." Record Doc. No. 105-1 at p. 11. Catlin's privilege and work product objections have been addressed in connection with this ruling concerning Waypoint's requests for production. No separate protective order in this regard is necessary. In addition, Catlin's objections on privilege or work product grounds that might be asserted in response to questions asked during the Rule 30(b)(6) deposition are expressly preserved and may be asserted in the manner provided in Fed. R. Civ. P. 30(c)(2).

The motion is denied as to Topics Nos. 2, 3, 8 and 9.  Catlin must designate a knowledgeable witness or witnesses and full questioning as to these topics may be conducted.

The motion is granted and no questioning will be allowed as to Topics Nos. 4, 5, 6, 10, 11 and 12, which seek overly broad categories of information that are neither relevant nor proportional to the claims or defenses in the case.

The motion is granted in part as to Topic No. 7 in that the third word of this topic ("concerning") is hereby deleted and modified to read "identifying by name, service address and job title and description."

*   *   *   *   *

All supplemental interrogatory answers, together with the required verification, and all supplemental written responses to requests for production, together with any supplemental privilege log and actual production of any additional responsive materials, ordered herein must be provided by Catlin to Waypoint, no later than **August 11, 2017**.

New Orleans, Louisiana, this ___28th___ day of July, 2017.


JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

- 11 -