UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| TEAM CONTRACTORS, LLC, | CIVIL ACTION |
| Plaintiff | |
| VERSUS | NO. 16-1131 |
| WAYPOINT NOLA, LLC, | SECTION: "E"(2) |
| ET AL., | |
| Defendants | |

# ORDER AND REASONS

Before the Court is Defendants' Joint Motion for Partial Summary Judgment.[1] HC Architecture, Inc. ("HCA"), Waypoint NOLA, LLC ("Waypoint"), and Salas O'Brien South, successor in interest to KLG, L.L.C. ("KLG"), seek summary judgment on the issue of Plaintiff Team Contractors, LLC's ("Team") claim for lost profits.[2] The motion is opposed.[3] The Court heard oral argument regarding the motion on August 18, 2017.[4] The Court has considered the briefs, record, and applicable law, and now issues its ruling. For the reasons that follow, the Motion for Partial Summary Judgment is **DENIED**.

## BACKGROUND

This case involves the development and construction of the Hyatt House hotel in downtown New Orleans, Louisiana ("the Project"). It is undisputed that Team Contractors, L.L.C. ("Team") entered into a contract with Waypoint, the owner of the Project, for the construction and/or renovation of seven floors of the property located at 1250 Poydras Street, New Orleans, Louisiana.[5] Waypoint also entered into an agreement

---

[1] R. Doc. 119.
[2] R. Doc. 14.
[3] R. Doc. 178.
[4] R. Doc. 187.
[5] R. Doc. 1 at 2.

1

by which HCA would serve as the Project's architect, and additionally provide "all normal Architectural, Civil, Structural, and [mechanical, electrical, and plumbing] engineering services."[6] HCA, in turn, subcontracted the mechanical, electrical, and plumbing ("MEP") design work to KLG.[7]

HCA delivered a complete set of specifications, including KLG's MEP plans, to Team on September 26, 2014.[8] It was later discovered that several components of KLG's MEP system design did not comply with New Orleans code requirements. For example, the original plumbing designs did not comply with ventilation requirements in the New Orleans plumbing code,[9] and the mechanical designs omitted more than 150 smoke dampers, in violation of other applicable municipal codes.[10] Because construction had begun on the MEP systems before the parties recognized the code deficiencies, Team had to remove the faulty systems and rebuild the MEP systems from revised plans before continuing its work as scheduled.[11]

Team filed suit in this Court in February 2017, alleging breach of contract by Waypoint and negligence on the part of Waypoint, HCA, and KLG.[12] Team alleges that it incurred damages during construction in the form of additional subcontractor work, hourly labor, increased supervision, and other recurring expenses, when it was directed to remove the deficient MEP systems and re-install revised systems.[13] Team argues that

---

[6] R. Doc. 53-3.
[7] R. Doc. 157-18 (KLG Proposal).
[8] R. Doc. 155-2 at ¶ 9 (Affidavit of Tom Hogan).
[9] R. Doc. 123-2 at 5.
[10] R. Doc. 123-2 at 6.
[11] R. Doc. 1 at 4.
[12] R. Doc. 1.
[13] R. Doc. 1 at 2-3.

the additional work from these corrections resulted in an extension of its obligations on the Project and a delay of the Project's completion date.[14]

Team's expert, Rittiner & Associates ("R&A"), issued a report on June 5, 2017, which included opinions with respect to Team's damages claims.[15] R&A opined that Team could reasonably claim lost profits from opportunities made unavailable due to the Project's delay, as well as additional home office overhead ("*Eichleay* damages") related to the delay.[16] Later, R&A retracted its conclusions regarding the lost profits claim.[17] After receiving additional income statements from Team's accounting system and more information from Team leadership, R&A concluded that "a reasonable determination of lost gross income was not possible."[18]

On August 2, 2017, HCA, Waypoint, and KLG filed a Motion for Partial Summary Judgment on Team's claim for lost profits.[19]

### **LEGAL STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[20] "An issue is material if its resolution could affect the outcome of the action."[21] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing

---

[14] R. Doc. 1 at 4.
[15] R. Doc. 119-2.
[16] The *Eichleay* damages are the subject of a separate Motion for Partial Summary Judgment. *See* R. Doc. 124.
[17] R. Doc. 119-3.
[18] R. Doc. 119-3 at 2.
[19] R. Doc. 119 at 1.
[20] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[21] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

the evidence."[22] All reasonable inferences are drawn in favor of the nonmoving party.[23] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[24]

If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[25] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[26]

If the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim.[27] When proceeding under the first option, if the

---

[22] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[23] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[24] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[25] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).
[26] *Celotex*, 477 U.S. at 322–24.
[27] *Id.* at 331–32 (Brennan, J., dissenting); *see also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986), and requiring the movants to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority

nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the moving party is entitled to summary judgment as a matter of law.[28] When, however, the movant is proceeding under the second option and is seeking summary judgment on the ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[29] Under either scenario, the burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant.[30] If the movant meets this burden, "the burden of production shifts [back again] to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)."[31] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial."[32]

