UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| TEAM CONTRACTORS, L.L.C.,<br>    Plaintiff | CIVIL ACTION |
|---|---|
| VERSUS | NO. 16-1131 |
| WAYPOINT NOLA, L.L.C., ET AL.,<br>    Defendants | SECTION: "E"(2) |

## ORDER AND REASONS

Before the Court is Cross-Defendant HC Architecture's ("HCA") Motion for Partial Summary Judgment[1] on Cross-Plaintiff Waypoint NOLA, LLC's ("Waypoint") claim for consequential damages.[2] The motion is opposed.[3] The Court has considered the briefs, record, and applicable law, and now issues its ruling. For the reasons that follow, the Motion for Partial Summary Judgment is **DENIED**.

## BACKGROUND

This case involves the development and construction of the Hyatt House hotel in downtown New Orleans, Louisiana ("the Project"). It is undisputed that Team Contractors, L.L.C. ("Team") entered into a contract with Waypoint, the owner of the Project, for the construction and/or renovation of seven floors of the property located at 1250 Poydras Street, New Orleans, Louisiana.[4] Waypoint also entered into an agreement ("HCA Contract") by which HCA would serve as the Project's architect, and additionally provide "all normal Architectural, Civil, Structural, and [mechanical, electrical, and

---

[1] R. Doc. 118.
[2] R. Doc. 14.
[3] R. Doc. 173.
[4] R. Doc. 1 at 2.

1

plumbing] engineering services."[5] HCA, in turn, subcontracted the mechanical, electrical, and plumbing ("MEP") design work to KLG.[6]

Team filed suit in this Court in February 2017, alleging breach of contract by Waypoint and negligence on the part of Waypoint, HCA, and KLG.[7] Team alleges that it incurred damages during construction in the form of additional subcontractor work, hourly labor, increased supervision, and other recurring expenses, when it was directed to remove deficient MEP systems and re-install revised systems.[8]

Waypoint filed a crossclaim against HCA and KLG, and a third-party demand against Bobby Beach and Danny Lundstrom, two licensed engineers who provided engineering services for KLG and HCA on the Project.[9] Waypoint alleges that HCA breached its duty to Waypoint by providing substandard plans and specifications for the Project, failing to properly oversee its subcontractors, failing to properly coordinate the design of the project, and failing to timely remedy the relevant design errors.[10] In addition to other damages, Waypoint claims $554,903 in lost profits due to the delayed opening of the Hyatt House.[11] HCA seeks summary judgment that the HCA Contract's joint waiver of consequential damages precludes Waypoint's lost profits claim. Waypoint opposes the motion.[12] HCA filed a reply to Waypoint's opposition.[13] The Court heard oral argument

---

[5] R. Doc. 53-3.
[6] R. Doc. 157-18 (KLG Proposal).
[7] R. Doc. 1.
[8] R. Doc. 1 at 2-3.
[9] R. Doc. 14 at 25-26.
[10] R. Doc. 14 at 18.
[11] R. Doc. 118-4 (Rollins Report).
[12] R. Doc. 173.
[13] R. Doc. 184.

regarding the motion on August 18, 2017.[14] Following oral argument, Waypoint filed a sur-reply[15], to which HCA filed a response.[16]

## **LEGAL STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[17] "An issue is material if its resolution could affect the outcome of the action."[18] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[19] All reasonable inferences are drawn in favor of the nonmoving party.[20] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[21]

If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[22] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the

---

[14] R. Doc. 187.
[15] R. Doc. 195.
[16] R. Doc. 207.
[17] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[18] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[19] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[20] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[21] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[22] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).

record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[23]

If the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim.[24] When proceeding under the first option, if the nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the moving party is entitled to summary judgment as a matter of law.[25] When, however, the movant is proceeding under the second option and is seeking summary judgment on the ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[26] Under either scenario, the burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant.[27] If the movant meets this burden, "the burden of production shifts [back again] to the nonmoving party, who must

