UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TEAM CONTRACTORS, L.L.C.,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 16-1131 |
| WAYPOINT NOLA, L.L.C., ET AL.,<br>    Defendants | SECTION: "E"(2) |

### ORDER AND REASONS

Before the Court is a Motion for Partial Summary Judgment by Defendant KLG, L.L.C., now known as Salas O'Brien South, L.L.C. ("KLG"), seeking partial summary judgment dismissing Plaintiff Team Contractor, L.L.C.'s ("Team") "total cost claim damage calculations" on the basis that Team improperly employed a "total cost theory."[1] The motion is opposed.[2] On August 31, 2017, KLG filed a reply.[3]

KLG has also filed a Motion *in Limine*, asking the Court to exclude from trial any and all evidence supporting Team's claim for damages using total cost calculations, as well as any and all evidence supporting Team's claim for lost profits.[4] The motion is opposed.[5]

The Court has considered the briefs, record, and applicable law, and now issues its ruling. For the reasons that follow, both the Motion for Partial Summary Judgment and the Motion *in Limine* are **DENIED**.

---

[1] R. Doc. 129.
[2] R. Doc. 180.
[3] R. Doc. 205.
[4] R. Doc. 230.
[5] R. Doc. 245

1

**BACKGROUND**

This case involves the development and construction of the Hyatt House hotel in downtown New Orleans, Louisiana ("the Project"). It is undisputed that Team Contractors, L.L.C. ("Team") entered into a contract with Waypoint, the owner of the Project, for the construction and/or renovation of seven floors of the property located at 1250 Poydras Street, New Orleans, Louisiana.[6] Waypoint also entered into an agreement by which HCA would serve as the Project's architect ("HCA Contract"), and additionally provide "all normal Architectural, Civil, Structural, and [mechanical, electrical, and plumbing] engineering services."[7] HCA, in turn, subcontracted the mechanical, electrical, and plumbing ("MEP") design work to KLG.[8]

HCA delivered a complete set of specifications, including KLG's MEP plans, to Team on September 26, 2014.[9] It was later discovered that several components of KLG's MEP system design did not comply with New Orleans code requirements. For example, the original plumbing designs did not comply with ventilation requirements in the New Orleans plumbing code,[10] and the mechanical designs omitted more than 150 smoke dampers, in violation of other applicable municipal codes.[11] Because construction had begun on the MEP systems before the parties recognized the code deficiencies, Team had to remove the faulty systems and rebuild the MEP systems from revised plans before continuing its work as scheduled.[12]

---

[6] R. Doc. 1 at 2.
[7] R. Doc. 53-3.
[8] R. Doc. 157-18 (KLG Proposal).
[9] R. Doc. 155-2 at ¶ 9 (Affidavit of Tom Hogan).
[10] R. Doc. 123-2 at 5.
[11] R. Doc. 123-2 at 6.
[12] R. Doc. 1 at 4.

Team filed suit in this Court in February 2017, alleging breach of contract by Waypoint and negligence on the part of Waypoint, HCA, and KLG.[13] Team alleges that it incurred damages during construction in the form of additional subcontractor work, hourly labor, increased supervision, and other recurring expenses, when it was directed to remove deficient MEP systems and re-install revised systems pursuant to two construction change directives.[14]

Team's expert, Rittiner & Associates ("R&A"), issued a report on June 5, 2017, which included opinions with respect to Team's damages claims.[15] R&A calculated the additional supervisory costs, additional recurring expenses, and subcontractor costs incurred by Team as a result of the construction change directives, as well as lost profits made unavailable due to the Project's delay.[16] Later, R&A retracted its conclusions regarding the lost profits claim.[17] The Court ruled that expert testimony is not required for a lost profits claim.[18]

The present motions involve Team's claims for damages related to increased supervision costs and additional recurring expenses, R&A's separate calculations of those damages, and Team's claim for lost profits.

## **ANALYSIS**

A. Partial Summary Judgment

KLG argues that Team has employed a "total cost" method to calculate its damages resulting from the construction change directives, and thus the Court should grant partial

---

[13] R. Doc. 1.
[14] R. Doc. 129-1.
[15] R. Doc. 129-3.
[16] *Id.*
[17] R. Doc. 119-3.
[18] R. Doc. 255.

summary judgment "dismiss[ing] Team's total cost claim calculations."[19] Whatever the merits of the total cost method, KLG's motion does not raise an issue appropriate for summary judgment. Federal Rule of Civil Procedure 56 provides that a party may move for summary judgment identifying each claim or defense on which summary judgment is sought. A party may seek partial summary judgment to dismiss a single claim or defense, without seeking dismissal of the entire case.[20] Further, a party may seek partial summary judgment on the amount of only one element of damages.[21] However, a trial court cannot on a motion for summary judgment consider the merits of the case, make credibility determinations, evaluate testimony, or weigh the evidence.[22]

