UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TEAM CONTRACTORS, L.L.C., **Plaintiff** | CIVIL ACTION |
| VERSUS | NO. 16-1131 |
| WAYPOINT NOLA, L.L.C., ET AL., **Defendants** | SECTION: "E"(2) |

## ORDER AND REASONS

Before the Court is a motion by Catlin Insurance Company, Inc. ("Catlin"), seeking a ruling that Third-Party Plaintiff Waypoint NOLA, L.L.C. ("Waypoint") may not assert a claim against it under La. R.S. 22:1973.[1] The motion is opposed.[2] The Court ordered supplemental briefing on this issue after responsive pleadings were filed.[3] Accordingly, the Court will construe this motion as a motion for judgment on the pleadings based on a failure to state a claim on which relief can be granted pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.[4] For the reasons below, Catlin's motion is **GRANTED**.

## BACKGROUND

This case involves the development and construction of the Hyatt House hotel in downtown New Orleans, Louisiana ("the Project"). The allegations in the initial pleadings are as follows. Plaintiff Team Contractors, L.L.C., ("Team") entered into a contract with Waypoint, the owner of the Project, for the construction and/or renovation of seven floors of the property located at 1250 Poydras Street, New Orleans, Louisiana.[5] Waypoint also entered into an agreement by which HC Architects, L.L.C. ("HCA") would serve as the

---

[1] R. Doc. 307. *See* LA. REV. STAT. ANN. § 22:1973 (2012).
[2] R. Doc. 316.
[3] R. Doc. 298.
[4] FED. R. CIV. P. 12(c). *See Jones v. Greniger*, 188 F.3d 322 (5th Cir. 1999) (construing a Rule 12(b)(6) motion to dismiss for failure to state a claim that was filed after responsive pleadings as a 12(c) motion for judgment on the pleadings).
[5] R. Doc. 1 at 2.

Project's architect, and additionally provide "all normal Architectural, Civil, Structural, and [mechanical, electrical, and plumbing] ("MEP") engineering services."[6] HCA, in turn, subcontracted the MEP design work to KLG, L.L.C., now known as Salas O'Brien South, L.L.C. ("KLG").[7] Catlin is the professional liability insurer for both HCA and KLG.[8]

After HCA delivered a complete set of specifications, including KLG's MEP plans, it was discovered that several components of KLG's MEP system design did not comply with New Orleans code requirements.[9] Because construction had begun on the MEP systems before the parties recognized the code deficiencies, Team had to remove the faulty systems and rebuild the MEP systems from revised plans before continuing its work.[10]

Team filed suit in this Court on February 5, 2016, alleging breach of contract by Waypoint and negligence on the part of Waypoint, HCA, and KLG.[11] Waypoint filed its answer and a third-party complaint against HCA, KLG, and Catlin on May 20, 2016.[12] As relevant to this motion, Waypoint asserts a cause of action against Catlin under La. R.S. 22:1973.[13] Waypoint alleges that it made satisfactory proof of loss to support its claims against Catlin under the HLA and KLG policies, but Catlin, in bad faith, failed to make timely payment on Waypoint's claims.[14] Waypoint alleges that Catlin is responsible for the damages caused by HCA and KLG, and seeks payment of its claims and additional penalties provided by Louisiana law.[15]

---

[6] R. Doc. 14 at 15.
[7] *Id.*
[8] *See* R. Doc. 28.
[9] R. Doc. 14 at 17-20.
[10] R. Doc. 1 at 4.
[11] R. Doc. 1.
[12] R. Doc. 14.
[13] LA. REV. STATE. ANN. § 22:1973 (2012).
[14] R. Doc. 14 at 31-32.
[15] *Id.* at 31.

## LEGAL STANDARD

The standard for deciding a Rule 12(c) motion for judgment on the pleadings is the same as the standard for deciding a motion under Rule 12(b)(6).[16] Under Rule 12(b)(6), and thus under Rule 12(c), "[t]o avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[17] "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'"[18] "In deciding whether the complaint states a valid claim for relief, we accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff."[19] "We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."[20]

## ANALYSIS

Waypoint alleges a cause of action for penalties against Catlin pursuant to La. R.S. 22:1973(B)(5).[21] La. R.S 22:1973(A) defines an insurer's duty of good faith and fair dealing, and La. R.S. 22:1973(B) establishes when an insurer may be held liable for a bad faith breach of its duty:

> (B) Any one of the following acts, *if knowingly committed or performed* by an insurer, constitutes a breach of the insurer's duties . . .:
> (1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
> (2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
> (3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.
> (4) Misleading a claimant as to the applicable prescriptive period.

