# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TEAM CONTRACTORS, L.L.C.,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-1131** |
| **WAYPOINT NOLA, L.L.C., ET AL.,**<br>    **Defendants** | **SECTION: "E"(2)** |

## ORDER

Before the Court is Defendant Waypoint NOLA, L.L.C.'s ("Waypoint") motion to amend the Court's December 5, 2017 Order and Reasons to include a statement allowing interlocutory review.[1] The motion is opposed.[2] For the reasons to follow, the motion is **DENIED**.

On February 5, 2016, Plaintiff Team Contractors, L.L.C. filed a complaint against Defendants HC Architecture, Inc., KLG, L.L.C., and Waypoint NOLA, L.L.C.[3] Catlin Insurance Company, Inc. ("Catlin") was subsequently named as a third party defendant by Waypoint.[4] On December 5, 2017, the Court dismissed Waypoint's claim against Catlin on the grounds that Louisiana Revised Statute 22:1973(B)(5) did not allow recovery for third-party claimants.[5] Waypoint was not insured by the insurance policy in question, but rather asserted a claim as a third party.[6] The Court determined that as the plain language of the statute limited recover to "any person insured by a contract," Waypoint was unable to assert a claim under La. R.S. 22:1973(B)(5).[7] The Court therefore dismissed Waypoint's third party claim against Catlin.

---

[1] R. Doc. 321.
[2] R. Doc. 322.
[3] R. Doc. 1.
[4] R. Doc. 14.
[5] R. Doc. 320.
[6] *See* R. Doc. 320 at 3-7.
[7] *See* LA. REV. STAT. ANN. § 22:1973 (2012).

1

In this motion, Waypoint seeks amendment of the Order and Reasons to allow for interlocutory review of the order pursuant to 28 U.S.C. § 1292(b).[8] 28 U.S.C. § 1292(b) allows a party to request appellate review of a district court's order or judgment during litigation rather than wait until the end of the case on appeal.[9] Interlocutory review is allowed if: (1) the order or judgment involves a controlling question of law; (2) substantial ground for difference of opinion on the question of law exists; and (3) immediate appeal from the order or judgment may materially advance the ultimate termination of the litigation.[10] The moving party bears the burden of establishing that interlocutory appeal is appropriate.[11] It is within the Court's discretion to certify an order for interlocutory appeal under Section 1292(b).[12] Interlocutory appeals are "exceptional" and should not be granted "'simply to determine the correctness' of a ruling."[13]

Waypoint attempts to create an unsettled question of law by distinguishing the present matter from *Langsford v. Flattman*, the most recent Louisiana Supreme Court case interpreting the La. R.S. §22:1973.[14] In *Langsford*, the Louisiana Supreme Court ruled that sub-section (B)(5) of that provision did not permit a claim by a third party injured in automobile accident against the other driver's insurance company.[15] Waypoint

---

[8] 28 U.S.C. § 1292(b).
[9] *Id.*
[10] *Id.*
[11] *U.S. ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.*, 668 F. Supp. 2d 780, 813 (E.D. La. 2009).
[12] *Waste Mgmt. of Louisiana, L.L.C. v. Parish*, No. 13-6764, 2014 WL 5393362, at *3 (E.D. La. Oct. 22, 2014) ("This Court has the discretion to certify its Order and Reasons for interlocutory appeal under 28 U.S.C. § 1292(b)."); *In re Chinese Manufactured Drywall Products Liab. Litig.*, No. 09-4115, 2012 WL 4928869, at *7 (E.D. La. Oct. 16, 2012) (same); *Copelco Capital, Inc. v. Gautreaux*, No. CIV. A. 99-850, 1999 WL 729248, at *1 (E.D. La. Sept. 16, 1999) ("The trial judge has substantial discretion in deciding whether or not to certify questions for interlocutory appeal."); *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995) ("Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals.").
[13] *Gulf Coast Facilities Mgmt., LLC v. BG LNG Servs., LLC*, 730 F. Supp. 2d 552, 565 (E.D. La. 2010) (quoting *Clark–Dietz & Associates–Engineers, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 67–69 (5th Cir. 1983)).
[14] *Langsford v. Flattman*, 2003-0189 (La. 1/21/04); 864 So. 2d 149.
[15] *Langsford*, 864 So. at 151.

argues that *Langsford* is limited to automobile accident cases, and thus Louisiana law has left open a class of third party beneficiaries—including professional liability third-party claimants—that may bring claims under sub-section 1973(B)(5).[16]

The Court finds, however, that no "substantial ground for difference of opinion on the question of law exists" as to the December 5, 2017 Order and Reasons.[17] As explained by the Court, the plain language of the provision indicates that relief is only available to "any person insured by a contract."[18] Third parties are, by definition, not insured by the insurance policy. Louisiana state courts overwhelmingly confirm this interpretation.[19] Moreover, the Court is not persuaded that the Louisiana Supreme Court's holding in *Langsford* is restricted to automobile insurance cases. The Louisiana Supreme Court in no way limits its interpretation of La. R.S. §22:1973 to automobile cases. To the contrary, the court cautions that the statute "must be strictly construed in favor of a limited expansion of third party rights rather than a drastic expansion of such rights."[20]

Accordingly;

**IT IS ORDERED** that Waypoint NOLA, L.L.C.'s motion to amend is **DENIED**.

**New Orleans, Louisiana, this 25th day of January, 2018.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[16] R. Doc. 316 at 8.
[17] *Id.*
[18] LA. REV. STAT. ANN. § 22:1973(B)(5).
[19] *See Toerner v. Henry*, 2000-2934 (La. App. 1 Cir. 2/15/02); 812 So.2d 755, 758 ; *Woodruff v. State Farm Ins. Co.*, 1999-2818 (La. App. 4 Cir. 6/14/00); 767 So.2d 785, 788; *Celestine v. State Farm Mut. Auto. Ins. Co.*, 98-578 (La. App. 3 Cir. 12/30/98); 735 So.2d 1, 4; *Venible v. First Financial Ins. Co.*, 97-2495 (La. App. 4 Cir. 8/26/98); 718 So.2d 586, 588–89; *Smith v. Midland Risk Ins. Co.*, 29-793 (La. App. 2 Cir. 9/24/97); So.2d 1192, 1197. *See also Pontchartrain Gardens, Inc. v. State Farm Gen. Ins. Co.*, 2009 WL 86671, at *6–7 (E.D.La. Jan. 13, 2009) (Vance, C.J.).
[20] *Langsford*, 864 So. at 151.