UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TEAM CONTRACTORS, L.L.C., **Plaintiff** | CIVIL ACTION |
| VERSUS | NO. 16-1131 |
| WAYPOINT NOLA, L.L.C., ET AL., **Defendants** | SECTION: "E"(2) |

## ORDER AND REASONS

Before the Court is Plaintiff Team Contractors, L.L.C.'s Motion to Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[1] The motion is opposed.[2] For the following reasons, the Court construes Plaintiff's motion as a motion for a new trial pursuant to Rule 49(a) of the Federal Rules of Civil Procedure. It is ordered that Plaintiff's motion is **GRANTED**. The Court's March 19, 2018 judgment for Defendant Waypoint NOLA, L.L.C. on Team's breach of contract claim is **VACATED**.[3]

## FACTUAL AND PROCEDURAL BACKGROUND

On February 5, 2016, Plaintiff Team Contractors, L.L.C. ("Team") filed a complaint against Defendants HC Architecture, Inc. ("HCA"), KLG, L.L.C. ("KLG"),[4] and Waypoint NOLA, L.L.C. ("Waypoint").[5] Plaintiff Team alleged it entered into a construction contract with Defendant Waypoint to construct and renovate portions of Waypoint's property at 1250 Poydras St. in New Orleans.[6] Team alleged there were errors in the plans and specifications provided by Waypoint for the mechanical, electrical, and plumbing

---

[1] R. Doc. 372.
[2] R. Doc. 385.
[3] R. Doc. 370.
[4] Defendant KLG informed the Court in its answer that it is now known as Salas O'Brien South, L.L.C. R. Doc. 34. The parties continued to refer to it as KLG. The Court will continue to do so in this order.
[5] R. Doc. 1.
[6] *Id.* at 2, ¶ 7.

1

("MEP") systems relating to the construction project.[7] Team also alleged Waypoint directed it to modify the MEP systems, but did not compensate Team for the additional costs Team incurred as a result of the modifications.[8] Plaintiff Team brought a breach of contract claim against Waypoint, alleging Waypoint's failure to compensate Team breached the construction contract.[9] Team brought a negligence claim against Waypoint, alleging Waypoint was negligent in failing to "approve and/or process change order proposals" for the MEP systems modifications.[10] Plaintiff Team also brought negligence claims against Defendants HCA and KLG, alleging HCA and KLG breached their professional duties of care by designing and approving the faulty MEP plans and specifications.[11] All Plaintiff's claims were brought pursuant to Louisiana law.[12]

This Court conducted a jury trial in this matter from February 26, 2018 to March 9, 2018. There were three remaining claims at trial: Plaintiff Team's breach of contract claim against Defendant Waypoint and Team's negligence claims against Defendants HCA and KLG.[13] Team did not pursue a negligence claim against Waypoint at trial.[14] After negotiations about the jury verdict form, the parties agreed to a verdict form with twelve questions on the three claims.[15] The Court's jury instructions laid out the elements of each of the three claims.[16]

On the negligence claims against Defendants HCA and KLG, the jury found their conduct violated their professional duties of care, and their conduct caused damage to

---

[7] *Id.* at 3, ¶ 16.
[8] *Id.* at 4–5.
[9] *Id.* at 5.
[10] *Id.* at 5–6, ¶ 33.
[11] *Id.* at 6–7.
[12] *Id.*
[13] R. Doc. 364.
[14] *Id.*
[15] *Id.*
[16] R. Doc. 367.

Plaintiff Team.[17] On the breach of contract claim against Defendant Waypoint, the jury checked "NO" when asked if it had "been shown by a preponderance of the evidence that Waypoint breached the contract."[18] The jury followed the instructions provided and left blank the next question, which asked whether the breach "cause[d] damage to Team."[19] The verdict awarded Team $565,979,99 in damages.[20] Although the jury found Waypoint did not breach its contract, the jury assigned Waypoint and its agent responsibility for damages.[21] When assigning "percentages of responsibility for the damages" awarded, the jury assigned 30% to HCA, 60% to KLG, 5% to Waypoint, and 5% to Waypoint's agent Steve Laski, who was not a party to the suit.[22] No objections to the verdict were entered before the jury was discharged.[23]

