UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| TEAM CONTRACTORS, L.L.C., | CIVIL ACTION |
| Plaintiff | |
| VERSUS | NO. 16-1131 |
| WAYPOINT NOLA, L.L.C., et al., | SECTION: "E"(2) |
| Defendants | |

## ORDER AND REASONS

Before the Court is a Motion for Reconsideration of its Order of September 6, 2018[1], filed by Defendant Waypoint NOLA, L.L.C. ("Waypoint").[2] For the following reasons, the Court **DENIES** Defendant's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 5, 2016, Plaintiff Team Contractors, L.L.C. ("Team") filed a complaint against Defendants Waypoint, HC Architecture, Inc. ("HCA"), and KLG, L.L.C. ("KLG").[3] Team brought a breach of contract claim and a negligence claim against Waypoint, arising out of an alleged violation of a construction contract between the parties.[4] This Court conducted a jury trial in this matter from February 26, 2018 to March 9, 2018.[5] Team did not pursue a negligence claim against Waypoint at trial.[6] The jury found it had not "been shown by a preponderance of the evidence that Waypoint breached the contract,"[7] but assigned Waypoint and its agent 10% responsibility for damages.[8] No party entered objections to the verdict before the jury was discharged.[9]

---

[1] R. Doc. 420.
[2] R. Doc. 422.
[3] R. Doc. 1. Defendant KLG informed the Court in its answer that it is now known as Salas O'Brien South, L.L.C. R. Doc. 34. The parties continued to refer to it as KLG.
[4] *Id.* at 5–6.
[5] R. Docs. 347, 363.
[6] R. Doc. 364.
[7] *Id.* at 2, ¶ 6.
[8] *Id.* at 4, ¶ 9.
[9] R. Doc. 410 at 9.

On March 19, 2018, the Court entered judgment in favor of Waypoint on the breach of contract claim.[10] On April 2, 2018, Team filed a timely Motion to Amend the Judgment.[11] Waypoint opposed,[12] and the Court granted oral argument on the motion.[13] The hearing was held on June 12, 2018.[14] On June 19, 2018, both parties filed supplemental memoranda.[15] On June 25, 2018, Team filed a post-hearing memorandum in support of its Motion to Amend Judgment.[16] On July 5, 2018, Waypoint filed its response.[17] On August 17, 2018, Waypoint filed further supplemental briefing.[18] Team and Waypoint submitted extensive briefing on the difference between special jury verdicts under Rule 49(a) of the Federal Rules of Civil Procedure and general verdicts under Rule 49(b) and on whether the jury verdict in this case is irreconcilably inconsistent.

On September 6, 2018, the Court entered an order construing Team's Motion to Amend the Judgment as a motion for a new trial pursuant to Rule 49(a).[19] The Court found the jury verdict was a special verdict under Rule 49(a), not a general verdict under Rule 49(b).[20] The Court also found, pursuant to Fifth Circuit caselaw, that the jury verdict was irreconcilably inconsistent as to Waypoint because the jury found Waypoint had not breached the contract, but the jury found Waypoint and its agent 10% responsible for damages.[21]

---

[10] R. Doc. 370.
[11] R. Doc. 372.
[12] R. Doc. 385.
[13] R. Doc. 378.
[14] R. Doc. 398.
[15] R. Docs. 399, 400.
[16] R. Doc. 404.
[17] R. Doc. 409.
[18] R. Doc. 417.
[19] R. Doc. 420.
[20] R. Doc. 420 at 6–7.
[21] *Id.* at 8–10.

Waypoint filed the instant motion on September 25, 2018.[22] Waypoint argues the Court "already reconciled the verdict" in discussions on the record during the trial.[23] Waypoint then repeats its arguments that the verdict should be reconciled in Waypoint's favor, the verdict is a general verdict under Rule 49(b), and Team waived its right to object to the general verdict form.[24]

**LAW AND ANALYSIS**

A motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."[25] A motion for reconsideration, however, "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'"[26] "The Court is mindful that '[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'"[27] "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."[28]

In deciding motions under the Rule 59(e) standards, the courts in this district have considered the following factors:

(1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;
(2) whether the movant presents new evidence;

---

[22] R. Doc. 422.
[23] R. Doc. 422-1.
[24] *Id.* at 11–19.
[25] *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir.2003) (citations omitted) (internal quotation marks omitted).
[26] *Lacoste v. Pilgrim Int'l*, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009) (Vance, J.) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).
[27] *Castrillo*, 2010 WL 1424398, at *4 (alteration in original) (quoting *Templet*, 367 F.3d at 479).
[28] *Lightfoot v. Hartford Fire Ins. Co.*, No. 07-4833, 2012 WL 711842, at *3 (E.D. La. Mar. 5, 2012) (Brown, J.).

