**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TEAM CONTRACTORS, L.L.C.,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO.  16-1131** |
| **WAYPOINT NOLA, L.L.C., et al.,**<br>    **Defendants** | **SECTION: "E"(2)** |

## ORDER AND REASONS

Before the Court is a Motion to Amend its Order of September 6, 2018[1] pursuant to 28 U.S.C. § 1292(b), filed by Defendant Waypoint NOLA, L.L.C. ("Waypoint").[2] For the following reasons, the Court **DENIES** Defendant's motion.

### FACTUAL AND PROCEDURAL BACKGROUND

On February 5, 2016, Plaintiff Team Contractors, L.L.C. ("Team") filed a complaint against Defendants Waypoint, HC Architecture, Inc. ("HCA"), and KLG, L.L.C. ("KLG").[3] Team brought a breach of contract claim and a negligence claim against Waypoint, arising out of an alleged violation of a construction contract between the parties.[4] The Court conducted a jury trial in this matter from February 26, 2018[5] to March 9, 2018.[6] Team did not pursue a negligence claim against Waypoint at trial.[7] The jury found it had not "been shown by a preponderance of the evidence that Waypoint breached the contract,"[8] but

---

[1] R. Doc. 420.
[2] R. Doc. 423.
[3] R. Doc. 1. Defendant KLG informed the Court in its answer that it is now known as Salas O'Brien South, L.L.C. R. Doc. 34. The parties continued to refer to it as KLG.
[4] *Id.* at 5–6.
[5] R. Doc. 347.
[6] R. Doc. 363.
[7] R. Doc. 364.
[8] *Id.* at 2, ¶ 6.

1

assigned Waypoint and its agent 10% responsibility for damages.[9] No party entered objections to the verdict before the jury was discharged.[10]

On March 19, 2018, the Court entered judgment in favor of Waypoint on the breach of contract claim.[11] On April 2, 2018, Team moved the Court to amend the judgment and enter judgment *against* Waypoint on the breach of contract claim.[12] On September 6, 2018, the Court entered an order construing Team's motion as a motion for a new trial pursuant to Rule 49(a) of the Federal Rules of Civil Procedure.[13] The Court found the jury verdict was a special verdict under Rule 49(a), not a general verdict under Rule 49(b).[14] The Court also found the jury verdict responses were irreconcilably inconsistent as to Waypoint because the jury found Waypoint had not breached the contract, but the jury found Waypoint and its agent 10% responsible for damages.[15] As a result, the Court ordered a new trial.[16]

On September 25, 2018, Waypoint filed a motion to reconsider, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure,[17] and the instant motion, pursuant to 28 U.S.C. § 1292(b).[18] On October 4, 2018, the Court denied Waypoint's motion to reconsider.[19]

## LAW AND ANALYSIS

Waypoint moves the Court to amend its Order of September 6, 2018 to certify the following two *questions* for interlocutory appeal:

---

[9] *Id.* at 4, ¶ 9.
[10] R. Doc. 410 at 9.
[11] R. Doc. 370.
[12] R. Doc. 372.
[13] R. Doc. 420.
[14] *Id.* at 6–7.
[15] *Id.* at 8–10.
[16] *Id.*
[17] R. Doc. 422.
[18] R. Doc. 423.
[19] R. Doc. 428.

2

> Does a trial court's refusal to uphold its decision to reconcile alleged inconsistencies in a jury verdict violate a party's due process rights and Seventh Amendment right to a trial by jury?
>
> Does a jury's finding against liability but with an assessment of 5% responsibility for damages under a comparative fault breakdown create an irreconcilably inconsistent verdict?[20]

28 U.S.C. § 1292(b) "authorizes certification of *orders* for interlocutory appeal, not certification of *questions*."[21]

The statute sets forth three criteria that must be met before the Court can properly certify an interlocutory order for appeal: (1) there must be a controlling question of law;[22] (2) there must be a substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.[23] The moving party bears the burden of establishing that interlocutory appeal is appropriate.[24] Interlocutory appeals are "exceptional" and should not be granted "'simply to determine the correctness' of a ruling."[25] It is within the Court's discretion to certify an order for interlocutory appeal under Section 1292(b).[26]

