UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| TEAM CONTRACTORS, LLC, <br> Plaintiff | CIVIL ACTION |
|---|---|
| VERSUS | NO. 16-1131 |
| WAYPOINT NOLA, LLC, ET AL., <br> Defendants | SECTION: "E"(2) |

## ORDER AND REASONS

Before the Court is a motion for summary judgment filed by Defendant Waypoint NOLA, L.L.C. ("Waypoint").[1] Plaintiff Team Contractors, LLC ("Team") opposes.[2] For the following reasons, the motion is **DENIED**.

## BACKGROUND

On February 5, 2016, Team filed a complaint against Defendants HC Architecture, Inc. ("HCA"), KLG, L.L.C. ("KLG"),[3] and Waypoint.[4] Team alleged it entered into a construction contract with Waypoint to construct and renovate portions of Waypoint's property at 1250 Poydras St. in New Orleans.[5] Team alleged there were errors in the plans and specifications provided by Waypoint for the mechanical, electrical, and plumbing ("MEP") systems relating to the construction project.[6] Team also alleged Waypoint directed it to modify the MEP systems, but did not compensate Team for the additional costs Team incurred as a result of the modifications.[7] Plaintiff Team brought a breach of contract claim against Waypoint, alleging Waypoint's failure to compensate Team

---

[1] R. Doc. 451.
[2] R. Doc. 457.
[3] Defendant KLG informed the Court in its answer that it is now known as Salas O'Brien South, L.L.C. R. Doc. 34. The parties continued to refer to it as KLG. The Court will continue to do so in this order.
[4] R. Doc. 1.
[5] *Id.* at 2, ¶ 7.
[6] *Id.* at 3, ¶ 16.
[7] *Id.* at 4–5.

1

breached the construction contract.[8] Team also brought negligence claims against Waypoint, HCA, and KLG.[9]

This Court conducted a jury trial in this matter from February 26, 2018 to March 9, 2018. There were three remaining claims at trial: Team's breach of contract claim against Waypoint and Team's negligence claims against HCA and KLG.[10] Team did not pursue a negligence claim against Waypoint at trial.[11] The jury awarded Team $565,979.99 in damages.[12] On the negligence claims against HCA and KLG, the jury found HCA and KLG's conduct violated their professional duties of care and caused damage to Team.[13] The jury also found Waypoint had not breached the contract.[14] However, the jury assigned Waypoint and its agent responsibility for damages.[15] When assigning "percentages of responsibility for the damages" awarded, the jury assigned 30% to HCA, 60% to KLG, 5% to Waypoint, and 5% to Waypoint's agent Steve Laski, who was not a party to the suit.[16]

On March 19, 2018, the Court entered judgment on the verdict against Defendants HCA and KLG for $509,381.99, representing 90% of the total damages the jury awarded.[17] The Court entered judgment in favor of Defendant Waypoint on the breach of contract claim.[18] On April 2, 2018, Team filed a motion to amend, arguing the jury's finding that

---

[8] *Id.* at 5.
[9] *Id.* at 5–7.
[10] R. Doc. 364.
[11] *Id.*
[12] *Id.* at 3, ¶ 8.
[13] *Id.* at 1, ¶ 1–4.
[14] *Id.* at 2, ¶ 6.
[15] *Id.* at 4, ¶ 9.
[16] *Id.*
[17] R. Doc. 370.
[18] *Id.*

2

Waypoint did not breach its contract with Team was irreconcilably inconsistent with its assigning Waypoint and its agent responsibility for damages.[19]

On September 6, 2018, the Court granted Team's motion.[20] The Court found the jury verdict irreconcilably inconsistent, vacated the judgment in favor of Waypoint on Team's breach of contract claim, and ordered a new trial on the claim.[21]

On January 14, 2019, Waypoint filed the instant motion for summary judgment on Team's claim for attorneys' fees.[22] Waypoint argues that, regardless of the jury verdict at the second trial, Team will not have substantially prevailed, and Waypoint is therefore entitled to summary judgment denying that claim.[23] Waypoint bases its argument on the following provision of the construction contract between Team and Waypoint:

> In the event of any litigation arising under this Agreement, should one party substantially prevail with respect to the matters being litigated, the non-prevailing party shall pay the prevailing party's costs and expenses of such litigation, including attorneys' and experts' fees.[24]

Team opposes the motion, arguing it substantially prevailed against Waypoint in the first trial or, alternatively, that it may substantially prevail at the upcoming trial.[25]

## **LEGAL STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[26] "An issue is material if its resolution could affect the outcome of the action."[27] When assessing whether a material factual dispute exists, the Court considers "all of the

---

[19] R. Doc. 372.
[20] R. Doc. 420.
[21] *Id.* at 8–10.
[22] R. Doc. 451.
[23] R. Doc. 451-1.
[24] R. Doc. 451-3 at 49, ¶ 15.3.2.
[25] R. Doc. 457.
[26] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[27] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

evidence in the record but refrains from making credibility determinations or weighing the evidence."[28] All reasonable inferences are drawn in favor of the nonmoving party.[29] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[30]

If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[31] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[32]

If the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim.[33]

---

[28] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[29] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[30] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[31] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).
[32] *Celotex*, 477 U.S. at 322–24.
[33] *Id.* at 331–32 (Brennan, J., dissenting); *see also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex*, 477 U.S. at 322–24, and requiring the movants to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment);

## LAW AND ANALYSIS

This motion raises the legal question of the interpretation of the contract term providing that, in litigation arising under the construction contract, if one party "substantially prevail[s] with respect to the matters being litigated, the non-prevailing party" must pay costs, including attorneys' fees.[34]

Team does not contest the terms of the contract agreement as quoted in Waypoint's motion. Under the terms of the contract, the non-prevailing party must pay costs, including attorneys' fees and expert fees, if one party substantially prevails "in litigation" arising under the contract "with respect to the matters being litigated."[35] It also is undisputed that Team's breach of contract claim against Waypoint has not yet been decided.[36] The jury has not heard the evidence or reached a verdict on whether Waypoint breached the contract. As a result, the Court cannot determine at this point whether Team has substantially prevailed with respect to the matters being litigated.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the motion for summary judgment filed by Defendant Waypoint NOLA, L.L.C. be and hereby is **DENIED**.[37]

---

[10] A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure §2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).
[34] R. Doc. 451-3 at 49, ¶ 15.3.2.
[35] *Id.*
[36] Waypoint argues that Team's recovery cannot be substantial because of the result of the first trial. The Court rejects this argument.
[37] R. Doc. 451.

**IT IS FURTHER ORDERED THAT** Defendant Waypoint NOLA, L.L.C.'s request for oral argument on its motion for summary judgment be and hereby is **DENIED AS MOOT**.[38]

**New Orleans, Louisiana, this 20th day of March, 2019.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[38] R. Doc. 452.