# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**TEAM CONTRACTORS, LLC,**
    **Plaintiff**

**VERSUS**

**WAYPOINT NOLA, LLC, ET AL.,**
    **Defendants**

CIVIL ACTION

NO. 16-1131

SECTION: "E"(2)

## ORDER AND REASONS

Before the Court are four motions in limine, filed by Defendant Waypoint NOLA, L.L.C. ("Waypoint").[1] The motions deal with the issue of the damages recoverable at the second trial in this matter. Plaintiff Team Contractors, LLC ("Team"), opposes.[2] The parties also have submitted memoranda regarding the scope of the trial and damages recoverable.[3] For the following reasons, the motions are **GRANTED IN PART** and **DENIED IN PART**, as set forth below.

## BACKGROUND

This dispute arises from contracts made in connection with the construction and renovation of Waypoint's property at 1250 Poydras St. in New Orleans ("the Project"). On September 19, 2014, Waypoint entered a contract with Development Construction Management LLC, represented by Steve Laski ("Laski"), under which Laski agreed to provide project management services for the Project.[4] On September 24, 2019, Team and Waypoint entered into a construction contract ("the Prime Contract"), under which Team

---

[1] R. Docs. 492, 493, 494, 501, 514.
[2] R. Docs. 509, 510. Team has not filed an opposition to Waypoint's motion in limine with regard to its claim for "Home Office Overhead." The Court previously ordered Team to file its opposition to Waypoint's "second motion in limine to exclude evidence of Team's Damages for 'design-related acceleration'" by Monday, April 8, 2019 at 12:00 p.m. R. Doc. 513. Because the Court addresses Waypoint's motion herein, Team no longer needs to file an opposition.
[3] R. Docs. 506, 511.
[4] R. Doc. 477-1.

became the general contractor for the Project.[5] Waypoint also entered into a contract with HC Architecture, Inc. ("HCA"), under which HCA agreed to serve as the project's architect.[6] HCA, in turn, subcontracted the mechanical, electrical, and plumbing design work to KLG, L.L.C. ("KLG").[7]

On February 5, 2016, Team filed a complaint against HCA, KLG, and Waypoint.[8] Team alleged there were errors in the plans and specifications provided by Waypoint for the mechanical, electrical, and plumbing systems relating to the construction project, which were prepared by KLG.[9] Team also alleged Waypoint directed it to modify the MEP systems, but did not compensate Team for the additional costs Team incurred as a result of the modifications.[10] Team brought a breach of contract claim against Waypoint, alleging Waypoint failed to compensate Team, in breach of the construction contract.[11] Team also brought negligence claims against Waypoint, HCA, and KLG, alleging they breached their duties of care and caused damage to Team.[12]

On July 10, 2017, after this case was filed but before trial, Waypoint paid Team $1,023,514.09.[13] Team's breach of contract claim at the time of trial was divided into (1) remaining sums Team alleged were outstanding and (2) contractual interest on the $1,023,514,09 resulting from the alleged late payment.

This Court conducted a jury trial in this matter from February 26, 2018 to March 9, 2018. There were three remaining claims at trial: Team's breach of contract claim

---

[5] R. Doc. 446-8 at 1, ¶ 1; R. Doc. 469 at 1, ¶ 1. The contract is on the record as R. Doc. 446-2.
[6] R. Doc. 446-3.
[7] R. Doc. 157-18. Defendant KLG informed the Court in its answer that it is now known as Salas O'Brien South, L.L.C. R. Doc. 34. The parties continued to refer to it as KLG. The Court will continue to do so in this order.
[8] R. Doc. 1.
[9] *Id.* at 3, ¶ 16.
[10] *Id.* at 4–5.
[11] *Id.* at 5.
[12] *Id.* at 5–7.
[13] R. Doc. 466-8 at 1, ¶ 3; R. Doc. 469 at 1, ¶ 3.

against Waypoint and Team's negligence claims against HCA and KLG.[14] Team did not pursue a negligence claim against Waypoint at trial.[15]

At trial, Team used a demonstrative exhibit labeled "Design-Related Acceleration," breaking down its claim into the following categories: "Unpaid Subcontractor Labor," "Team Hourly Labor," "Supervision," "Recurring Expenses," and "Extended General Conditions."[16] Team listed a total damages amount of $1,342,087.05 for its design-related acceleration claims.[17] Team used a separate demonstrative exhibit labeled "Unpaid Contract Amounts Unrelated to Design Errors," breaking down its contract claim against Waypoint and listing a total damages amount of $103,423.27 for its claim for "unpaid contract amounts unrelated to design errors."[18]

In the section of the jury verdict form dealing with liability, the jury found HCA and KLG's conduct violated their professional duties of care and caused damage to Team.[19] The jury also found Waypoint had not breached the contract.[20]

