UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| TEAM CONTRACTORS, LLC, ET AL.<br>    Plaintiffs | CIVIL ACTION |
|---|---|
| VERSUS | NO. 16-1131 |
| WAYPOINT NOLA, LLC, ET AL.,<br>    Defendants | SECTION: "E"(2) |

## ORDER AND REASONS

Before the Court is Plaintiff Team Contractors, LLC's ("Team") Motion to Strike Jury.[1] Defendant Waypoint NOLA, LLC ("Waypoint") opposes Team's motion.[2] For the following reasons, the motion is **DENIED**.

## BACKGROUND

This dispute arises from contracts made in connection with the construction and renovation of Waypoint's property at 1250 Poydras St. in New Orleans. On September 24, 2014, Team and Waypoint entered into a construction contract ("the Prime Contract"), under which Team became the general contractor for the Project.[3] The Prime Contract included a clause in which the parties waived their right to a jury trial.[4] Waypoint also entered into a contract with HC Architecture, Inc. ("HCA"), under which HCA agreed to serve as the project's architect.[5] HCA, in turn, subcontracted the mechanical, electrical, and plumbing design work to KLG, L.L.C. ("KLG").[6]

---

[1] R. Doc. 502.
[2] R. Doc. 520.
[3] R. Doc. 502-3.
[4] R. Doc. 502-3 at 49.
[5] R. Doc. 446-3.
[6] R. Doc. 157-18. Defendant KLG informed the Court in its answer that it is now known as Salas O'Brien South, L.L.C. R. Doc. 34. The parties continued to refer to it as KLG. The Court will continue to do so in this order.

1

On February 5, 2016, Team filed a complaint against HCA, KLG, and Waypoint.[7] Team brought a breach of contract claim against Waypoint, alleging Waypoint failed to compensate Team, in breach of the Prime Contract.[8] Team also brought negligence claims against Waypoint, HCA, and KLG, alleging they breached their professional duties of care and caused damage to Team.[9] Team's Complaint did not include a jury demand.[10]

On May 20, 2016, Waypoint filed its answer, including a jury demand.[11] Team did not file a motion to strike the jury demand. In its Scheduling Order of August 31, 2016, the Court set the first trial in this case for a jury trial.[12] In the parties' pretrial order, filed on September 5, 2017, they stated, "[t]his case is a jury case, and the jury trial is applicable to all aspects of the case."[13] This Court conducted a jury trial in this matter from February 26, 2018 to March 9, 2018. There were three remaining claims at trial: Team's breach of contract claim against Waypoint and Team's negligence claims against HCA and KLG.[14] Team did not pursue a negligence claim against Waypoint at trial.[15]

In the section of the jury verdict form dealing with liability, the jury found HCA and KLG's conduct violated their professional duties of care and caused damage to Team.[16] The jury also found Waypoint had not breached the Prime Contract.[17]

In the section of the jury verdict form dealing with damages, the jury was asked separately about the amount of damages on the design-related acceleration claims, each

---

[7] R. Doc. 1.
[8] *Id.* at 5.
[9] *Id.* at 5–7.
[10] *Id.*
[11] R. Doc. 14.
[12] R. Doc. 44.
[13] R. Doc. 209 at 81; *see also* R. Doc. 217 at 82, R. Doc. 237 at 83.
[14] R. Doc. 364.
[15] *Id.*
[16] *Id.* at 1, ¶ 1–4.
[17] *Id.* at 2, ¶ 6.

party's percentage of responsibility, and the amount of damages on Team's contract claim against Waypoint. In the question dealing with the amount of damages on the design-related acceleration claims, the jury awarded Team $565,979.99 in damages.[18] In response to the question dealing with comparative fault, the jury assigned Waypoint and its agent responsibility for damages.[19] The jury assigned 30% of the responsibility to HCA, 60% to KLG, 5% to Waypoint, and 5% to Waypoint's project manager Steve Laski, who was not a party to the suit.[20]

On March 19, 2018, the Court entered judgment on the verdict against Defendants HCA and KLG for $509,381.99, representing 90% of the total damages the jury awarded on the design-related acceleration claims.[21] The Court entered judgment in favor of Defendant Waypoint on the breach of contract claim.[22] On April 2, 2018, Team filed a motion to amend, arguing the jury's finding that Waypoint did not breach its contract with Team was irreconcilably inconsistent with the jury's assigning Waypoint and its agent responsibility for damages.[23] On September 6, 2018, the Court granted Team's motion.[24] The Court found the jury verdict irreconcilably inconsistent, ordered "that the Court's judgment for Defendant Waypoint on Plaintiff Team's breach of contract claim" be vacated, and ordered a new trial on this claim.[25]

---

[18] *Id.* at 3, ¶ 8.
[19] *Id.* at 4, ¶ 9.
[20] *Id.*
[21] R. Doc. 370.
[22] *Id.*
[23] R. Doc. 372.
[24] R. Doc. 420.
[25] *Id.* at 8–10.

