UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TEAM CONTRACTORS, L.L.C. | * | CIVIL ACTION NO. 16-01131 |
| Plaintiff | * | JUDGE: Susie Morgan |
| VERSUS | * | |
| | * | MAGISTRATE JUDGE: Joseph C. Wilkinson, Jr. |
| WAYPOINT NOLA, L.L.C., HC ARCHITECTURE, INC., | * | |
| KLG, L.L.C. | * | |
| Defendants | | |
| * * * * * * * * | | |

_____

**WAYPOINT NOLA, L.L.C.'S MOTION AND INCORPORATED
MEMORANDUM IN SUPPORT OF LEAVE TO CONTACT JUROR**
_____

MAY IT PLEASE THE COURT:

Waypoint NOLA, L.L.C. ("Waypoint"), submits its motion and incorporated memorandum in support of leave to contact juror.

## LAW AND ANALYSIS

As the Court is aware, this matter concluded its second jury trial on April 17, 2019. The jury verdict rendered breach of contract findings in favor of plaintiff, Team, and against Waypoint -- the complete opposite of the first jury verdict.

On April 18, 2019, the day after trial concluded, one of the jurors left a voicemail for undersigned counsel indicating that she would like to discuss the trial. No further information was given, except her phone number for a return call. Because of the timing of the conclusion of trial and the Easter holiday, undersigned counsel did not return to the office after trial until April 22, 2019, at which time the voicemail was received and heard.

Immediately after listening to the voicemail, undersigned counsel contacted the Court to advise the Court of the voicemail message, and requested the Court's direction on how to proceed with contacting the juror. The Court requested that undersigned counsel refrain from contacting the juror until the Court determined how to proceed.

Pursuant to Local Rule 47.5, undersigned counsel requests leave of this Honorable Court to contact the juror. Although the U.S. Fifth Circuit generally disfavors post-trial interviews of jurors, the reason for this general disfavor is to protect jurors' privacy and prevent juror harassment.[1] The juror in this case left an unsolicited voicemail for undersigned counsel, so the juror, making the initial contact, has implicitly waived any concern of privacy. Additionally, because the initial contact was not made by an attorney, there is no risk of juror harassment.

Without any further information as to what the juror would like to discuss with undersigned counsel, Waypoint cannot establish one way or the other whether the exceptions to Federal Rule of Evidence 606(b)(2) may be met, which would allow the juror to testify about an issue concerning the verdict:

---

[1] *Abel v. Ochsner Clinic Foundation*, 2010 WL 1552823 (E.D. La., Apr. 15, 2010); *citing Haeberle v. Texas International Airlines*, 739 F. 2d 1019 (5th Cir. 1984).

A juror may testify about whether:

(A)     extraneous prejudicial information was improperly brought to the jury's attention;

(B)     an outside influence was improperly brought to bear on any juror; or,

(C)     a mistake was made in entering the verdict on the verdict form.[2]

Unless and until the Court grants Waypoint leave to return the juror's phone call, Waypoint is without ability to determine whether this juror has any information concerning the verdict that should be disclosed.

In the interest of justice, Waypoint requests that the Court grant it leave to contact the juror that willingly reached out to undersigned counsel, without solicitation. Otherwise, any information that the juror wishes to disclose which could affect the validity of the verdict will never be known.

          Respectfully submitted,

          /s/ Jessica R. Derenbecker
          Lloyd N. Shields (La. Bar No. 12022)
          Andrew G. Vicknair (La. Bar No. 28448)
          Jessica R. Derenbecker (La. Bar No. 32425)
          SHIELDS | MOTT L.L.P.
          650 Poydras Street, Suite 2600
          New Orleans, Louisiana 70130
          Telephone: (504) 581-4445
          Facsimile: (504) 581-4440

          Attorneys for Waypoint NOLA, LLC

---

[2] Fed. R. Evid. 606(b).

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been forwarded to all counsel of record by the CM/ECF system, this 22nd day of April, 2019.

/s/ Jessica R. Derenbecker

97120-01\Pleadings\190422_memo_leave_juror