UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| TEAM CONTRACTORS, LLC, | CIVIL ACTION |
| Plaintiff | |
| VERSUS | NO. 16-1131 |
| WAYPOINT NOLA, LLC, ET AL., | SECTION: "E"(2) |
| Defendants | |

## ORDER AND REASONS

Before the Court is a motion for leave to contact a juror, filed by Defendant Waypoint NOLA, LLC ("Waypoint").[1] The motion is opposed.[2] For the reasons that follow, the Court **DENIES** the motion.

## BACKGROUND

The Court conducted a jury trial in this matter from April 15, 2019 to April 17, 2019.[3] The jury found in favor of Plaintiff Team Contractors, LLC ("Team").[4] After the jury verdict was read, the Court's deputy polled the jury. Each juror stated in open court that he or she agreed with the verdict. The Court informed the jurors that they should not disclose any votes on any elements of the verdict form. The Court also informed the jurors that, in this district, attorneys must get permission from the Court before contacting a juror. The Court then excused the jury.

On April 22, 2019, counsel for Waypoint informed the Court that a juror had called her office and left a voicemail stating she wished to discuss the trial. The Court asked Waypoint's counsel to refrain from contacting the juror until the Court instructed the

---

[1] R. Doc. 563.
[2] R. Doc. 577.
[3] R. Docs. 550, 554, 555.
[4] R. Doc. 559.

1

parties on how to proceed. The Court contacted the juror and determined the juror wished to tell Waypoint's counsel the trial exhibits on which she relied during deliberations.

On the same day, Waypoint filed the instant motion requesting leave to contact the juror.[5] On April 23, 2019, the Court held a telephone status conference with counsel for both parties.[6] Pursuant to the Court's instructions at the conference, Waypoint filed a supplemental memorandum in support of its motion,[7] and Team filed an opposition.[8]

## **LAW AND ANALYSIS**

Rule 47.5 of the Local Civil Rules of this Court provides:

(A) A juror has no obligation to speak to any person about any case and may refuse all interviews or requests for comments.
(B) Attorneys and parties to an action, or anyone acting on their behalf, are prohibited from speaking with, examining or interviewing any juror regarding the proceedings, except with leave of court. If leave of court is granted, it shall be conducted only as specifically directed by the court.
(C) No person may make repeated requests to interview or question a juror after the juror has expressed a desire not to be interviewed.[9]

In *Haeberle v. Texas Int'l Airlines*, the Fifth Circuit explained the policy reasons for limiting contact with jurors as follows:

> Federal courts have generally disfavored post-verdict interviewing of jurors. We have repeatedly refused to denigrate jury trials by afterwards ransacking the jurors in search of some new ground, not previously supported by evidence, for a new trial. Prohibiting post-verdict interviews protects the jury from an effort to find grounds for post-verdict charges of misconduct, reduces the chances and temptations for tampering with the jury, increases the certainty of civil trials, and spares the district courts time-consuming and futile proceedings. We have therefore uniformly refused to upset the denial of leave to interview jurors for the purpose of obtaining evidence of improprieties

---

[5] R. Doc. 563.
[6] R. Doc. 567.
[7] R. Doc. 568.
[8] R. Doc. 577.
[9] L.R. 47.5.

2

in the deliberations unless specific evidence of misconduct was shown by testimony or affidavit.[10]

In *Haeberle,* the court acknowledged that, when a journalist requests leave to interview jurors, "the general public's right to receive information about judicial proceedings" under the First Amendment is implicated.[11] However, when attorneys seek to "satisfy their own curiosity and to improve their techniques of advocacy," their interests "carr[y] far less weight in the first amendment scale."[12] The Court held, "The first-amendment interests of both the disgruntled litigant and its counsel in interviewing jurors in order to satisfy their curiosity and improve their advocacy are . . . plainly outweighed by the jurors' interest in privacy and the public's interest in well-administered justice."[13] Relying on *Haeberle,* courts in this district have consistently denied attorney requests to contact jurors.[14]

