UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TEAM CONTRACTORS, L.L.C.                              CIVIL ACTION

VERSUS                                               NO. 16-1131

WAYPOINT NOLA, L.L.C., ET AL.                        SECTION "E" (2)

## REPORT AND RECOMMENDATION

Plaintiff Team Contractors, L.L.C.'s ("Team") Motion to Tax Attorneys' Fees and Costs, Record Doc. No. 594, has been referred to me. Record Doc. No. 600. Defendant filed a timely written opposition memorandum.  Record Doc. No. 607. Plaintiff was permitted to file a reply. Record Doc. Nos. 612, 616, 617.  Having considered the written submissions of the parties, the record and the applicable law, and for the following reasons, it is RECOMMENDED that the motion be DISMISSED WITHOUT PREJUDICE, subject to an accompanying order preserving plaintiff's claims and extending the time during which plaintiff must file its renewed motion for attorneys' fees to twenty-eight (28) days after entry of the mandate by the United States Court of Appeals for the Fifth Circuit resolving the pending appeal.

## BACKGROUND

This is a complex construction contract matter that has been pending for three and one-half years.  The district court record alone contains more than 600 docket entries. The first jury trial in this matter required more than two weeks of courtroom time from February 26, 2018 to March 9, 2018. The claims at trial consisted of Team's breach of

contract claim against Waypoint NOLA, L.L.C. ("Waypoint") and Team's negligence claims against defendants KLG, L.L.C. and HC Architecture, Inc. Record Doc. No. 364. As to the negligence claims against defendants KLG, L.L.C. and HC Architecture, Inc., the jury found that those defendants breached their professional duties of care and caused damage to Team. Id. at p. 1, ¶¶ 1–4.  The jury found that Waypoint had not breached the contract. Id. at p. 2, ¶ 6. The jury assigned Waypoint and its agent responsibility for damages; specifically, the jury assigned 30% of responsibility to HC Architecture, Inc., 60% of responsibility to KLG, L.L.C., 5% to Waypoint, and 5% to Waypoint's project manager and non-party Steve Laski. Id. at p. 4, ¶ 9. The jury awarded Team $565,979,99 in damages. Record Doc. No. 364 at p. 3, ¶ 8.

After entry of judgment, Record Doc. No. 370, Team filed a motion to amend, in which it argued that the jury's finding that Waypoint did not breach its contract with Team was irreconcilably inconsistent with assigning Waypoint and its agent responsibility for damages. Record Doc. No. 372. The presiding district judge granted Team's motion on September 6, 2018, finding that the jury verdict was irreconcilably inconsistent, vacating the judgment in favor of Waypoint on Team's breach of contract claim and ordering a new trial on the claim. Record Doc. No. 420 at pp. 8–10.

The second jury trial, limited to Team's breach of contract claim against Waypoint, was held from April 15 to 17, 2019. Record Doc. Nos. 519, 550, 554, 555. The jury returned a verdict in favor of Team. Record Doc. No. 559 at pp. 1–5.  After receiving

post-trial memoranda concerning the disputed question of entitlement to attorneys' fees, the presiding district judge issued her order and reasons on May 22, 2019, finding that Team was the substantially prevailing party on the breach of contract claim and subsequently entered a judgment in favor of Team. Record Doc. Nos. 589; 590. Waypoint then filed its Motion for Judgment as a Matter of Law and Alternative Motion for New Trial, Record Doc. No. 601, which was denied. Record Doc. No. 618. Waypoint then filed a notice of appeal. Record Doc. No. 620. The appeal is currently pending in the United States Court of Appeals for the Fifth Circuit as Fifth Circuit C.A. No. 19-30704.

## ANALYSIS

As specifically contemplated by the Federal Rules of Civil Procedure, resolution of the complex matter of an award of attorneys' fees, costs and expenses claim should be deferred until this case is concluded in its entirety. Fed. R. Civ. P. 54(d)(2)(B) requires that a motion for attorneys' fees must be filed no later than fourteen (14) days after the entry of judgment, "[u]nless . . . a court order provides otherwise, . . " (emphasis added). Courts have frequently found that deferral of a motion for attorneys' fees until a matter is fully resolved is appropriate. See, e.g. Celtic Marine Corp. v. James C. Justice Companies, Inc., 2014 WL 2215755, at *6 (E.D. La. May 28, 2014) (Barbier, J.), aff'd as modified, 593 Fed. App'x 300 (5th Cir. 2014); Malik & Sons, L.L.C. v. Circle K Stores, 2017 WL 2455648, at *2–*4 (E.D. La. May 22, 2017) (van Meerveld, J.) (citing Nat'l Farmers' Org., Inc. v. Associated Milk Producers, Inc., 850 F.2d 1286, 1312 (8th Cir.

