# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TEAM CONTRACTORS, L.L.C.,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 16-1131 |
| WAYPOINT NOLA, L.L.C., ET AL.,<br>    Defendants | SECTION: "E"(2) |

## ORDER AND REASONS

Before the Court is a Report and Recommendation[1] issued by Magistrate Judge Joseph C. Wilkinson, Jr. recommending the Rule 54 Motion to Tax Attorneys' Fees and Costs[2] filed by Plaintiff Team Contractors, L.L.C. ("Team") be dismissed without prejudice. Team objects to the Magistrate Judge's Report and Recommendation.[3] Defendant Waypoint filed a response to Team's objections.[4] For the following reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Rule 54 Motion to Tax Attorneys' Fees and Costs.[5]

## BACKGROUND

This case involves a complex construction contract dispute that has been pending for three and one-half years.[6] Plaintiff Team brought a breach of contract claim against Waypoint NOLA, L.L.C. ("Waypoint") and negligence claims against defendants KLG, L.L.C. and HC Architecture, Inc.[7] Plaintiff Team ultimately prevailed against Waypoint at

---

[1] R. Doc. 623.
[2] R. Doc. 594.
[3] R. Doc. 626.
[4] R. Doc. 629.
[5] R. Doc. 594.
[6] *See* R. Doc. 1.
[7] R. Doc. 364.

1

a second trial and now seeks an award of attorneys' fees and costs while the appeal is pending.[8] Defendants argue the Court should wait to award attorneys' fees until the matter is fully resolved by the Fifth Circuit because this is a complex case that may be overturned on appeal.[9]

The procedural history of this case is complicated. The district court record contains more than 600 docket entries arising from multiple jury trials. The first jury trial in this matter required more than two weeks of courtroom time from February 26, 2018 to March 9, 2018.[10] The jury denied Team's breach of contract claim against Waypoint[11] but granted Team's negligence claims against the other defendants.[12] The jury awarded Team $565,979.99 in damages and assigned 10% of the liability to Waypoint and its representative, Steve Laski.[13]

After entry of judgment,[14] Team filed a motion to amend, in which it argued the jury's finding that Waypoint did not breach its contract with Team was irreconcilably inconsistent with assigning Waypoint and its agent responsibility for damages.[15] The Court granted Team's motion and ordered a new trial on Team's breach of contract claim against Waypoint.[16] The second jury returned a verdict in favor of Team.[17] After receiving post-trial memoranda concerning the disputed question of entitlement to attorneys' fees, the Court found Team is entitled to attorneys' fees as the substantially prevailing party on the breach of contract claim.[18] Waypoint then filed a Motion for Judgment as a Matter of

---

[8] *See* R. Doc. 594.
[9] R. Doc. 626.
[10] R. Docs. 347, 348, 350, 351, 353, 358, 360, 361, 362, 363.
[11] *Id.* ¶ 6.
[12] *Id.* ¶¶ 1–4.
[13] *Id.* ¶ 8.
[14] R. Doc. 370.
[15] R. Doc. 372.
[16] R. Doc. 420, at 8–10.
[17] R. Doc. 559, at 1–5.
[18] R. Docs. 589, 590.

Law and Alternative Motion for New Trial,[19] which was denied.[20] Waypoint filed a notice of appeal.[21] The appeal is currently pending in the United States Court of Appeals for the Fifth Circuit.[22]

On June 11, 2019, Team filed its Rule 54 Motion to Tax Attorneys' Fees and Costs.[23] Team's attorneys' fees, costs, and expenses submissions, including exhibits, contain 353 pages.[24] In its motion, Team seeks $715,538.11 in attorneys' fees, costs, and expenses.[25] Waypoint filed a 31-page opposition memorandum in which it argues Team's motion should be "totally denied because Team fails to prove that the attorneys' fees, expert fees, and costs that Team requests from Waypoint are (1) reasonable and (2) directly related to Team's successful breach of contract claim against Waypoint."[26]

In his Report and Recommendation, Magistrate Judge Wilkinson recommended the resolution of the complex matter of an award of attorneys' fees, costs, and expenses in this case should be deferred until this case is concluded in its entirety.[27] Judge Wilkinson opined that resolving this will require the expenditure of substantial judicial resources that could be wasted depending on the Fifth Circuit's resolution of the appeal. Accordingly, Judge Wilkinson recommended the Court dismiss the motion to tax attorneys' fees without prejudice.

Team objects to Judge Wilkinson's recommendation on the following grounds. First, Team argues the cases Judge Wilkinson relied on in his Report and Recommendation are distinguishable from the case at hand because the courts in those

---

[19] R. Doc. 601
[20] R. Doc. 618.
[21] R. Doc. 620.
[22] C.A. No. 19-30704.
[23] R. Doc. 594.
[24] R. Doc. 594.
[25] *Id.* at 3.
[26] R. Doc. 607, at 5.
[27] R. Doc. 623.

3

cases found deferring the attorneys' fees' issue would not significantly prejudice either party.[28] In contrast, Team argues it will be significantly prejudiced by deferment because it will extend the litigation by several months.[29] Second, Team contends deferring the ruling on the fees and costs will not be judicially efficient because, if the Court rules on the fees and costs before the Fifth Circuit's ruling and the Fifth Circuit then rules in Team's favor, the Fifth Circuit can simultaneously consider the fees and costs.[30] Third Team argues that without a recommendation resolving the dispute before the appeal, there is no chance of settling the case on the merits and alleviating the need for an appeal.[31] Fourth, Team argues deferring a ruling on the fees and costs will defy the final judgment rule and create piecemeal litigation.[32] Finally, Team argues the Court can resolve the fees and costs under Federal Rule of Civil procedure 58(e).[33] Defendant filed a response in opposition to each of Team's objections.[34]

## **LEGAL STANDARD**

In reviewing the Magistrate Judge's Report and Recommendations, the Court must review *de novo* any of the Magistrate Judge's conclusions to which a party has specifically objected.[35] The Court needs only to review the portions of the report to which there are no objections to determine whether they are clearly erroneous or contrary to law.[36]

---

[28] R. Doc. 626, at 3.
[29] *Id.*
[30] *Id.* at 6.
[31] *Id.* at 7.
[32] *Id.*
[33] *Id.* at 8.
[34] R. Doc. 629.
[35] *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.").
[36] *Id.*

4

**LAW AND ANALYSIS**

Federal Rule of Civil Procedure 54(d)(2)(B) requires that a motion for attorneys' fees must be filed no later than fourteen (14) days after the entry of judgment, "[u]nless . . . a court order provides otherwise." Deferring resolution of an attorneys' fees and costs motion by the prevailing party pending resolution of an appeal is not appropriate in every case,[37] but when faced with complex cases that may be overturned on appeal, Courts have frequently deferred a motion for attorneys' fees until the matter is fully resolved.[38] For example, in *National Farmers' Org., Inc. v. Associated Milk Producers, Inc.*, the Eighth Circuit approved a district court's decision to defer "undertaking the time-consuming task of determining a reasonable attorney's fee" in a complex case because that result could yet be overturned on appeal.[39] Specifically, the Eighth Circuit agreed with the district court that "[a]ny award of attorney fees that would be based on judgments that are subject to immediate appellate review would be nothing more than an exercise in futility."[40]

In this case, the Court finds it is most efficient to defer the motion for attorneys' fees and costs until the case is ruled upon by the Fifth Circuit. The proceedings underlying this case are quite complex, consisting of over 600 record documents and encompassing two trials. These complex proceedings will make determinations of attorneys' fees and

---

[37] *See, e.g.*, *Smith v. Board of Commissioners of the Louisiana Stadium and Exposition District, et al*, C.A. No. 17-7267, R. Docs. 97, 107, 112, 119, 137.
[38] *See, e.g.*, *Celtic Marine Corp. v. James C. Justice Companies, Inc.*, 2014 WL 2215755, at *6 (E.D. La. May 28, 2014) (Barbier, J.), *aff'd as modified*, 593 Fed. App'x 300 (5th Cir. 2014); *Malik & Sons, L.L.C. v. Circle K Stores*, 2017 WL 2455648, at *2–4 (E.D. La. May 22, 2017) (van Meerveld, J.) (citing *Nat'l Farmers' Org., Inc. v. Associated Milk Producers, Inc.*, 850 F.2d 1286, 1312 (8th Cir. 1988) ("[R]ather than undertaking the time-consuming task of determining a reasonable attorney's fee, only to see the effort overturned on appeal, the district court wisely deferred ruling on attorney's fees and costs pending appeal."); *Dulin v. Bd. of Comm'rs of Greenwood Leflore Hosp.*, 2013 WL 5464689, at *2 (N.D. Miss. Sept. 30, 2013); *Kirmer v. Goodyear Tire & Rubber Co.*, 2012 WL 2564955, at *1 (E.D. La. July 2, 2012) (Berrigan, J.)).
[39] 850 F.2d 1286, 1312 (8th Cir. 1988).
[40] *Id.*

costs costly in terms of judicial resources. While the Court may one day need to expend those resources, it is not a sure bet that it will. Accordingly, in line with other courts, the Court agrees with the Magistrate Judge that "rather than undertaking the time-consuming task of determining a reasonable attorney's fee, only to see the effort overturned on appeal" it should "defer[] ruling on attorney's fees and costs pending appeal."[41]

Team's objections to the Magistrate Judge's report and recommendation are not persuasive. Although the history of case is not identical to the procedural history of the *Milk* case, or other cases cited in the Magistrate Judge's Report and Recommendation, it is certainly analogous. Both this case and the *Milk* case involved expansive trial court records and the possibility that an appellate court decision could render the motion for attorneys' fees moot. Accordingly, the Magistrate judge was correct in relying on *Milk* to recommend the Court defer ruling on attorneys' fees and costs pending appeal.

Next, the possibility that the Fifth Circuit could simultaneously consider the substantive appeal and an appeal of the attorneys' fees and costs, if the Court rules on the motion for attorneys' fees now, does not overcome other interests in judicial economy, such as the possibility that the Fifth Circuit could render a decision that would moot or otherwise alter a determination of attorneys' fees. Further, it is not clear how a simultaneous consideration by the Fifth Circuit will conserve significant judicial resources. The Fifth Circuit will need to engage in separate analyses of the merits and attorneys' fees issues in this case regardless of whether those appeals are filed simultaneously or consecutively.

---

[41] 850 F.2d at 1312.

Team's allegation that deferring a ruling on the attorneys' fees and costs will preclude any chance of settlement also is without merit. The parties have engaged in four mediations and several settlement conferences. Any chance of settlement has been adequately explored.

Team's argument that waiting to rule on this motion will defy the final judgment rule and create piecemeal litigation is incorrect. The final judgment rule provides that federal courts of appeal have jurisdiction over appeals from "final decisions" of United States district courts. 28 U.S.C. § 1291.[42] In *Budinich v. Becton Dickinson & Co.*, the Supreme Court held a decision on the merits is a "final decision" under § 1291 even if the award or amount of attorneys' fees for the litigation remains to be determined.[43] Accordingly, it does not violate the final judgment rule to defer a decision on attorneys' fees. Likewise, it does not create impermissibly piecemeal litigation to do so.

Lastly, Team incorrectly argues Waypoint's appeal has no effect while the issue of attorneys' fees remains pending. Federal Rule of Appellate Procedure 4(a)(4)(B)(i) provides, "If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." Federal Rule of Appellate Procedure 4(a)(4)(A) lists the motions that may suspend the effect of a notice of appeal. In subsection (iii) the Rule lists a motion "for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58." Rule 4(a)(4)(A) does not otherwise list

---

[42] *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Engineers & Participating Employers*, 571 U.S. 177, 179 (2014).
[43] 486 U.S. 196 (1988).

any motions for attorneys' fees. In this case, the Court did not take any action to extend the appeal deadline under Rule 58 of the Federal Rules of Civil Procedure. As a result, Waypoint's notice of appeal was not suspended under Federal Rule of Appellate Procedure 4(a)(4)(A) and (B).

## CONCLUSION

For the foregoing reasons, the Court **APPROVES** the magistrate judge's report and recommendation and **ADOPTS** it as its own. **IT IS ORDERED** that Plaintiff's motion for attorneys' fees and costs is **DISMISSED WITHOUT PREJUDICE** to refiling, subject to the Court's accompanying order preserving Plaintiff's claims and extending the time in which Plaintiff must file its renewed motion for attorneys' fees and costs to twenty-eight days after entry of the mandate by the United States Court of Appeals for the Fifth Circuit resolving the pending appeal.

**New Orleans, Louisiana, this 10th day of January, 2019.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**