UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TEAM CONTRACTORS, LLC,**<br>　　**Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO.  16-1131** |
| **WAYPOINT NOLA, LLC,**<br>**ET AL.,**<br>　　**Defendants** | **SECTION: "E"(2)** |

**ORDER AND REASONS**

Before the Court is Defendant Waypoint NOLA, L.L.C.'s ("Waypoint") Motion to Fix Attorneys' Fees and Costs.[1] Waypoint filed a memorandum in support of its request to be declared the substantially prevailing party and to fix attorneys' fees and costs.[2] Plaintiff Team Contractors, L.L.C. ("Team") opposes Waypoint's motion.[3] Also before the Court is Plaintiff Team's Motion to Declare Plaintiff the Substantially Prevailing Party.[4] The motion is opposed by Waypoint.[5] The Court has considered the briefs, the record, and the applicable law, and now issues its ruling.

**BACKGROUND**

This case involves the development and construction of the Hyatt House hotel in downtown New Orleans, Louisiana ("the Project").[6] Team's claims against Waypoint arose out of the construction contract for the Project ("Prime Contract") between Team—the general contractor—and Waypoint—the Project's owner—entered into on September

---

[1] R. Doc. 635.
[2] R. Doc. 643.
[3] R. Doc. 647.
[4] R. Doc. 644.
[5] R. Doc. 648.
[6] R. Doc. 1 at 2.

1

24, 2014.[7] The Prime Contract terms include a prevailing party provision. Specifically, article 15.3.2 of the Prime Contract provides:

> In the event of any litigation arising under this Agreement, should one party substantially prevail with respect to the matters being litigated, the non-prevailing party shall pay the prevailing party's costs and expenses of such litigation, including attorneys' and experts' fees.[8]

Thus, if either Team or Waypoint "substantially prevail[ed]" against the other in this litigation, then that prevailing party is entitled to recover its attorneys' fees, experts' fees, and costs.

On February 5, 2016, Team filed suit against Waypoint for breach of contract and negligence and against several subcontractors/designers who worked on the Project, including HC Architecture, Inc. ("HCA") and KLG, L.L.C. ("KLG"), for negligence.[9] In its Complaint, Team alleged, *inter alia*, that Waypoint was liable to Team for over a million dollars in payments due and owed under the Prime Contract for completed and accepted work.[10] On July 10, 2017, a year and five months after the suit was filed, Waypoint paid Team $1,023,514.09 for completed and accepted work.[11] Waypoint responded that this payment did not constitute a breach of the Prime Contract because Team had not submitted a proper final waiver of liens until that time.[12]

On February 26, 2018, the case went to trial on the breach of contract claim against Waypoint and the design-related negligence claims against HCA and KLG.[13] On March 9,

---

[7] *Id.*
[8] R. Doc. 643-1 at 49.
[9] R. Doc. 1, ¶¶ 36-43. KLG is now known as Salas O'Brien South, L.L.C., but will be referred to as KLG in this Order, as it was at trial. R. Doc. 34 at 1. Team did not pursue its negligence claim against Waypoint at trial.
[10] The paragraphs of the Complaint seeking damages for completed and accepted work are paragraphs 48 and 49, which damages total $1,183,398.03.
[11] R. Doc. 548 at 11.
[12] R. Doc. 481 at 44-46. Team separately sought damages for extra work due to various design defects from HCA and KLG. R. Doc. 1, ¶ 49.
[13] R. Doc. 347.

2

2018, the jury returned its verdict.[14] Regarding Team's breach of contract claim against Waypoint, the jury found Waypoint did not breach the Prime Contract:

> Has it been shown by a preponderance of the evidence that Waypoint breached the contract?
> \_\_\_\_\_ YES          ✓ NO[15]

Regarding Team's claim for damages based on contractual interest owed for Waypoint's failure to pay for completed and accepted work until more than one year after suit was filed, the jury awarded no damages:

> Enter an amount in each category of damages you find should be awarded (you may enter $0 for any category):
> a. Unapproved Change Orders    $  - 0 -
> b. Contractual Interest              $  - 0 -
>       TOTAL:                              $  - 0 -   [16]

The Court entered final judgment on March 19, 2018, pursuant to the jury verdict. The Judgment stated in relevant part:

> [C]onsidering the verdict rendered by the jury on March 9, 2018;
>
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that there be judgment in favor of the Plaintiff, Team Contractors, L.L.C., and against the Defendants HC Architecture, L.L.C., Salas O'Brien South, L.L.C., Bob G. Beach, and Danny Lundstrom, on Plaintiff's negligence claims in the amount of $509,381.99, plus interest and costs.
>
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that there be judgment in favor of Defendant Waypoint NOLA, L.L.C., and against Plaintiff, Team Contractors, L.L.C., on Plaintiff's breach of contract claim against Waypoint NOLA, L.L.C.[17]

---

[14] R. Doc. 364.
[15] *Id.* at 2.
[16] *Id.* at 4.
[17] R. Doc. 370 (footnotes omitted).

## **LAW AND ANALYSIS**

The contract between Team and Waypoint is governed by Louisiana law.[18] Under Louisiana law, attorneys' fees are not recoverable unless authorized by contract or statute.[19] "The words of a contract must be given their generally prevailing meaning."[20] "Although a contract is worded in general terms, it must be interpreted to cover only those things it appears the parties intended to include."[21] "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent."[22] If the words of a contract are ambiguous, the Court must engage in "interpretation of [the] contract" to "determine[e] . . . the common intent of the parties."[23] When attorneys' fees are authorized, "[t]he trial court is vested with much discretion in determining the amount of attorneys' fees."[24]

The Prime Contract requires that a party "substantially prevail with respect to the matters being litigated."[25] Black's Law Dictionary defines "prevailing party" as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded."[26] This definition is in line with that of Louisiana courts, which have required prevailing parties to receive a judgment or verdict in their favor on an issue.[27] For example, in *Megatrend Telecommunications., Inc. v. Rees Marine, Inc.*, the court defined a prevailing

---

[18] R. Doc. 643-1 at 44.
[19] *Peyton Place, Condo. Assocs., Inc. v. Gustella*, No. 08-365 at p. 19 (La. App. 5 Cir. 5/29/09), 18 So. 3d 132, 146; *see also Cajun Concrete Servs., Inc. v. J. Caldarera & Co.*, No. 99-1205 at p. 6 (La. App. 5 Cir. 4/12/00), 759 So. 2d 237, 240; *Rhodes v. Collier*, 41 So. 2d 669, 764 (La. 1949).
[20] La Civ. Code art. 2047 (2021).
[21] *Id*. art. 2051.
[22] *Id*. art. 2046.
[23] *Ark-La-Tesx Safety Showers, LLC v. Jorio*, No. 48, 478 at p. 12 (La. App. 2 Cir. 12/18/13), 132 So. 3d 986, 994; *see also* La. Civ. Code art. 2045 ("Interpretation of a contract is the determination of the common intent of the parties."); *id*. art. 1983 ("Contracts have the effect of law for the parties . . . .").
[24] *Peyton Place*, No. 08-365 at p. 20, 18 So. 3d at 146.
[25] R. Doc. 643-1 at 49.
[26] *Party*, Black's Law Dictionary (11th ed. 2019).
[27] *See, e.g.*, *Megatrend Telecomms., Inc. v. Rees Marine, Inc.*, No. 95-1084 at p. 3 (La. App. 5 Cir. 4/16/96), 673 So. 2d 1098, 1100; *Peyton Place*, No. 08-365 at p. 22, 18 So. 3d at 147.

party as "the party to a suit who successfully prosecutes the action or successfully defends against it, prevailing on the main issue."[28] Similarly, in *Peyton Place, Condominium Associates, Inc. v. Gustella*, the court cited with approval the United States Supreme Court's definition of a prevailing party: the "typical formulation [of the prevailing party standard] is that 'plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'"[29] In *Ark-La-Tex Safety Showers, LLC v. Jorio*, the court reversed the district court's finding that the plaintiff was a prevailing party because, while the plaintiff received one of its demands, a preliminary injunction, by stipulation before the trial, the plaintiff ultimately lost on all its remaining claims at trial and received a judgment against it.[30]

Waypoint argues it is a prevailing party because it successfully defended Team's breach of contract claim. The jury found Waypoint did not breach the Prime Contract, and Team recovered "$0" from Waypoint at trial. The only judgment in Team's favor was against HCA and KLG on Team's negligence claim against them, which were not awards under the Prime Contract. Because Waypoint successfully defended the breach of contract claim against it, and Team was awarded no damages against Waypoint, the Court finds Waypoint is a prevailing party under the Prime Contract.

Team argues it also is a prevailing party, presenting two main arguments. First, it argues the damages for negligence it was awarded from HCA and KLG, subcontractors of Waypoint, show it prevailed. The attorneys' fees, experts' fees, and costs provision of the

---

[28] *Megatrend*, No. 95-1084 at p. 3, 673 So. 2d at 1100.
[29] *Peyton Place*, No. 08-365 at p. 22, 18 So. 3d at 147 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).
[30] No. 48,478 at pp. 2-4, 12-13 (La. App. 2 Cir. 12/18/13), 132 So. 3d 986, 989-90, 994.

Prime Contract, Team argues, includes litigation against any party so long as the claims "aris[e] under" the Prime Contract, and the claims against HCA and KLG are included under this provision because they can be traced to extra work Team undertook under the Prime Contract. Second, Team argues it is a prevailing party because Waypoint paid Team $1,023,514.09 owed under the Prime Contract eight months before the trial. While Waypoint voluntarily paid this amount before trial, Team argues it was forced to file suit for breach of the Prime Contract in order to get Waypoint to do so.

Team's negligence award against HCA and KLG does not render Team a prevailing party under the Prime Contract. By its terms the prevailing party clause applies only to "litigation arising under this Agreement." The only claims arising under the "Agreement" are ones for breach of contract. Team sued HCA and KLG in tort, not contract, under Louisiana Civil Code article 2315. In fact, Team's Complaint states it brings the claims against HCA and KLG "[p]ursuant to Louisiana Civil Code article 2315."[31]

Turning to Team's breach of contract claim, Waypoint's payment of $1,023,514.09 prior to trial also does not render Team a prevailing party in the litigation. Team argues it prevailed because it has shown Waypoint's failure to pay this amount until July 10, 2017, was a breach of the Prime Contract. Because, Team argues, Waypoint breached the contract and Team was required to file suit to force Waypoint to pay the amount due, Team is a prevailing party. In reality, this claim was presented to the jury, and the jury found Waypoint had not breached the Prime Contract by delaying the payment until July 10, 2017, because an adequate lien waiver was not presented until that time. That this

---

[31] R. Doc. 1, ¶¶ 42, 46.

6

claim was decided by the jury is clear from an examination of the evidence and arguments at trial, as well as the jury's verdict.

In its opening statement at trial, Team argued it was owed contractual interest for Waypoint's breach of contract by its failure to pay unpaid contract amounts when due. Team stated:

> [T]here are [sic] an additional number of items for which Team did submit change orders throughout the project for additional work, changes in work, additional items that Team was owed money for under the contract . . . . [O]nce Team had incurred the significant financial burden of fulfilling these acceleration orders, once the project had been completed as quickly as possible, to add insult to injury, Waypoint, without justification, withheld over $1 million of Team's already approved contract balance for work that Waypoint had accepted and was already enjoying the use of. . . . **[T]he contractual interest [is what] Team is owed for the period of time that Waypoint unjustifiably withheld that remaining contract balance.**[32]

During its opening argument, Team displayed for the jury a demonstrative exhibit listing the damages owed by Waypoint, including contractual interest in the amount of $38,397.78 for its late payment of the $1,023,514.09.[33] Witnesses for Team and Waypoint testified regarding the approval and payment process for Team's pay applications and when Waypoint received an adequate final lien waiver.[34]

After Team rested its case, Defendants moved for judgment as a matter of law under Rule 50.[35] Team responded that the Rule 50 motions should be denied because it had presented sufficient evidence for a reasonable jury to find in its favor on the breach of contract and contractual interest claim:

> The fourth category [of damages] is interest due for [Waypoint's] failure to pay the million dollars. It's uncontroverted, Judge, that Waypoint acknowledged in July of 2016 that it owed a million dollars. It waited until

---

[32] R. Doc. 539 at 112 (emphasis added).
[33] R. Doc. 506-2.
[34] R. Doc. 540 at 152-55, 196-97.
[35] R. Doc. 479 at 183-190.

July 2017 to pay them that million dollars. That million dollars isn't what's at issue in this case. **That million dollars was owed by Waypoint, they failed to pay it. There's clearly been a breach of contract and under the contract, [Team is] entitled to additional damages arising from that failure.**[36]

In its closing argument, Team reiterated its claim against Waypoint for contractual interest based on Waypoint's breach of the Prime Contract:

> We discussed a number of unpaid change orders that were submitted during the course of the project. Mr. Laski testified that those change orders were rejected, but the contractual process for dispute resolution of these items was not followed. Mr. Laski testified earlier today that the disputes were forwarded to the architect and never responded to. . . . **Waypoint withheld final payment for work that had been accepted and approved for over one year after the project ended. . . . Team is owed interest on the unpaid contract amount as stated throughout the case and as enumerated at the beginning of trial.**[37]

Waypoint argued in its closing statement that it was justified in delaying payment until it received an adequate final lien waiver[38]

Ultimately, the jury found Waypoint had not breached the Prime Contract, including by withholding payment until it received an adequate final lien waiver. The jury's verdict is clear. Waypoint did not breach the Prime Contract by delaying the payment until July 10, 2017.[39] Concomitantly, the jury found Team was owed no contractual interest.[40]

Because the jury found Waypoint did not breach the Prime Contract, Waypoint was within its contractual rights not to pay Team until July 10, 2017. Waypoint's payment when payment was due, even though suit had been filed, does not confer prevailing party

---

[36] *Id.* at 193-94 (emphasis added).
[37] R. Doc. 481 at 212. (emphasis added).
[38] *Id.* at 277-80.
[39] R. Doc. 364 at 2.
[40] *Id.* at 4.

8

status on Team; instead, Waypoint merely performed as contemplated by the agreement. For these reasons, the Court finds Team is not a prevailing party under the Prime Contract.

## CONCLUSION

**IT IS ORDERED** that Defendant Waypoint NOLA, L.L.C.'s Motion to Fix Attorneys' Fees and Costs[41] is **GRANTED** insofar as the Court finds Waypoint is the prevailing party under the Prime Contract entitled to recover its attorneys' fees, experts' fees, and costs. The motion is **REFERRED** to the Magistrate Judge for determination of the amount of attorneys' fees, experts' fees, and costs owed. [42]

**IT IS FURTHER ORDERED** that Plaintiff Team Contractors, L.L.C.'s Motion to Declare Plaintiff the Substantially Prevailing Party[43] is **DENIED**.

**New Orleans, Louisiana, this 29th day of September, 2021.**

                                                                 **SUSIE MORGAN**
                                **UNITED STATES DISTRICT JUDGE**

---

[41] R. Doc. 635.
[42] *See* LR 54.2, 54.3, 54.3.1.
[43] R. Doc. 648.

9