"[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the

---

and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).
[28] *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288–89 (1980); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).
[29] *Celotex*, 477 U.S. at 332–33.
[30] *Id.*
[31] *Celotex*, 477 U.S. at 332–33, 333 n.3.
[32] *Id.*; *see also First National Bank of Arizona*, 391 U.S. at 289.

record and to articulate the precise manner in which that evidence supports the claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[33]

## ANALYSIS

Defendants seek summary judgment on Team's claim for lost profits, but they fail to provide undisputed facts to support the dismissal of Plaintiff's claim as a matter of law.[34] Defendants instead attack the sufficiency of Team's evidence. Because the weight of Team's evidence is a matter for the fact-finder at trial,[35] Defendants are not entitled to summary judgment.

Defendants' statement of uncontested fact contains three assertions: (1) Team originally submitted the R&A report to support a claim for lost profits of $1.4 million, (2) R&A withdrew its opinion that Team was entitled to claim lost gross income or profits, and (3) Team has no other expert to support its claim for lost profits.[36] Plaintiff disputes the second statement to the extent it suggests that R&A does not believe Team is entitled to lost profit damages.[37] These statements, even accepted as undisputed, do not support summary judgment on plaintiff's claim for lost profits. As Defendants correctly state, Louisiana law is well-settled that a claim for lost profits "must be proven with reasonable certainty and cannot be based on conjecture and speculation,"[38] and "[a] claim for lost

---

[33] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).
[34] Fed. R. Civ. P. 56.
[35] *Kasem v. State Farm Fire and Casualty Company*, 2016-0217 (La. App. 1 Cir. 2/10/17), 212 So. 3d 6, 7 ("In ruling on a motion for summary judgment, the trial court's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact.").
[36] R. Doc. 119-5 at 1.
[37] R. Doc. 178-6 at 2.
[38] *See* 119-1 at 3 (quoting *Mac Sales, Inc. v. E.I. du Pont de Nemours & Co.*, 24 F.3d 747, 753 (5th Cir. 1994)).

6

profits based solely on the testimony of the injured party and unsubstantiated by other evidence does not constitute reasonable certainty."[39] None of the cases cited by the Defendants holds, however, that expert testimony is required for a lost profits claim. Indeed, such a holding would be contrary to Louisiana law.[40] Accordingly, Plaintiff is not required to have an expert testify as to its lost profits claim.

Defendants' motion, in effect, challenges the sufficiency of Team's evidence. Defendants point out that R&A withdrew its conclusions regarding the lost profits claim after reevaluating the accounting documentation.[41] They also argue that Team has not been in existence long enough to be able to provide satisfactory estimates of future profit.[42] Finally, Defendants discredit the documentary evidence supporting the lost profits claim provided by Team during discovery.[43] In support, Defendants rely on cases in which the claim for lost profits went to trial, the sufficiency of that evidence was weighed by the jury, and the jury's determination was subsequently challenged on appeal.[44] In this case, as in the cases cited by the Defendants, issues of evidentiary sufficiency and credibility should be determined by the fact-finder at trial.[45]

---

[39] *Louisiana Joint Underwriters of Audubon Ins. Co. v. Gant*, 0520-0525 (La. App. 4 Cir. 1983), 439 So.2d 1153, 1157.
[40] *See Rosbottom v. Office Lounge, Inc.*, 94-894 (La. App. 3 Cir. 4/5/95), 654 So. 2d 377, 378–79 ("A party's own detailed testimony as to his loss may be sufficient to support an award for loss of profits.").
[41] R. Doc. 119-1 at 4-5.
[42] R. Doc. 119-1 at 5.
[43] According to plaintiffs, they have provided loan and credit statements (TEAM 7785-7807), profit/loss statements for 2009-2016 (TEAM 7661-7669), and tax returns for 2013-2015 (TEAM 7808-8083). R. Doc. 178 at 3.
[44] *See, e.g.*, *Mac Sales, Inc. v. E.I. du Pont de Nemours & Co.*, 24 F.3d 747, 753 (5th Cir. 1994); *Nick Farone Music Ministry v. City of Bastrop*, 50,066 (La. App. 2 Cir. 2015), 179 So.3d 629, 632. *Louisiana Joint Underwriters of Audubon Ins. Co. v. Gant*, 0520-0525 (La. App. 4 Cir. 1983), 439 So.2d 1153, 1157.
[45] *Kasem v. State Farm Fire and Casualty Company*, 2016-0217 (La. App. 1 Cir. 2/10/17), 212 So. 3d 6, 7.

## CONCLUSION

Accordingly;

**IT IS ORDERED** that Defendants' Joint Motion for Partial Summary Judgment on Team Contractors, LLC's claim for lost profits is hereby **DENIED**.

**New Orleans, Louisiana, this 28nd day of September, 2017**.

*[signature: Susie Morgan]*

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**