---

[23] *Celotex*, 477 U.S. at 322–24.
[24] *Id.* at 331–32 (Brennan, J., dissenting); *see also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986), and requiring the movants to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).
[25] *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288–89 (1980); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).
[26] *Celotex*, 477 U.S. at 332–33.
[27] *Id.*

either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)."[28] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial."[29]

"[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[30]

## LAW AND ANALYSIS

HCA seeks summary judgment that the contractual waiver of consequential damages bars Waypoint from recovering lost profits caused by the delayed hotel opening. In support of its motion, HCA has put forth the following facts in its statement of uncontested fact:[31] (1) HCA contracted with Waypoint to provide architectural services for the Project;[32] (2) the contract between HCA and Waypoint contained a waiver of consequential damages;[33] (3) Waypoint claimed economic damages in the form of

---

[28] *Celotex*, 477 U.S. at 332–33, 333 n.3.
[29] *Id.*; *see also First National Bank of Arizona*, 391 U.S. at 289.
[30] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).
[31] R. Doc. 118-5 at 1-2.
[32] R. Doc. 118-2.
[33] *Id.* at § 4.1.3.

5

construction costs, lost profits, and delay related to damages;[34] and (4) Waypoint's expert reported that Waypoint incurred a $544,903 loss of income due to the delayed opening of the hotel.[35] In opposition, Waypoint disputes only the first fact. Waypoint argues that the HCA Contract was between HCA and Waypoint Lodging L.L.C., rather than Waypoint NOLA, L.L.C., and any limitations of liability in the HCA Contract should not apply to it.[36] This issue was addressed at oral argument, and is the subject of HCA's reply memorandum,[37] Waypoint's sur-reply,[38] and HCA's subsequent response.[39] At oral argument and in its later pleadings, Waypoint conceded that Waypoint Lodging, L.L.C. assigned the HCA Contract to Waypoint NOLA, L.L.C.[40] It is black letter law that "an assignment does not alter the nature of the obligation."[41] As assignee, Waypoint NOLA, L.L.C. is subject to the same contractual obligations as the assignor, Waypoint Lodging, L.L.C. Accordingly, this issue does not present a genuine dispute of material fact for the purposes of this motion.

To warrant summary judgment, HCA must demonstrate that these facts entitle it to judgment as a matter of law. Specifically, HCA must show that the HCA Contract's waiver of consequential damages clearly encompasses lost profit claims. Because the Court finds that the HCA Contract is ambiguous on this point, however, summary judgment is not appropriate.

---

[34] R. Doc. 14 at ¶ 103.
[35] R. Doc. 118-4.
[36] R. Doc. 173 at 3-4.
[37] R. Doc. 184.
[38] R. Doc. 195.
[39] R. Doc. 207.
[40] *See* R. Doc. 195.
[41] *Alvis v. CIT Group/Equipment Financing, Inc.*, 2005-0563 (La. App. 3 Cir. 12/30/05), 918 So. 2d 1177, 1184.

Under Louisiana law, "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation" is required to determine the parties' intent.[42] "A contract is considered ambiguous on the issue of intent when either it lacks a provision bearing on that issue, the terms of a written contract are susceptible to more than one interpretation, there is uncertainty or ambiguity as to its provisions, or the intent of the parties cannot be ascertained from the language employed."[43] "If a contract is ambiguous, courts are to seek the meaning based on the intent of the parties to the contract."[44] The determination of whether a contract is clear or is ambiguous is a question of law,[45] but intent is an issue of fact which is to be inferred from all of the surrounding circumstances.[46]

> The consequential damages waiver provides:
>
> The Architect and Owner waive consequential damages for claims, disputes, or other matters in question arising out of or relating to this Agreement. This mutual waiver is applicable, without limitation, to all consequential damages due to either party's termination of this Agreement, except as specifically provided in Section 5.7.[47]

Waypoint argues that this provision is ambiguous because it does not define what the parties contemplated would be "consequential damages," as opposed to direct damages.[48] The Court agrees. The term "consequential damages" is subject to multiple interpretations, and "no two courts or treatises define consequential damages the same

---

[42] LA. CIV. CODE ANN. art. 2046 (1985).
[43] *Campbell v. Melton*, 2001-2578 (La. 5/14/02), 817 So. 2d 69, 75. *See also Cash v. Liberty Ins. Underwriters, Inc.*, 624 F. App'x 854, 859 (5th Cir. 2015).
[44] *Maldonado v. Kiewit Louisiana Co.*, 2012-1868 (La. App. 1 Cir. 5/30/14), 152 So. 3d 909, 931.
[45] *Landis v. Const. Co. v. St. Bernard Par.*, 2014-0096 (La. App. 4 Cir. 10/22/14), 151 So. 3d 959, 963.
[46] *JIB Line Group, LLC v. Legette*, 14-207 (La. App. 5 Cir. 11/12/14), 165 So.3d 93, 95. *See also* LA. CIV. CODE ANN. art. 2045 (1985).
[47] R. Doc. 118-2, art. 4.1.3.
[48] R. Doc. 173 at 4-5.

way."[49] As HCA notes in its motion, Louisiana courts treat lost profits as either direct or consequential, depending on the foreseeability of the damages at the time of contracting.[50] Because the foreseeability of a loss depends on the particular circumstances of an agreement, a determination of whether lost profits are categorically "consequential" or "direct" is not possible.

Moreover, the HCA Contract does not define "consequential damages" within its four corners, as some standard form contracts do.[51] For example, the waiver of consequential damages in AIA A201-2007 provides:

> The Contractor and Owner waive Claims against each other for consequential damages arising out of or relating to this Contract. This mutual waiver includes:
>     (1) damages incurred by the Owner for rental expenses, for losses of use, income, profit, financing, business, and reputation, and for loss of management or employee productivity or of the services of such persons
>     (2) damages incurred by the Contractor for principal office expenses including the compensation of personnel stationed there, for losses of financing, business and reputation, and for loss of profit except anticipated profit arising directly from the work.[52]

Unlike the HCA Contract, the model contract clearly defines consequential damages.

Because the HCA Contract is ambiguous as to whether lost profits of the kind claimed by Waypoint are consequential, the Court looks to the intent of the parties. Intent is a question of fact.[53] Neither party has submitted evidence to prove contractual intent, however. As a result, there remains a dispute about a material fact at issue in the motion. "As a general proposition, when we find a contract to be ambiguous, we at the same time

---

[49] *See, e.g.,* Lynn R. Axelroth, *Mutual Waiver of Consequential Damages: The Owner's Perspective*, 18 CONSTR. L., 11 (1998) (listing six different interpretations of the term).
[50] R. Doc. 118-1 at 2. *See* L. CIV. CODE art. 1996 (1985).
[51] *See, e.g.*, AIA A201-2007 General Conditions of the Contract for Construction § 15.1.6 (2007).
[52] *Id.*
[53] *JIB Line Group, LLC v. Legette*, 14-207 (La. App. 5 Cir. 11/12/14), 165 So.3d 93, 95. *See also* LA. CIV. CODE ANN. art. 2045.

would find that an issue of fact exists and then conclude that the matter is not ripe for summary judgment."[54] Because an issue of fact exists with regard to the intended meaning of "consequential damages," this Court concludes that HCA is not entitled to summary judgment with respect to Waypoint's claim for lost profits.

## CONCLUSION

Accordingly;

**IT IS ORDERED** that Cross-Defendants' Motion for Partial Summary Judgment on Waypoint's claim for lost profits is hereby **DENIED**.

**New Orleans, Louisiana, this 29th day of September, 2017.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[54] *Landis v. Const. Co. v. St. Bernard Par.*, 2014-0096 (La. App. 4 Cir. 10/22/14), 151 So. 3d 959, 963.