In its motion, KLG does not argue that Team's claim for damages should be dismissed entirely. Instead, KLG asks only that the Court preclude Team from using a particular method of calculating damages.[23] Summary judgment is not, however, an appropriate procedural device to challenge the sufficiency of the evidence, the credibility of Team's expert witnesses, or the method of their damages calculations. Summary judgment as prayed for by KLG would not resolve any dispositive issues related to Team's claim. Team's claim for damages for additional supervision costs and additional recurring expenses would remain at issue in the case, and the Court would have neither granted nor denied "any part of the relief claimed by any party." [24]

---

[19] R. Doc. 129-6 at 2, 9.
[20] La. Civ. Code art. 966.
[21] *McPherson v. Lake Area Medical Center*, 99-977 (La. App. 3 Cir. 12/29/99); 755 So. 2d 972, 974 (upholding district court's denial of summary judgment when claimants sought partial summary judgment on amount of loss of earning capacity).
[22] *Read v. Willwoods Community*, 11-222 (La. App. 5 Cir. 2/14/21); 88 So. 3d 534.
[23] R. Doc. 129-6 at 9.
[24] *Quality Environmental Processes, Inc. v. Energy Development Corporation*, 2016-0171 (La. App. 1 Cir. 4/12/17), 218 So. 3d 1045, 1060.

KLG fails to raise an issue appropriate for summary judgment, and its Motion for Partial Summary Judgment must be denied.

B. Motion in Limine

KLG also separately moves to exclude any and all evidence Team may offer to support its total cost claim[25] and its claim for lost profits.[26]

In its motion regarding the total cost evidence, KLG relies on the same arguments employed in its Motion for Partial Summary Judgment. For example, KLG avers that the total cost method is disfavored, and that other methods of calculating Team's damages would be more appropriate.[27] KLG cites two cases in support, *Wunderlich Contracting v. U.S.*[28] and *T.L James & Co., Inc. v. Traylor Bros., Inc.*[29] Neither case, however, persuades the Court that Team should not be able to present evidence regarding its claims for additional supervision and recurring expenses resulting from the construction change directives. In *T.L. James & Co.,* the Court allowed the contractor to present its evidence at trial, but found that the evidence did not support "reliable proof of its claimed damages."[30] Similarly, in *Wunderlich Contracting*, the court found that the plaintiffs, using a total cost method, failed to prove their damages at trial because the plaintiffs did not provide sufficient evidence of causation.[31]

While both cases articulate an evidentiary standard for asserting claims using the total cost method, they do not support KLG's Motion *in Limine*. Indeed, in both cases the

---

[25] R. Doc. 130.
[26] KLG also filed a Motion for Partial Summary Judgment on the issue of Team's claim for lost profits, R. Doc. 119, which the Court denied, R. Doc. 255.
[27] R. Doc. 230-1 at 6-7.
[28] 351 F.2d 956, 963-63 (Ct. Cl. 1965).
[29] 2000 WL 322777 *4 (E.D. La. Mar. 27, 2000).
[30] *T.L. James & Co.*, 2000 WL 322777 at *4.
[31] *Wunderlich Contracting*, 351 F.2d at 965.

evidence at issue was submitted to the fact-finder for consideration. Similarly, Team's evidence supporting its claims for additional supervision costs and recurring expenses—whether or not that evidence uses the total cost method—may be presented to the jury.

With regard to the evidence of the total profits claim, KLG argues that Team failed to include its claim for lost profits in its initial Rule 26 disclosures, and that Team had a duty to supplement those disclosures after R&A amended its expert report to exclude the lost profits calculations. Under Rule 26(e), a party must supplement its initial disclosures when it learns its disclosures are "incomplete and incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process."[32] KLG avers that, after R&A's retraction of the lost profits calculation, Team's claim "has no evidentiary support whatsoever."

Team acknowledges that its initial disclosures did not include its claim for lost profits, but argues that it has subsequently provided sufficient evidence to satisfy its Rule 26 obligations.[33] Team points to documentary and testimonial evidence supporting its claim for lost profits, including loan and credit statements, tax returns, and an affidavit by Brett Fortner identifying projects on which Team was unable to bid.[34] This evidence has been in the possession of the parties since August, 2017.[35]

The Court finds that Team has satisfied its obligations under Rule 26, and that the presentation of Team's evidence of its lost profits claims will not prejudice the parties. Any and all evidence that Team has produced to support its claim for lost profits may be presented at trial.

---

[32] *Moore v. BASF Corp.* 2012 WL 4344583 at *3 (E.D. La. Sept. 21, 2012).
[33] R. Doc. 245 at 5.
[34] R. Doc. 245 at 6.
[35] *Id.*

## CONCLUSION

Accordingly;

**IT IS ORDERED** that Defendants' Motion for Partial Summary Judgment on Team's total cost calculations is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine to preclude evidence of Team's total cost claims and lost profits claims is hereby **DENIED**.

**New Orleans, Louisiana, this 5th day of October, 2017.**

                                          **SUSIE MORGAN**
                                  **UNITED STATES DISTRICT JUDGE**