---

[16] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). *See also Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010).
[17] *In re Great Lakes Dredge & Dock Co., LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[18] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[19] *Id.* (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)) (internal quotation marks omitted).
[20] *Id.* (citations and internal quotation marks omitted).
[21] La. Rev. Stat. Ann. § 22:1973 (2012).

> (5) Failing to pay the amount of any claim *due any person insured by the contract* within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
> (6) Failing to pay claims pursuant to R.S. 22:1893 when such failure is arbitrary, capricious, or without probable cause.[22]

Waypoint asserts a claim under subsection (B)(5). Specifically, Waypoint alleges it provided Catlin with satisfactory proof of its loss, Catlin did not pay the amount of the claim within sixty days, and Catlin's failure to do so was "arbitrary, capricious, or without probable cause."[23]

Catlin argues Waypoint is not entitled to recover penalties under La. R.S. 22:1973(B)(5) because the provision applies only to "any person insured by the contract."[24] Catlin argues, even if third parties may assert claims under subsections (B)(1)-(4), the plain language of subsection (B)(5) limits recovery to "person[s] insured by the contract." It is undisputed that Waypoint is a third-party claimant, and is not Catlin's insured.[25] Accordingly, Catlin asserts that Waypoint may not recover under subsection 1973(B)(5). Catlin points to a substantial body of federal and state case law supporting its position.[26]

In opposition, Waypoint argues that "person insured by the contract" should be interpreted to include third-party claimants. Waypoint offers several arguments in support. First, Waypoint argues that the text and legislative history of La. R.S. 22:1973 suggest that subsection (B)(5) allows for claims by third parties.[27] Waypoint relies on the

---

[22] LA. REV. STAT. § 22:1973 (2012) (emphases added).
[23] R. Doc. 316 at 310.
[24] § 22:1973.
[25] R. Doc. 316 at 11.
[26] *See, e.g., Thompson v. GuideOne Mut. Ins.* Co., 2015 WL 4875923, at *2 (E.D. La. Aug. 13, 2015); *Toerner v. Henry*, 2000-2934 (La. App. 1 Cir. 2/15/02), 812 So.2d 755; *Langsford v. Flattman*, 864 So. 2d 149, 151 (La. 2004); *Woodruff v. State Farm Ins. Co.*, 767 So. 2d 785 (La. App. 4 Cir. 2000*); Celestine v. State Farm Mut. Auto. Ins. Co.*, 735 So. 2d 1 (La. App. 3 Cir. 1998).
[27] R. Doc. 316 at 5.

*Gauthier v. Travelers Ins. Co.*, a case in which this court allowed a third-party claimant to assert a claim under subsection (B)(5).[28]

Second, Waypoint attempts to distinguish the present matter from *Langsford v. Flattman*, a case in which the Louisiana Supreme Court ruled that subsection (B)(5) did not permit a claim by a third party injured in an automobile accident against the other driver's insurance company.[29] Waypoint argues that *Langsford* is limited to automobile accident cases, and thus Louisiana law has left open a class of third party beneficiaries—including third-party claimants making a claim on a professional liability policy—who may bring claims under subsection (B)(5).[30]

Third, Waypoint argues that Catlin's interpretation of La. R.S. 22:1973 would render the provision superfluous, because Louisiana law already provides for a cause of action for insured claimants against their insurers in La. R.S. 22:1892(A).[31] The law provides, "All insurers issuing any type of contract . . . shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest."[32] The section further provides,

> "Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor . . . shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater. . ."[33]

According to Waypoint, if subsection (B)(5) claims were limited to those insured under a policy, subsection (B)(5) would serve no useful purpose.

---

[28] *Gauthier v. Travelers Ins. Co.*, 1998 WL 373405 (E.D. La. Jul. 2, 1998).
[29] *Langsford v. Flattman*, 2003-0189 (La. 1/21/04).
[30] R. Doc. 316 at 8.
[31] R. Doc. 316 at 9.
[32] LA. REV. STAT. ANN. § 22:1892(A)(1).
[33] LA. REV. STAT. ANN. § 22:1892(B).

After reviewing the supplemental briefs, the statutes in question, and the governing case law, and accepting all Third-Party Plaintiff's factual allegations as true, the Court finds that Waypoint is not entitled to seek recovery pursuant to La. R.S. 22:1973(B)(5). The plain language of the provision provides that relief is only available to "any person insured by a contract."[34] Waypoint is not insured by the insurance policy in question. Louisiana courts have overwhelmingly confirmed this interpretation.[35] To the extent that this court held otherwise in *Gauthier*, the holding in that case has been abrogated by subsequent Louisiana state court decisions, including *Langsford v. Flattman*.[36] Further, the Court disagrees with Waypoint's interpretation of *Langsford*, finding no principled distinction between automobile insurance policies and professional liability insurance policies under these circumstances.

Nor does Catlin's interpretation of subsection (B)(5) render La. R.S. 22:1982 superfluous. Although Waypoint is correct that La. R.S. 22:1892 also provides a cause of action for an insured against insurer, that section is distinguishable from La. R.S. 22:1973.[37] For example, La. R.S. 22:1892 allows for a claim to be brought after 30 days, while La. R.S. 22:1973 permits claims after only 60 days. Also, La. R.S. 22:1892 imposes

---

[34] LA. REV. STAT. ANN. § 22:1973(B)(5).
[35] See *Toerner v. Henry*, 2000-2934 (La. App. 1 Cir. 2/15/02); 812 So.2d 755, 758 ; *Woodruff v. State Farm Ins. Co.*, 1999-2818 (La. App. 4 Cir. 6/14/00); 767 So.2d 785, 788; *Celestine v. State Farm Mut. Auto. Ins. Co.*, 98-578 (La. App. 3 Cir. 12/30/98); 735 So.2d 1, 4; *Venible v. First Financial Ins. Co.*, 97-2495 (La. App. 4 Cir. 8/26/98); 718 So.2d 586, 588–89; *Smith v. Midland Risk Ins. Co.*, 29-793 (La. App. 2 Cir. 9/24/97); So.2d 1192, 1197. *See also Pontchartrain Gardens, Inc. v. State Farm Gen. Ins. Co.*, 2009 WL 86671, at *6–7 (E.D. La. Jan. 13, 2009) (Vance, C.J.).
[36] *See, e.g., Langsford v. Flattman*, 2003-0189 (La. 1/21/04); 864 So. 2d 149. *See Celestine v. State Farm Mut. Auto. Ins. Co.*, 98-578 (La. App. 3 Cir. 12/30/98); 735 So.2d 1, 4 (Saunders, J., dissenting) (citing *Gauthier*).
[37] *See Calogero v. Safeway Ins. Co. of Louisiana*, 99-1625 (La. 1/19/00); 753 So.2d 170, 173 ("We have previously recognized the close relationship between the conduct prohibited in La. R.S. 22:658, subd. A(1) and the conduct prohibited in La. R.S. 22:1220, subd. B(5). In fact, the conduct prohibited is virtually identical, i.e., failure to timely pay a claim after receiving satisfactory proof of loss when that failure to pay is arbitrary, capricious or without probable cause. The primary difference is that under La. R.S. 22:658, subd. A(1), the insurer must pay the claim within 30 days of receiving satisfactory proof of loss, rather than the longer 60-day period allowed under La. R.S. 22:1220, subd. B(5).").

less severe penalties—an additional fifty percent of the amount of the loss, or $1,000, whichever is greater.[38] In contrast, La. R.S. 22:1973 permits recovery of two times the damages sustained, or $5,000, whichever is greater.[39] Further, as Louisiana courts hold that recovery under La. R.S. 22:1973 supersedes recovery under La. R.S. 22:1892 such that an insured cannot recover under both statutes,[40] the two provisions are complementary, rather than redundant. In short, La. R.S. 22:1892 does not support Waypoint's interpretation of La. R.S. 22:1973.

Accordingly;

**IT IS ORDERED** that the motion by Catlin Insurance Company, Inc., is hereby **GRANTED**. Waypoint NOLA, L.L.C.'s claim for statutory penalties pursuant to La. R.S. 22:1973 is dismissed with prejudice.

**New Orleans, Louisiana, this 5th day of December, 2017.**

                                             */s/ Susie Morgan*
                                     **SUSIE MORGAN**
                         **UNITED STATES DISTRICT JUDGE**

---

[38] LA. REV. STAT. ANN. § 22:1892(B)(1).
[39] LA. REV. STAT. ANN. § 22:1973(C).
[40] *See Calogero v. Safeway Ins. Co. of Louisiana*, 1999-1625 (La. 1/19/00); 753 So. 2d 170.