On March 19, 2018, the Court entered judgment on the verdict against Defendants HCA and KLG for $509,381.99, representing 90% of the total damages the jury awarded.[24] The Court entered judgment in favor of Defendant Waypoint on the breach of contract claim.[25]

On April 2, 2018, Plaintiff Team filed a timely Motion to Amend the Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[26] Team argues the jury's finding that Defendant Waypoint did not breach its contract with Team was irreconcilably inconsistent with its assigning Waypoint and its agent responsibility for damages.[27] Team

---

[17] R. Doc. 364 at 1, ¶ 1–4.
[18] *Id.* at 2, ¶ 6.
[19] *Id.* at 2, ¶ 6–7.
[20] *Id.* at 3, ¶ 8.
[21] *Id.* at 4, ¶ 9.
[22] *Id.*
[23] R. Doc. 410 at 9.
[24] R. Doc. 370.
[25] *Id.*
[26] R. Doc. 372.
[27] R. Doc. 372-1.

3

requests the Court amend the judgment and enter judgment against Waypoint.[28] On April 24, 2018, Defendant Waypoint filed its opposition to Plaintiff's motion.[29] Waypoint argues the verdict is clear, but does not address the jury's assigning it responsibility for damages.[30]

At Plaintiff Team's request,[31] the Court granted oral argument on the motion.[32] The hearing was held on June 12, 2018.[33] On June 19, 2018, both parties filed supplemental memoranda.[34] On June 25, 2018, Team filed a post-hearing memorandum in support of its Motion to Amend Judgment.[35] On July 5, 2018, Waypoint filed its response.[36] On August 17, 2018, Waypoint filed further supplemental briefing addressing whether the verdict form was a special verdict form or a general verdict form with special interrogatories pursuant to Rule 49 of the Federal Rules of Civil Procedure.[37]

## LAW AND ANALYSIS

Team brings its motion to amend under Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) is not the appropriate vehicle to challenge the consistency of a jury verdict. As a result, the Court construes Team's motion as a motion for a new trial pursuant to Rule 49 of the Federal Rules of Civil Procedure. The Court first addresses whether the verdict was a special verdict under Rule 49(a) or a general verdict with written questions under Rule 49(b). The Court then turns to the inconsistencies in the jury verdict form. The Court concludes the jury's finding Waypoint did not breach its

---

[28] R. Doc. 372.
[29] R. Doc. 385.
[30] *Id.*
[31] R. Doc. 375.
[32] R. Doc. 378.
[33] R. Doc. 398.
[34] R. Docs. 399, 400.
[35] R. Doc. 404.
[36] R. Doc. 409.
[37] R. Doc. 417.

contract is irreconcilable with its finding Waypoint liable for damages. As a result, the Court grants a new trial on the limited issue of Waypoint's alleged breach of contract.

**I. Rule 59(e) does not provide Team a remedy for an allegedly inconsistent jury verdict.**

Team moves to amend the Court's judgment under Rule 59(e).[38] A Rule 59(e) motion "calls into question the correctness of a judgment."[39] To prevail on a Rule 59(e) motion, the movant must establish at least one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error in law or fact.[40] Team does not discuss any of these standards in its motion or subsequent briefing. The only standard which possibly could apply to this case is the third, *i.e.*, whether inconsistencies in the jury verdict form amount to a manifest error in law or fact.

"Manifest error" is one that "is plain and indisputable, and that amounts to a complete disregard of the controlling law."[41] Team cites no Fifth Circuit cases suggesting jury verdict inconsistencies constitute a manifest error in law or fact. A motion pursuant to Rule 59(e) is not the appropriate vehicle to remedy jury verdict inconsistencies. Rather, the Fifth Circuit considers challenges to inconsistent jury verdicts under Rule 49 of the Federal Rules of Civil Procedure.[42] Rule 49 explicitly allows a trial court to grant a new trial,[43] and the Fifth Circuit consistently remands cases with inconsistent verdicts for new

---

[38] R. Doc. 372.
[39] *See, e.g., In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002).
[40] *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). *See also Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Norris v. Causey*, No. 14-1598, 2016 WL 311746, at *4 (E.D. La. Jan. 26, 2016).
[41] *See, e.g., Pechon v. La. Dep't of Health and Hospitals*, No. 08-0664, 2009 WL 2046766, at *4 (E.D. La. July 14, 2009) (quoting *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004); *Bank One, Texas, N.A. v. F.D.I.C.*, 16 F. Supp. 2d 698, 713 (N.D. Tex. 1998) ("[A] manifest error is an obvious mistake or departure from the truth.") (internal quotation marks omitted)).
[42] *See, e.g., Blackwell v. Cities Serv. Oil Co.*, 532 F.2d 1006 (5th Cir. 1976); *Stancill v. McKenzie Tank Lines, Inc.*, 497 F.2d 529 (5th Cir. 1974).
[43] FED. R. CIV. PRO. 49(b)(3)(C); 49(b)(4).

trials pursuant to Rule 49.[44] The Court construes Team's Motion to Amend Judgment as a Rule 49 motion for a new trial.

**II.     The jury verdict is a special verdict pursuant to Rule 49(a).**

Rule 49 of the Federal Rules of Civil Procedure contemplates two types of jury verdicts: special verdicts pursuant to Rule 49(a) and general verdicts with answers to written questions pursuant to Rule 49(b). A special verdict form requires a jury to return "a special written finding on each issue of fact," and may consist of "written questions susceptible of a categorical or other brief answer."[45] A general verdict form allows a jury to "render a general verdict" and may be accompanied by "written questions on one or more issues of fact that the jury must decide."[46] The Fifth Circuit has not laid out a bright line rule to distinguish general and special verdicts.[47] As a result, district courts categorizing a verdict as general or special reason by analogy to previous cases.[48]

In *McDaniel v. Anheuser-Busch, Inc.*,[49] the Fifth Circuit analyzed under Rule 49 a verdict form including the following questions:

- Did the negligence, if any, of those named below proximately cause the injury in question?
- For each person found by you to have caused the injury in question, find the percentage caused by—[each party]
- Do you find from a preponderance of the evidence that on the occasion in question that [one party's] failure, if any, was negligent?

---

[44] *See, e.g.*, *Blackwell*, 532 F.2d 100 at 1008. Although the Rule 49 sections permitting a trial court to grant a new trial are found only in Rule 49(b), the Fifth Circuit also remands Rule 49(a) cases with inconsistent special verdicts to district court for new trials. *See, e.g.*, *Mercer v. Long MFG. N.C., Inc.*, 665 F.2d 61, 71 (5th Cir. 1980) (holding a Rule 49(a) case "must be remanded for a new trial.").
[45] FED. R. CIV. PRO. 49(a).
[46] FED. R. CIV. PRO. 49(b)(1).
[47] *See Richard's Paint and Body Shop, LLC v. BASF Corp.*, No. 11-560, 2012 WL 5399059 at *8 n.12 (W.D.Tex. Nov. 5, 2012) ("[T]he law regarding whether any particular question is properly characterized as a 'special' or 'general' verdict is all over the board[;] . . . most verdicts simply do not fit well into either category.").
[48] *See, e.g., id.*
[49] 987 F.2d 298 (5th Cir. 1993).

- Do you find from a preponderance of the evidence that such negligence, if any, was a proximate cause of the Plaintiff's injuries?[50]

The court concluded with little analysis the verdict form was a Rule 49(a) special verdict.[51] Like the Rule 49(a) special verdict in *McDaniel*, the verdict in this case did not simply constitute a general finding in favor of one party. Rather, it included findings on the factual issues of negligence and comparative fault.

In *Wavelinq, Inc. v. JDS Lightwave Products Grp., Inc.*,[52] the Fifth Circuit held a verdict with separate questions addressing different breach-of-contract theories and separate damages attributable to each alleged breach to be a Rule 49(a) special verdict.[53] On the breach of contract claim against Waypoint, the jury specifically found Waypoint did not breach the contract.[54] Like the Rule 49(a) special verdicts in *Wavelinq*, the verdict included findings on the factual issue of breach of contract.

Because the jury verdict included separate factual findings on all claims, the Court finds the verdict is a special verdict pursuant to Rule 49(a) of the Federal Rules of Civil Procedure.

---

[50] *Id.* at 307.
[51] *Id.* Similarly, in *Guidry v. Kem Mfg. Co.*, 598 F.2d 402, 407–08 (5th Cir. 1979), the Fifth Circuit concluded the following questions were part of a Rule 49(a) special verdict:
1. Was the product supplied by defendant Kem Manufacturing Company (Kem) defective, or did defendant Kem breach its implied warranty or negligently fail to warn plaintiff, in a manner which was a proximate cause of injury to plaintiff Mr. Guidry?
. . .
7. Was third-party defendant Kem Manufacturing Company actively negligent in a manner which was a proximate cause of injury to plaintiff?

*Id.* at 404–05. The court in Guidry did not explain its conclusion at length, but noted "[t]he trial court required the jury to return a special verdict . . . by answering separate interrogatories relating to the plaintiff's against each defendant and additional questions arising out of the cross-claims." *Id.* at 403–04.
[52] 289 Fed. Appx. 755, 2008 WL 3540200 at *2, 5 (5th Cir. Aug. 14, 2008) (unpublished opinion).
[53] The Fifth Circuit has even found a verdict that required the jury to make separate findings as to liability for breach of warranty, deceptive trade practices, and strict liability to be a special verdict form. *Mercer*, 665 F.2d at 64 n.8.
[54] R. Doc. 364 at 2, ¶ 6.

### III. The verdict is irreconcilably inconsistent as to Waypoint.

Team moves for relief from the Court's entry of judgment on an allegedly inconsistent verdict.[55] In the Fifth Circuit, a party that fails to object to an inconsistent jury verdict before the jury is discharged does not waive its right to object if the verdict is a Rule 49(a) special verdict.[56] Team has not waived its right to object to inconsistencies in the verdict.[57]

"The test for determining whether jury answers to special verdicts are inconsistent is well-established in this Circuit."[58] The relevant inquiry is "whether the [jury's] answers may fairly be said to represent a logical and probable decision on the relevant issues as submitted."[59] The Court is "required under the Seventh Amendment to make a concerted effort to reconcile apparent inconsistencies if at all possible."[60] "The special verdicts 'must be construed in light of the surrounding circumstances' of the case."[61] The "constitutional mandate to create consistency requires that [the Court] look beyond the face of the interrogatories to the court's instructions as well."[62] Even when "[o]n the surface, there

---

[55] R. Doc. 372.
[56] *See Mercer*, 671 F.2d at 947 ("Neither FED. R. CIV. P. 49(a) nor the law of this Circuit has established any such rule of waiver); *Alverez v. J. Ray McDermott & Co.*, 674 F.2d 1037, 1040 (5th Cir. 1982) (same).
[57] If the verdict is a general verdict pursuant to Rule 49(b), there is support in Fifth Circuit caselaw for the proposition that a party need not object before the jury is discharged to preserve its right to object to a general jury verdict inconsistent with special interrogatories. *See Richard's Paint and Body Shop*, 2012 WL 5399059 at *2–5 (summarizing the conflicting cases). *Compare Blackwell*, 532 F.2d at 1008 ("When a case is submitted to the jury in the form a general verdict with special interrogatories, if the answers to the interrogatories are inconsistent with the verdict, the trial judge . . . may not enter judgment on a verdict inconsistent with the interrogatories.") *with Stancill*, 497 F.2d at 534 ("By failing to object to the form of the verdict and answers at the time they were announced by the jury, both parties waived any objection to inconsistencies under Rule 49(b)."). The language of FED. R. CIV. P. 49(b)(4) states a court considering inconsistent answers "must direct the jury to further consider its answers and verdict, or must order a new trial." The language of Rule 49(b) does not contemplate waiver. The Court finds that, even if the verdict were a general verdict under Rule 49(b), Team's right to object has not been waived.
[58] *Mercer*, 665 F.2d at 65.
[59] *Id.* (quoting *Griffin v. Matherne*, 471 F.2d 911, 915 (5th Cir. 1973)).
[60] *Id.* (citations omitted).
[61] *Ellis v. Weasler Eng'g Inc.*, 258 F.3d 326, 343 (5th Cir. 2001) (quoting *Wright v. Kroeger Corp.*, 422 F.2d 176, 178 (5th Cir. 1970)).
[62] *Carr v. Wal-Mart Stores, Inc.*, 312 F.3d 667, 672 (5th Cir. 2002) (quoting *Alverez*, 674 F.2d at 1040).

appears to be no conflict" in the verdict, the Court may find an inconsistency when it looks "to the actual instructions in the jury charge."[63]

Team's only claim at trial against Waypoint was a breach of contract claim. The jury instructions state:

> "If Team has proved its breach of contract claim against Waypoint by a preponderance of the evidence, [the jury] must determine the damages to which Team is entitled under the contract . . . If Team is not entitled to damages under the contract, or if Team gave up its right to recover such damages, then Team cannot recover damages from Waypoint.[64]

Despite these instructions, the jury found Waypoint did not breach the contract, but found Waypoint and its agent were 10% responsible for damages.[65]

In *Dawson v. Gen. Motors Corp.*,[66] a jury given a Rule 49(a) special verdict form found a defendant was not causally negligent, but found the same defendant 5% responsible for the plaintiffs' injuries. The Fifth Circuit was "simply unable to reconcile the jury's findings" and ordered a new trial.[67] Similar to the jury in *Dawson*, the jury in this case found no breach of contract but assigned responsibility to Waypoint for damages. The Court is simply unable to reconcile the jury's findings as to Waypoint.[68]

---

[63] *Mercer*, 665 F.2d at 66.
[64] R. Doc. 367 at 26.
[65] R. Doc. 364 at 2, ¶ 6; 4, ¶ 9.
[66] No. 94-40779, 1995 WL 17788765 (5th Cir. Aug. 18, 1995).
[67] *Id.* at *1 (citing *Bonin v. Tour West, Inc.*, 896 F.2d 1260, 1263 (10th Cir. 1990)); *see also Richard v. Firestone*, 858 F.2d 1258 (5th Cir. 1988) (upholding a trial court's resubmitting to the jury a Rule 49(b) general verdict form that found a product did not cause a plaintiff's injury but assigned the defendant 10% of the fault).
[68] Waypoint argues *Smith v. Tidewater Marine Towing, Inc.*, 927 F.2d 838 (5th Cir. 1991) provides a blueprint for reconciling the conflicting answers. *Smith* is inapposite. In *Smith*, the jury found a defendant in a maritime personal injury case not negligent, but misunderstood the verdict form and erroneously continued answering questions about damages. *Id.* at 842–43. The jury assigned percentages of responsibility to two separate accidents, which the court found could be reconciled with its finding of lack of liability. *Id.* In *Smith*, the jury's answers reflected a consistent theory of the case: the defendant was not negligent, but the plaintiff did suffer injuries from two accidents. *Id.* "The potential inconsistency obviously arose from the jury's misreading of the notes to the interrogatories." *Id.* at 843. Unlike *Smith*, the jury's inconsistent verdicts in this case arose not from a misreading of the verdict form, but from confusion about the case. The verdict cannot be reconciled.

The Court finds the jury's findings on Team's claim against Waypoint irreconcilably inconsistent. As a result, Team's Motion to Amend Judgment is construed as a motion for new trial on the limited issue of Waypoint's liability for breach of contract and is **GRANTED**.[69] The judgment for Waypoint on Team's breach of contract claim is **VACATED**.[70]

## CONCLUSION

**IT IS ORDERED** that the Motion to Amend Judgment filed by Plaintiff Team Contractors, L.L.C. ("Team"), construed as a motion for a new trial on its breach of contract claim against Defendant Waypoint NOLA, L.L.C. ("Waypoint"), be and hereby is **GRANTED**.[71]

**IT IS FURTHER ORDERED** that the Court's judgment for Defendant Waypoint on Plaintiff Team's breach of contract claim be and hereby is **VACATED**.[72]

**IT IS FURTHER ORDERED** that Defendant Waypoint's Motion for Attorney's Fees be and hereby is **DENIED AS MOOT**.[73]

**New Orleans, Louisiana, this 6th day of September, 2018.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[69] R. Doc. 372.
[70] R. Doc. 370.
[71] R. Doc. 372.
[72] R. Doc. 370.
[73] R. Doc. 373.