3

(3) whether the motion is necessary in order to prevent manifest injustice; and
(4) whether the motion is justified by an intervening change in the controlling law.[29]

Waypoint does not present new evidence or argue there was an intervening change in the controlling law. As a result, the Court addresses whether its Order of September 6, 2018 was based on a manifest error of law and whether reconsideration is necessary to prevent manifest injustice.

### I. The Court's Order of September 6, 2018 is not based on a manifest error of law.

In its motion, Waypoint repeats the arguments it made in its briefing before the Court's order that the verdict is reconcilable and that it is a general verdict pursuant to Rule 49(b) of the Federal Rules of Civil Procedure. Waypoint cites to several cases it did not cite in its previous briefing to establish that the Court's ruling was manifestly erroneous.[30]

Waypoint cites *Alverez v. J. Ray McDermott & Co., Inc.*,[31] a maritime personal injury case in which the Fifth Circuit upheld a district court's entry of judgment consistent with a Rule 49(a) verdict.[32] The *Alverez* jury found the defendant's conduct a producing cause, but not a proximate cause, of the plaintiff's injuries and found the defendant responsible for 90% of the plaintiff's injuries.[33] The Fifth Circuit found these responses consistent: the jury understood that the unseaworthiness proximate cause standard was

---

[29] *Castrillo*, 2010 WL 1424398, at *4. The Court notes that the time limits of Rule 59 do not apply in this matter because the order appealed is interlocutory. Rules 59 and 60 set forth deadlines for seeking reconsideration of final judgments. *See Carter v. Farmers Rice Milling Co., Inc.*, 33 F. App'x 704 (5th Cir. 2002); *Lightfoot*, 2012 WL 711842, at *2.
[30] Waypoint also repeats its arguments with respect to *Smith v. Tidewater Marine Towing, Inc.*, 927 F.2d 838 (5th Cir. 1991), which the Court addressed in its previous order, R. Doc. 420 at 9 n.68. The Court need not address that argument.
[31] 674 F.2d 1037 (5th Cir. 1982).
[32] *Id.*
[33] *Id.* at 1039.

4

higher than the "lax Jones Act producing cause standard" and found the defendant's negligence under the Jones Act standard led to 90% of the plaintiff's injuries.[34] *Alverez* does not control. Unlike *Alverez*, in which the jury found a defendant liable under one of two possible theories of liability and assigned comparative fault based on that theory, the jury in this case found Waypoint not liable under the only possible theory of liability, but nevertheless assigned it comparative fault. As the Court explained in its Order of September 6, 2018, the special verdict answers in this case were not reconcilable.[35]

Waypoint also cites *Nimnicht v. Dick Evans, Inc.*,[36] in which the jury found plaintiff not negligent but assigned damages.[37] In *Nimnicht*, the Fifth Circuit affirmed a finding that a verdict was a general verdict pursuant to Rule 49(b) of the Federal Rules of Civil Procedure, and that the court had discretion to enter judgment in accordance with the special answers notwithstanding the general verdict, pursuant to Rule 49(b)(3)(A).[38] The holding in *Nimnicht* does not apply to this case. The verdict in this case, unlike the verdict in *Nimnicht*, was a special verdict pursuant to Rule 49(a).[39] Rule 49(b) explicitly grants a court discretion to approve a judgment "according to the answers [to special interrogatories], notwithstanding the general verdict."[40] Rule 49(a) does not.

Waypoint cites *Cena v. Hedrick*,[41] a two-paragraph unpublished opinion in which the Fifth Circuit affirms entry of judgment for defendants in a case in which the jury did not find liability, but awarded compensatory damages. Although the Court cannot

---

[34] *Id.* at 1043.
[35] R. Doc. 420 at 8–10.
[36] 477 F.2d 133 (1973).
[37] *Id.* at 134.
[38] *Nimnicht*, 477 F.2d at 135.
[39] R. Doc. 420 at 6–7.
[40] FED. R. CIV. P. 49(b)(3)(A).
[41] 31 F. App'x. 838 (5th Cir. 2002)

5

ascertain the exact basis for the *Cena* decision, the Court notes the *Cena* court relies on *Nimnicht*,[42] and can be distinguished on the same grounds.

None of the cases Waypoint cites establishes that the Court's Order of September 6, 2018 was erroneous. In its order, the Court "ma[de] a concerted effort to reconcile apparent inconsistencies" in the verdict in this case and found the inconsistencies irreconcilable.[43] The Fifth Circuit consistently remands cases with inconsistent special verdict forms for new trials.[44] The Court's order was not based on a manifest error of law.

II. **Reconsideration of Court's Order of September 6, 2018 is not necessary to prevent manifest injustice.**

Waypoint does not argue that reconsideration of the Court's Order of September 6, 2018 is necessary to prevent manifest injustice, but it argues that "fundamental fairness and equity require reconsideration."[45] "There is no general definition of manifest injustice; rather, courts evaluate whether there has been a manifest injustice on a case-by-case basis. . . . [A] showing of manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy."[46]

Waypoint's motion suggests it would be unjust to require the parties to "expend time, money, and resources on another two-week jury trial."[47] The Court acknowledges a new trial may be costly, but the jury's verdict answers were irreconcilably inconsistent,

---

[42] *Id.* at *1.
[43] R. Doc. 420 (citing *Mercer v. Long MFG. N.C., Inc.*, 665 F.2d 61, 71 (5th Cir. 1980)).
[44] *See, e.g.*, *Dawson v. Gen. Motors Corp.* No. 94-40779, 1995 WL 17788765 (5th Cir. Aug. 18, 1995); *Mercer v. Long MFG. N.C., Inc.*, 665 F.2d 61, 71 (5th Cir. 1980) (holding a Rule 49(a) case "must be remanded for a new trial."); *Blackwell v. Cities Serv. Oil Co.*, 532 F.2d 1006 (5th Cir. 1976).
[45] R. Doc. 422-1 at 1.
[46] *Hanover Ins. Co. v. Superior Labor Servs., Inc.*, No. 11-2375, 2017 WL 3582385, at *5 (E.D. La. Aug. 18, 2017) (quoting *Bender Square Partners v. Factory Mut. Ins. Co.*, No. 10-4295, 2012 WL 1952265, at *4 (S.D. Tex. May 30, 2012)).
[47] R. Doc. 422-1 at 1.

and a new trial is required. Entering judgment based on an inconsistent verdict is not allowed.

Waypoint's motion rehashes legal theories and arguments it made in its opposition to Team's motion,[48] at oral argument,[49] in its supplemental memorandum,[50] its response to Team's post-hearing memorandum,[51] and its further supplemental briefing.[52] Waypoint argued, and continues to argue, that the verdict is a general verdict under Rule 49(b), not a special verdict under Rule 49(a), and, as a result, Team waived its right to object.[53] Waypoint also continues to argue the verdict is reconcilable.[54] Waypoint has been heard on these issues, and the Court ruled on them in its Order of September 6, 2018.[55] The Court need not rehash these arguments in this order.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion for Reconsideration of its Order of September 6, 2018, filed by Defendant Waypoint NOLA, L.L.C. ("Waypoint") be and hereby is **DENIED**.[56]

**IT IS FURTHER ORDERED** that Waypoint's Request for Oral Argument on its Motion for Reconsideration be and hereby is **DENIED**.[57]

**New Orleans, Louisiana, this 4th day of October, 2018.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[48] R. Doc. 385.
[49] R. Doc. 398.
[50] R. Docs. 399, 400.
[51] R. Doc. 409.
[52] R. Doc. 417.
[53] R. Doc. 422-1 at 13–19.
[54] *Id.* at 7–11.
[55] R. Doc. 420.
[56] R. Doc. 422.
[57] R. Doc. 425.

7