---

[20] R. Doc. 423-1 at 2.
[21] *Linton v. Shell Oil Co.*, 563 F.3d 556, 557 (5th Cir. 2009)(emphasis added).
[22] A controlling question of law is "one that would require reversal on appeal from a final judgment or would materially affect the outcome of the case." *Jesclard v. Babcock & Wilcox*, No. CIV.A. 82-1570, 1990 WL 182315, at *1 (E.D. La. Nov. 21, 1990) (citing *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir.1982); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir.)).
[23] 28 U.S.C. § 1292(b); *Aparicio v. Swan Lake*, 643 F.2d 1109, 1110 n.2 (5th Cir. 1981).
[24] *U.S. ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.*, 668 F. Supp. 2d 780, 813 (E.D. La. 2009).
[25] *Gulf Coast Facilities Mgmt., LLC v. BG LNG Servs., LLC*, 730 F. Supp. 2d 552, 565 (E.D. La. 2010) (quoting *Clark–Dietz & Associates–Engineers, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 67–69 (5th Cir.1983)).
[26] *Waste Mgmt. of Louisiana, L.L.C. v. Parish*, No. CIV.A. 13-6764, 2014 WL 5393362, at *3 (E.D. La. Oct. 22, 2014) ("This Court has the discretion to certify its Order and Reasons for interlocutory appeal under 28 U.S.C. § 1292(b)."); *In re Chinese Manufactured Drywall Products Liab. Litig.*, No. 09-4115, 2012 WL 4928869, at *7 (E.D. La. Oct. 16, 2012) (same); *Copelco Capital, Inc. v. Gautreaux*, No. CIV. A. 99-850, 1999 WL 729248, at *1 (E.D. La. Sept. 16, 1999) ("The trial judge has substantial discretion in deciding whether or not to certify questions for interlocutory appeal."); *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995) ("Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals.").

Waypoint has failed to meet its burden of establishing that interlocutory appeal is appropriate. Waypoint has failed to identify the controlling question of law it seeks to address on appeal, and, concomitantly, failed to establish the substantial ground for difference of opinion with respect to that question of law.

Although it is not required to do so, the Court has reviewed Waypoint's motion and attempted to discern the controlling question of law Waypoint wishes to raise on appeal. It appears to the Court the controlling question of law Waypoint references is:

> Is the failure to reconcile a verdict that is reconcilable a violation of due process or the Seventh Amendment right to a jury trial?

There is no substantial ground for difference of opinion on this question. As the Court noted in its Order of September 6, 2018, the Seventh Amendment requires the Court to "make a concerted effort to reconcile apparent inconsistencies."[27] The Fifth Circuit has consistently held that courts should reconcile inconsistencies in a jury verdict when possible, and failure to do so violates the Seventh Amendment.[28] On the other hand, the Fifth Circuit has consistently held that, when a jury verdict is irreconcilable, the matter must be remanded for a new trial.[29] Because there is no substantial ground for difference of opinion on this question, certification of the Court's Order of September 6, 2018 for appeal pursuant to 28 U.S.C. § 1292(b) is not warranted.[30]

---

[27] R. Doc. 420 at 8 (citing *Mercer v. Long MFG. N.C., Inc.*, 665 F.2d 61, 71 (5th Cir. 1980)).

[28] *See, e.g.*, *Richard v. Firestone Tire & Rubber Co.*, 853 F.2d 1258, 1264 (5th Cir. 1988); *Miller v. Royal Netherlands Steamship Co.*, 508 F.2d 1103, 1106-07 (5th Cir. 1975); *Griffin v. Matherne*, 471 F.2d 911, 915 (5th Cir. 1973).

[29] *See, e.g.*, *Dawson v. Gen. Motors Corp.* No. 94-40779, 1995 WL 17788765 (5th Cir. Aug. 18, 1995); *Mercer*, 665 F.2d at 71 (holding a Rule 49(a) case "must be remanded for a new trial."); *Blackwell v. Cities Serv. Oil Co.*, 532 F.2d 1006 (5th Cir. 1976).

[30] To the extent Waypoint raises the remark made by the Court to counsel when discussing the jury verdict form, the Court reminds Waypoint that it is also settled law that the Court *cannot* enter judgment on an irreconcilable verdict. *See Mercer*, 665 F.2d at 71.

## **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that the Motion to Amend the Court's Order of September 6, 2018 pursuant to 28 U.S.C. § 1292(b) filed by Defendant Waypoint NOLA, L.L.C. ("Waypoint") be and hereby is **DENIED**.[31]

**IT IS FURTHER ORDERED** that Waypoint's Request for Oral Argument on its Motion to Amend be and hereby is **DENIED**.[32]

**New Orleans, Louisiana, this 4th day of October, 2018.**

                       _____
                               **SUSIE MORGAN**
                   **UNITED STATES DISTRICT JUDGE**

---

[31] R. Doc. 423.
[32] R. Doc. 424.