In the section of the jury verdict form dealing with damages, the jury was asked separately about the amount of damages on the design-related acceleration claims, each party's percentage of responsibility, and the amount of damages on Team's contract claim against Waypoint. In the question dealing with the amount of damages on the design-related acceleration claims, the jury awarded Team $565,979.99 in damages, broken down as follows:

|  |  |
|---|---|
| Subcontractor Labor | $219,353.74 |

---

[14] R. Doc. 364.
[15] Id.
[16] The demonstrative exhibit, labeled "Exhibit A," may be found on the record at R. Doc. 506-1.
[17] R. Doc. 506-1.
[18] The demonstrative exhibit, labeled "Exhibit B," may be found on the record at R. Doc. 506-2.
[19] Id. at 1, ¶ 1–4.
[20] Id. at 2, ¶ 6.

| | |
|---|---|
| Team Hourly Labor | $90,015.89 |
| Supervision | $136,560.90 |
| Recurring Expenses | $120,049.46 |
| Extended Home Office Overhead | $0.00 |
| **TOTAL:** | **$565,979.99**[21] |

In its responses to the next question, dealing with comparative fault, the jury assigned Waypoint and its agent responsibility for damages.[22] The jury assigned 30% of the responsibility to HCA, 60% to KLG, 5% to Waypoint, and 5% to Waypoint's project manager Steve Laski, who was not a party to the suit.[23] On the question with respect to damages on the breach of contract claim separate from design-related acceleration, the jury assigned $0 in damages as follows:

| | |
|---|---|
| Unapproved Change Orders | $0 |
| Contractual Interest | $0 |
| **TOTAL:** | **$0**[24] |

On March 19, 2018, the Court entered judgment on the verdict against Defendants HCA and KLG for $509,381.99, representing 90% of the total damages the jury awarded on the design-related acceleration claims.[25] The Court entered judgment in favor of Defendant Waypoint on the breach of contract claim.[26] On April 2, 2018, Team filed a motion to amend, arguing the jury's finding that Waypoint did not breach its contract

---

[21] *Id.* at 3, ¶ 8.
[22] *Id.* at 4, ¶ 9.
[23] *Id.*
[24] *Id.* at 4, ¶ 10.
[25] R. Doc. 370.
[26] *Id.*

with Team was irreconcilably inconsistent with its assigning Waypoint and its agent responsibility for damages.[27]

On September 6, 2018, the Court granted Team's motion.[28] The Court found the jury verdict irreconcilably inconsistent, ordered "that the Court's judgment for Defendant Waypoint on Plaintiff Team's breach of contract claim" be vacated, and ordered a new trial on this claim.[29]

On March 20, 2019, the Court denied Team's motion for summary judgment on Team's liability on the breach of contract claim.[30] The Court found Team had not shown it was entitled to judgment as a matter of law that Waypoint breached the contract.

The instant motions and the parties' memoranda deal with the scope of the damages claim to be tried.

## LAW AND ANALYSIS

### I.     At the second trial, Team will not be permitted to recover damages on its design-related acceleration claims.

At the first trial in this matter, the jury decided the amount of damages caused by design-related errors, and the damages have been paid.[31] In its Order of September 6, 2018, the Court ordered "that the Court's judgment for Defendant Waypoint on Plaintiff Team's breach of contract claim" be vacated.[32] It did not vacate the section of the judgment relating to the jury's finding of damages caused by design-related errors.

"It is well settled that a new trial on part of the issues is properly resorted to if it clearly appears that the issue to be retried is so distinct and separate from the others that

---

[27] R. Doc. 372.
[28] R. Doc. 420.
[29] *Id.* at 8–10.
[30] R. Doc. 487.
[31] R. Doc. 364 at 3, ¶ 8.
[32] R. Doc. 420 at 10.

a trial of it alone may be without injustice."[33] At the first trial in this matter, Team tried damages caused by the design-related acceleration errors.

In its Order of September 6, 2018, the Court did not disturb these factual findings regarding damages caused by the design-related errors or vacate the portion of the order based on these findings. The Court ordered that there be a retrial *only* of the breach of contract claim and not the design-related acceleration claims.

## II. At the second trial, Team will be permitted to seek damages only relating to its contract claim.

At the first trial in this matter, in Team's demonstrative exhibit labeled "Unpaid Contract Amounts Unrelated to Design Errors," Team broke down its contract claim against Waypoint into the following six categories: "Guestroom Cabinet Modifications," "Owner Directed Painting of Stairwells Floors 11–17," "PVC Owner Directed Changes Moved from PCO #81," "Reconcile Original Change Order #1 VE Credit . . .," "Owner Directed Unapproved L. Pugh & Assoc. Change Orders," and "Contractual Interest on Unpaid Contract Balance."[34] Team listed a total damages amount of $103,423.27 for its claim for "unpaid contract amounts unrelated to design errors."[35] In the section of the jury verdict form dealing with damages for Team's breach of contract claim against Waypoint, the jury assigned $0 in damages, specifically finding as follows:

| | |
|---|---|
| Unapproved Change Orders | $0 |
| Contractual Interest | $0[36] |

"Unapproved Change Orders" corresponds to the first five categories listed above. "Contractual Interest" corresponds to the sixth category.

---

[33] *Westbrook v. Gen. Tire & Rubber Co.,* 754 F.2d 1233, 1242 (5th Cir. 1985) (citation and internal quotations omitted).
[34] R. Doc. 506-2.
[35] *Id.*
[36] R. Doc. 364 at 4, ¶ 10.

In its Order of September 6, 2018, the Court found assignment of responsibility to Waypoint was irreconcilably inconsistent with its finding that Waypoint did not breach the contract. The Court ordered "that the Court's judgment for Defendant Waypoint on Plaintiff Team's breach of contract claim" be vacated.[37]

Waypoint argues that, when the Court vacated the judgment for Waypoint on Team's breach of contract claim, the Court did not disturb the jury's factual finding that Team was entitled to $0 on its breach of contract claim.[38] The Court disagrees. Under Louisiana law, "[t]he essential elements of a breach of contract claim are (1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee."[39] Because a plaintiff must prove it suffered damages in order to obtain a judgment that a defendant breached a contract, a finding that a plaintiff sustained $0 in damages is inconsistent with a finding of liability on a breach of contract claim. When the Court vacated its judgment with respect to Plaintiff's breach of contract claim, it necessarily vacated the jury's finding that Team sustained $0 in damages.

As a result, during the second trial, the factfinder must determine whether Waypoint breached the contract and, if so, the amount of damages Team sustained as a result. Team has introduced evidence that it sustained damages in the amount of $103,423.27 for "unpaid contract amounts unrelated to design errors."[40] Team's recovery will be limited to damages it can show it sustained in the following six categories: "Guestroom Cabinet Modifications," "Owner Directed Painting of Stairwells Floors 11–

---

[37] R. Doc. 420 at 10.

[38] R. Doc. 506 at 10–11.

[39] *Favrot v. Favrot*, 2010-0986 (La. App. 4 Cir. 2/9/11), 68 So. 3d 1099, 1108–09, *writ denied,* 2011-0636 (La. 5/6/11), 62 So. 3d 127.

[40] R. Doc. 506-2.

17," "PVC Owner Directed Changes Moved from PCO #81," "Reconcile Original Change Order #1 VE Credit . . .," "Owner Directed Unapproved L. Pugh & Assoc. Change Orders," and "Contractual Interest on Unpaid Contract Balance."[41]

The Court clarifies the final category, the damages Team may seek for contractual interest. On March 20, 2019, the Court denied Team's motion for summary judgment on Team's liability on the breach of contract claim.[42] The Court found genuine disputes of material fact relating to whether Waypoint's payment to Team on July 10, 2017 was timely. If the factfinder at the second trial determines the payment is not timely and was in breach of the Prime Contract, Team will be permitted to recover damages for contractual interest.

### III. The parties will be permitted to introduce evidence relevant to the claims to be tried, in accordance with this order.

Under Rule 401 of the Federal Rules of Evidence, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[43] The Court has determined the scope of the damages claim to be tried. Team will not be permitted to introduce evidence related to design-related acceleration damages. If Team shows Waypoint breached the contract in connection with change orders unrelated to design errors, the jury will decide whether Team suffered damages by the breach. If Team shows Waypoint's payment of July 10, 2017 was untimely, Team will be permitted to recover contractual interest.

---

[41] *Id.*
[42] R. Doc. 487.
[43] FED. R. EVID. 401.

Because the Court vacated the jury's findings with respect to breach of contract damages in its Order of September 6, 2018, the parties will be permitted to introduce evidence relevant to the damages sought.

**CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that the motions in limine, filed by Defendant Waypoint NOLA, L.L.C., be and hereby are **GRANTED IN PART** and **DENIED IN PART**.[44]

**IT IS FURTHER ORDERED** that at the second trial in this matter, Team will not be permitted to recover design-related acceleration damages. Team will be permitted to seek contractual damages with respect to change orders unrelated to design errors and contractual interest with respect to Waypoint's payment of July 10, 2017. The parties will be permitted to introduce evidence relevant to these claims.[45]

**New Orleans, Louisiana, this 6th day of April, 2019.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[44] R. Docs. 492, 493, 494, 501, 514.
[45] The parties are reminded that the joint statement of the case, proposed jury instructions, and proposed jury verdict form must be filed by no later than Monday, April 8, 2019 at 5:00 p.m. R. Doc. 489. In connection with the proposed jury instructions and jury verdict form, the parties will brief whether the court or the jury will decide whether plaintiff or defendant is a "prevailing party" entitled to attorneys' fees. If attorneys' fees are awarded, the Court will determine quantum.