On March 19, 2019, the parties filed a pretrial order in connection with the second trial, stating again that "[t]his case is a jury case, and the jury trial is applicable to all aspects of the case."[26]

On April 3, 2019, nearly three years after Waypoint's initial jury demand and a mere 12 days before the trial date of April 15, 2019, Team filed the instant motion.[27] Team invokes the jury waiver clause in the Prime Contract and moves to strike the jury from the second trial.[28] Waypoint opposes.[29]

## **LEGAL STANDARD**

The Seventh Amendment guarantees the right to trial by jury.[30] "[A]s the right of jury trial is fundamental, courts indulge every reasonable presumption against waiver."[31] Under Rule 39(a)(2) of the Federal Rules of Civil Procedure, if a party makes a proper jury demand, "[t]he trial on all issues so demanded must be by jury unless the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial."[32]

Even when there is no jury trial right, under Rule 39(c)(2), "the court, on motion or on its own may, with the parties' consent, try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right."[33] "The express consent of the parties to a nonadvisory jury is not required by Fed. R. Civ. P. 39(c). If one party demands

---

[26] R. Doc. 486 at 24.
[27] R. Doc. 502.
[28] *Id.*
[29] R. Doc. 520.
[30] U.S. CONST. amend. VII.
[31] *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393 (1937)
[32] FED. R. CIV. P. 39(a)(2).
[33] FED. R. CIV. P. 39(c)(2).

4

a jury, the other does not object, and the court orders a jury trial, this will be regarded as [a jury] trial by consent."[34]

## LAW AND ANALYSIS

Team argues that, because Waypoint knowingly and voluntarily waived its constitutional right to a jury trial by executing the Prime Contract, its jury demand is ineffective.[35] Waypoint does not argue that its waiver of its right to a jury trial was not knowing and voluntary.[36] Instead, Waypoint argues Team has effectively consented to trial by jury.

In this case, Waypoint filed a jury demand on May 20, 2016.[37] Team did not object, and the Court ordered a jury trial in its first Scheduling Order on August 31, 2016.[38] The parties prepared for a jury trial, represented in their pretrial order that the case was a "jury case,"[39] and proceeded to have their claims tried before a jury.[40] The statement in the pretrial order is especially significant because, under Rule 16(e) of the Federal Rules of Civil Procedure, a pretrial order "controls the course of the action unless the court modifies it,"[41] and "[g]enerally, stipulations in a pretrial order bind the parties, absent modification."[42]

After the Court ordered a new trial on Team's claim against Waypoint for breach of the Prime Contract, the parties again prepared for a jury trial and filed a pretrial order

---

[34] *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 796 n.101 (5th Cir. 1999).
[35] R. Doc. 502-1.
[36] R. Doc. 520.
[37] R. Doc. 14.
[38] R. Doc. 44.
[39] R. Doc. 209 at 81; *see also* R. Doc. 217 at 82, R. Doc. 237 at 83.
[40] R. Docs. 347–363.
[41] FED. R. CIV. P. 16(e).
[42] *In re El Paso Refinery, L P*, 171 F.3d 249, 255 (5th Cir. 1999) (citing *Save Barton Creek Ass'n v. Federal Highway Admin.,* 950 F.2d 1129, 1132 n. 3 (5th Cir.1992)).

stating this is a jury case.[43] Team did not move to strike the jury until 12 days before trial.[44] In light of the years Team waited before moving to strike the jury demand, the short time left before trial, Team's statement in the pretrial order for the upcoming April 22 trial that this is a jury trial, and the prejudice to Waypoint that would result from enforcing the waiver on the eve of trial, the Court finds that Team has consented to a jury trial.[45]

## CONCLUSION

**IT IS ORDERED** that Team Contractor, LLC's Motion to Strike Jury be and hereby is **DENIED**.[46]

**New Orleans, Louisiana, this 8th day of April, 2019.**

*Susie Morgan*
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[43] R. Doc. 486 at 24.
[44] R. Doc. 502.
[45] *See Huntingofrd v. Pharm. Corp. of Am., d/b/a PharMerica*, No. 1:17-CV-1210-RB-LF, 2019 WL 1472319, at *5 (D.N.M. Apr. 3, 2019) (collecting cases) (noting some cases find significant "the amount of time the moving party waited to object to the jury demand and how much time remains before trial to be determinative," while others focus on "whether the nonmoving party would be prejudiced by enforcing the wavier at a late stage, or if changing to a bench trial would waste judicial resources."); *see also Bowie v. Cheramie Glob. Marine, L.L.C.*, No. CV 16-3464, 2018 WL 3474706, at *2 (E.D. La. July 19, 2018) (finding parties consented to jury trial when defendant waited until twenty days before trial to challenge jury demand); *Macquarie Bank Ltd. v. Knickel*, No. 4:08-CV-048, 2012 WL 12937027, at *1 (D.N.D. Oct. 10, 2012) (finding a party "relinquished its right to enforce the jury waiver" when in "acted in a manner wholly inconsistent with the enforcement of the jury waiver provisions at issue") (citing *RDO Fin. Servs. Co. v. Powell*, 191 F. Supp. 2d 811, 814 (N.D. Tex. 2002)).
[46] R. Doc. 502.