In this case, as in *Haeberle,* there is no evidence of misconduct or impropriety in connection with the jury deliberations. The Court will not "denigrate [the] jury trial[] by afterwards ransacking the jurors in search of some new ground, not previously supported by evidence, for a new trial."[15]

Waypoint cites *Haeberle* for the proposition that the Local Rule is "designed to protect jurors' privacy rights and to prevent harassment."[16] Waypoint argues that,

---

[10] 739 F.2d 1019, 1021 (5th Cir. 1984) (citations and internal quotation marks omitted).
[11] *Id.* at 1021–22 (citing *In re Express-News Corp.*, 695 F.2d 807 (5th Cir.1982)).
[12] *Id.* at 1022.
[13] *Id.*
[14] *See, e.g.*, *Smith v. Kansa Tech., L.L.C.*, No. CV 16-16597, 2018 WL 3208035, at *1 (E.D. La. June 28, 2018) (Africk, J.) (denying request to interview jurors to "obtain any additional information that may or may not support a finding of a jury taint along with evidentiary issues"); *Abel v. Ochsner Clinic Found.*, No. CIV.A 06-8517, 2010 WL 1552823, at *1 (E.D. La. Apr. 15, 2010) (Vance, J.) (denying request of a defendant in a slip-and-fall case when defendant represented "information from the[] jurors w[ould] assist it in understanding the public's expectations for healthcare delivery involving patients at risk for falls"); *Rouillier v. Illinois Cent. Gulf R.R.*, No. CIV.A. 87-0677, 1988 WL 72866, at *2 (E.D. La. July 5, 1988) (Schwartz, J.) (denying a request to contact jurors as a "thinly veiled 'fishing expedition') (quoting *United States v. Riley,* 544 F.2d 237, 242 (5th Cir.1976), *cert. denied,* 430 U.S. 932 (1977)).
[15] *Id.* at 1021.
[16] R. Doc. 568 at 2.

because the juror affirmatively contacted Waypoint's counsel, none of the policy justifications for the prohibitions on contacting jurors applies.[17] The Court does not agree. Admittedly, the interest in protecting a juror's privacy is greatly reduced in a case in which a juror contacts a party's attorney. However, the *Haeberle* court also stressed the importance of the "public's interest in well-administered justice," the "certainty of civil trials," and sparing the district courts from "time-consuming and futile proceedings."[18] These policy considerations support the Court's denial of Waypoint's request to contact the juror.

Waypoint also argues, without citing caselaw, that preventing it from contacting the juror would violate the First Amendment rights of counsel and of the juror.[19] "By voluntarily assuming the special status of trial participants and officers of the court, parties and their attorneys subject themselves to greater restraints on their communications than might constitutionally be applied to the general public."[20] As in *Haeberle*, the public's interest in well-administered justice outweighs any First Amendment interests of Waypoint's counsel or the juror.

The Court also notes that Rule 606 of the Federal Rules of Evidence provides:

> **(1) Prohibited Testimony or Other Evidence.** During an inquiry into the validity of a verdict or indictment, a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment. The court may not receive a juror's affidavit or evidence of a juror's statement on these matters.
>
> **(2) Exceptions.** A juror may testify about whether:

---

[17] *Id.* at 2–3.
[18] 739 F.2d at 1021, 1022.
[19] R. Doc. 568 at 2–3.
[20] *Haeberle*, 739 F.2d at 1022.

4

**(A)** extraneous prejudicial information was improperly brought to the jury's attention;

**(B)** an outside influence was improperly brought to bear on any juror; or

**(C)** a mistake was made in entering the verdict on the verdict form.[21]

There are no indications the exceptions apply. It appears the juror may wish to inform Waypoint about her or the jury's deliberations. Even if Waypoint were to inquire into the validity of the jury verdict, the juror's testimony would be prohibited under Rule 606. As a result, Waypoint is not prejudiced by the denial of the instant motion for leave.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that motion for leave to contact a juror, filed by Defendant Waypoint NOLA, LLC, be and hereby is **DENIED**.[22]

**New Orleans, Louisiana, this 21st day of May, 2019.**

*Susie Morgan*
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[21] FED. R. EVID. 606(b).
[22] R. Doc. 563.

5