1988), amended, 878 F.2d 1118 (8th Cir. 1989) ("[R]ather than undertaking the time-consuming task of determining a reasonable attorney's fee, only to see the effort overturned on appeal, the district court wisely deferred ruling on attorney's fees and costs pending appeal."); Dulin v. Bd. of Comm'rs of Greenwood Leflore Hosp., 2013 WL 5464689, at *2 (N.D. Miss. Sept. 30, 2013); Kirmer v. Goodyear Tire & Rubber Co., 2012 WL 2564955, at *1 (E.D. La. July 2, 2012) (Berrigan, J.)).

This court's record establishes that this case has been contentiously and extensively litigated. The attorneys' fees motion papers confirm the time-consuming and difficult task that they present. Team's attorneys' fees, costs and expenses submissions, including exhibits, consist of 353 pages. Record Doc. No. 594. In its motion, Team seeks $715,538.11 in attorneys' fees, costs and expenses. Id. at p. 3. Waypoint filed a 31-page opposition memorandum, in which it argues that Team's motion for attorneys' fees should be "totally denied because Team fails to prove that the attorney's fees, expert fees, and costs that Team requests from Waypoint are (1) reasonable and (2) directly related to Team's successful breach of contract claim against Waypoint." Record Doc. No. 607 at p. 5 (emphasis omitted). Waypoint argues that "a substantial majority of [the] total amount [sought in Team's motion for attorneys' fees] was incurred to prosecute unsuccessful claims irrelevant to the second trial judgment against Waypoint. Team makes no attempt to segregate any portion of [the requested attorney's fees] for what was against Waypoint; Team requests a windfall recovery." Id. at p. 4. Team was permitted to file a 16-page

- 4 -

reply, in which it argues that "[e]very dollar that Team has recovered over the course of this three-year litigation was owed to Team by Waypoint under the contract and associated contract documents . . . for the construction of the project at issue." Record Doc. No. 617 at p. 1.

The pending appeal may result in an appellate court decision that either renders Team's request for attorney's fees moot or entitles it to additional attorneys' fees for amounts it incurs in the appeal process. If Team prevails in the appeal in a manner that results in its entitlement to recover more attorneys' fees and costs, additional briefing and submission of evidence relating to the appropriate amount will be necessary. Additionally, resolving the wide array of disputes in the already voluminous submissions in the attorneys' fee motion papers will require expenditure of substantial judicial resources, not just by the magistrate judge but also by the district judge in connection with the inevitable review necessitated by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2) and (3). All of this effort may be wasted, depending upon the Fifth Circuit's resolution of the appeal.

I do not suggest that deferring resolution of an attorneys' fees and costs motion by the prevailing party pending resolution of an appeal is appropriate in every case. When a simpler case presents a more streamlined record and reasonably manageable fee and cost submissions, evaluation and determination of this kind of motion before the appeal is resolved do not pose substantial burdens on the court and the parties. See, e.g., Smith v. Board of Commissioners of the Louisiana Stadium and Exposition District, et al, C.A. No.

17-7267 "E"(2) (E.D. La.), Record Doc. Nos. 97, 107, 112, 119, 137. In the captioned case, however, with its <u>two</u> trials, extensive motion practice, voluminous submissions and hotly-contested issues, both judicial economy and time and cost efficiencies for the parties will best be served by deferring resolution of the amount of attorneys' fees and costs that plaintiff may be entitled to recover, if any, until this case is concluded in its entirety on appeal. A court order under Rule 54(d)(2)(B) extending the time in which Team must re-submit its updated motion for attorneys' fees and costs will accomplish economy of action for the court and the parties and preserve Team's claims.

## **<u>RECOMMENDATION</u>**

Accordingly, for all of the foregoing reasons, it is **RECOMMENDED** that plaintiff's current motion for attorneys' fees be **DISMISSED WITHOUT PREJUDICE** to refiling, if appropriate, no later than 28 days after the pending appeal has been resolved by issuance of mandate by the United States Court of Appeals for the Fifth Circuit, at which time Team must request and provide evidence of any additional attorneys' fees it seeks.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

notice that such consequences will result from a failure to object.  <u>Douglass v. United</u>

<u>Servs. Auto Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ____18th____ day of September, 2019.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE