UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TEAM CONTRACTORS, LLC | * | CIVIL ACTION |
| VERSUS | * | NO. 16-1131 |
| WAYPOINT NOLA, LLC, ET AL. | * | SECTION "E" DIV. (2) |

## REPORT AND RECOMMENDATION

Team Contractors, LLC's ("Team") Motion to Stay Enforcement of Judge Morgan's September 29, 2021 Order and for Settlement Conference (ECF No. 661) is pending before me in this matter. Defendant Waypoint NOLA, LLC ("Waypoint") filed a timely Opposition Memorandum. ECF No. 663. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, the undersigned RECOMMENDS that Team's Motions for Stay and for Settlement Conference[1] be GRANTED for the reasons stated herein and that Waypoint's Motion to Fix Attorneys' Fees and Costs (ECF No. 635) be DISMISSED WITHOUT PREJUDICE, subject to an accompanying order preserving Waypoint's claims and extending the time during which it must

---

[1] While a post-trial motion for attorneys' fees is considered a dispositive matter, motions to stay are considered nondispositive in nature subject to the "clearly erroneous or contrary to law" standard of review. *See, e.g.*, *U.S. ex rel. Becker v. Tools & Metals, Inc.*, Nos. 05-0627; 05-2301, 2013 WL 1293818, at *3 (N.D. Tex. Mar. 31, 2013) (citations omitted). In this case, however, the motion to stay is raised post-trial, not pretrial. Accordingly, the undersigned issues this Report and Recommendation in accordance with Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636. *Cf. Stonehenge/FASA-Tex. JDC, L.P. v. Miller*, No. 98-0155, 1998 WL 699366, at *1 (5th Cir. Sep. 24, 1998) (holding post-trial turnover motion referred to magistrate for determination is not within § 636(b)(1)'s authority to refer pretrial matters for decision, but under § 636(b)(3)); *McLeod, Alexander, Powel & Apfffel, P.C. v. Quarles*, 925 F.2d 853, 854, 856 (5th Cir. 1991) (identifying matters that may be decided by magistrates listed in 28 U.S.C. § 636(b)(1)(A) and tried by consent under 28 U.S.C. § 636(c) and recognizing that all other matters are referred only for report and recommendation under 28 U.S.C. § 636(b)(1)(B) or 28 U.S.C. § 636(b)(3)); *Parks ex rel. Parks v. Collins*, 761 F.2d 1101, 1105 n.6 (discussing interplay between § 636(b)(3) and § 636(c)).

file its renewed motion for attorneys' fees to twenty-eight (28) days after entry of the mandate by the United States Court of Appeals for the Fifth Circuit resolving the pending appeal.

I. **BACKGROUND**

This dispute arises out of the development and construction of the Hyatt House hotel in New Orleans, Louisiana. Plaintiff Team Contractors, LLC ("Team") filed suit against the owner Waypoint NOLA, LLC ("Waypoint"), HC Architecture, LLC ("HCA") and KLG, LLC ("KLG") asserting breach of contract claims against Waypoint and negligence claims against all defendants.[2] Waypoint answered and filed a third party complaint against Catlin Insurance Company, Inc., Danny Y. Lundstrom, and Bobby G. Beach as well as a crossclaim against Salas O'Brien South, LLC (formerly KLG[3]) and HCA.[4]

After a two-week jury trial (February 26 - March 2; March 5 - 9, 2018),[5] the jury returned a verdict finding that Waypoint did not breach the contract and awarding -0- for unapproved change orders and contractual interest.[6] The jury did, however, find that the KLG and HCA were negligent and assigned 90% of the liability to them and 10% of the liability to Waypoint and its non-party representative Steve Laski.[7] On post-trial motions, Judge Morgan vacated the judgment and granted a new trial on Team's breach of contract claim against Waypoint.[8] After the second trial (April 15 - 17, 2019), the jury returned a verdict finding that Waypoint breached the contract by not paying the full amounts of certain change orders and portions of other change orders.[9]

---

[2] ECF No. 1; *see also* ECF No. 8 (First Amended Complaint).
[3] ECF No. 34, at 1.
[4] ECF No. 14. Team filed a Second Amended Complaint adding Beach and Lundstrom as defendants to its claim of negligence. ECF No. 50.
[5] ECF Nos. 347, 348, 350, 351, 354, 358, 360–63.
[6] ECF No. 364, at 4. During trial, Team did not pursue its negligence claims against Waypoint. *See* ECF No. 420, at 2.
[7] ECF No. 364, at 4.
[8] ECF No. 420.
[9] ECF No. 559.

After entry of final judgment, Waypoint appealed various rulings, including Judge Morgan's September 6, 2018 decision vacating the first judgment in its favor.[10] The Fifth Circuit vacated Judge Morgan's September 6, 2018 Order, reinstated the first jury's verdict in favor of Waypoint and against Team, and directed the court to determine which party is the "substantially prevailing party" for purposes of the fee shifting provision in the contract.[11] By Order and Reasons dated September 29, 2021, Judge Morgan determined that Waypoint is the substantially prevailing party entitled to recover attorneys' fees, experts' fees and costs pursuant to the contract.[12] Judge Morgan referred the determination as to the amount of fees to the undersigned magistrate judge.[13]

Waypoint seeks an award of $1,121,695.79 in attorneys' fees and $44,389.99 in costs. ECF No. 635. Team filed an opposition setting forth numerous objections to Waypoint's request, including attacking Waypoint's entitlement to a substantial portion of those fees because they were incurred in pursuit of its own claim against previously dismissed parties. ECF No. 655. Pursuant to Fed. R. App. P. 8(a), Team requests a stay of Judge Morgan's September 29, 2021 Order and asks that the undersigned defer ruling on the amount of attorneys' fees until resolution of its appeal. ECF No. 661-1, at 1–2. Team relies in large part on Judge Morgan's prior decision to stay the determination of attorneys' fees awarded to Team as the prevailing party of the second trial. *Id.* at 2–3. Team also requests a settlement conference. *Id.* at 3.

Waypoint opposes the motion to stay, arguing that this matter has been pending for over five years and there is no reason to delay resolution of the amount of fees based on Team's appeal of the court's determination that Waypoint is the prevailing party. ECF No. 663, at 2. Waypoint does not address the request for a settlement conference. *Id.* Waypoint argues that the attorneys'

---

[10] ECF No. 620.
[11] ECF No. 634.
[12] ECF No. 650.
[13] *Id.*

fee motion has been fully briefed and judicial efficiency requires that it be addressed now so that Team's appeal of that determination can be consolidated with its current appeal. *Id.* at 2–3.

## II.     LAW AND ANALYSIS

A court has the inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants,"[14] and this authority includes the wide discretion to grant a stay in a pending matter.[15] When "the interests of justice seem[ ] to require such action," a court may exercise its discretion to stay civil proceedings, postpone discovery, or impose protective orders and conditions.[16] "Proper use of this authority 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'"[17]

The four relevant factors in considering whether to issue a stay pending appeal are: (1) whether the applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.[18] Of these factors, the likelihood of success on the merits and irreparable harm are "the most critical."[19] The moving party bears the burden to show that a stay is warranted.[20] Notably, a stay is "an exercise of judicial discretion," and "is not a matter of right, even if irreparable injury might otherwise result."[21]

---

[14] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).
[15] *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990).
[16] *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) (discussing deferring civil proceedings pending completion of criminal proceeding); *see also Mayo v. Tri-Bell Indus.*, 787 F.2d 1007, 1012 (5th Cir. 1986).
[17] *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (quoting *Landis*, 299 U.S. at 254–55).
[18] *Cook v. Marshall*, No. 17-5368, 2019 WL 2437071, at *1 (E.D. La. June 10, 2019) (citing *Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbot*, 734 F.3d 406, 410 (5th Cir. 2013)).
[19] *Nken v. Holder*, 556 U.S. 418, 434 (2009).
[20] *See Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982) (citing *Drummond v. Fulton Cty. Dep't of Family & Child. Servs.*, 532 F.2d 1001, 1002 (5th Cir. 1976)).
[21] *Nken*, 666 F.2d at 433.

Rule 54(d)(2)(B) expressly recognizes that the court may extend the deadline for an attorneys' fee motion. The advisory committee notes to this rule instruct: "If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved."[22] Courts frequently defer ruling on a motion for attorneys' fees until the matter is fully resolved.[23] Indeed, in this case, Judge Morgan adopted the Report and Recommendation by Magistrate Judge Wilkinson (retired) for a dismissal without prejudice with regard to Team's Motion to Fix Attorneys' Fees. *See* ECF Nos. 594, 623, 632.

As Judge Morgan recognized in January 2020, this is a complex construction dispute. ECF No. 632, at 1. It has entailed over 600 record entries, with two trials and multiple claims against multiple parties. Determination of current fee request entails a review of 51 invoices (ECF No. 635-11 (invoice summary) consisting of 444 pages of billing records (ECF No. 635-15 (sealed)) and 190 pages of costs (ECF No. 635-15). Team contests not only Waypoint's entitlement to fees, which is on appeal, but also its entitlement to fees incurred while simultaneously pursuing its own claims against the designers, its billing judgment, and the number of hours reasonably expended, arguing that Waypoint should recover only 4% of the fees sought, or alternatively, 20%. ECF No. 655, at 14-16.

---

[22] Fed. R. Civ. Proc. 54 advisory committee's note to 1993 amendment; *see also 9503 Middlex, Inc. v. Cont'l Motors, Inc.*, 834 F. App'x 865, 874 (5th Cir. 2020) (citing advisory committee note and recognizing that district courts often defer ruling on motions for attorneys' fees where district court deferred ruling on appellate fees).

[23] *See, e.g., Celtic Marine Corp. v. James C. Justice Cos.*, No. 11-3005, 2014 WL 2215755, at *6 (E.D. La. May 28, 2014) (Barbier, J.), *aff'd as modified*, 593 F. App'x 300 (5th Cir. 2014); *Malik & Sons, L.L.C. v. Circle K Stores*, No. 15-6938, 2017 WL 2455648, at *2–4 (E.D. La. May 22, 2017) (van Meerveld, J.) (citing *Nat'l Farmers' Org., Inc. v. Assoc. Milk Producers, Inc.*, 850 F.2d 1286, 1312 (8th Cir. 1988), *amended*, 878 F.2d 1118 (8th Cir. 1989) ("[R]ather than undertaking the time-consuming task of determining a reasonable attorney's fee, only to see the effort overturned on appeal, the district court wisely deferred ruling on attorney's fees and costs pending appeal.")), *R & R adopted* 2017 WL 2444885 (E.D. La. June 6, 2017); *Dulin v. Bd. of Comm'rs of Greenwood Leflore Hosp.*, No. 07-194, 2013 WL 5464689, at *2 (N.D. Miss. Sept. 30, 2013) (denying a motion for attorneys' fees without prejudice to renewal following resolution of the appeal); *Kirmer v. Goodyear Tire & Rubber Co.*, No. 11-069, 2012 WL 2564955, at *1 (E.D. La. July 2, 2012) (Berrigan, J.) (adopting the magistrate judge's recommendation to dismiss the motion for attorneys' fees as premature due to a pending appeal of a partial final judgment).

If Team succeeds on its appeal and Waypoint is not the "prevailing party," then Waypoint would not be entitled to fees and the resources expended in reviewing the voluminous billing records would have been wasted. If Waypoint prevails on appeal, then it would also be entitled to additional fees incurred on appeal, which would require the court to address fees for a second time. Waypoint does not argue that it will suffer any prejudice by deferring the fee determination. Rather, Waypoint raises some of the same arguments previously rejected by Judge Morgan (e.g., a determination now will allow consolidation of the appeal of the fee amount with the pending appeal). ECF No. 663, at 3. Waypoint's "judicial economy" argument entirely ignores the resources that must be expended to determine the fees, including the review of voluminous billing records, and the possibility that the Fifth Circuit's decision could moot the determination altogether. As Judge Morgan has explained:

> [T]he possibility that the Fifth Circuit could simultaneously consider the substantive appeal and an appeal of the attorneys' fees and costs, if the Court rules on the motion for attorneys' fees now, does not overcome other interests in judicial economy, such as the possibility that the Fifth Circuit could render a decision that would moot or otherwise alter a determination of attorneys' fees. Further, it is not clear how a simultaneous consideration by the Fifth Circuit will conserve significant judicial resources. The Fifth Circuit will need to engage in separate analyses of the merits and attorneys' fees issues in this case regardless of whether those appeals are filed simultaneously or consecutively.

Having failed to establish any prejudice from the deferral of the fee determination until after the Fifth Circuit rules and considering the substantial resources that must be expended to determine the appropriate fee award which may be mooted by the appeal, deferral of the fee determination at this time is appropriate.

Waypoint did not address Team's request for a settlement conference. Although the parties have engaged in prior settlement conferences, the different nature of the current status of the case

justifies exploration of potential resolution. Accordingly, the undersigned will conduct a settlement conference, as requested.

### III.   CONCLUSION

Accordingly, for the foregoing reasons,

IT IS RECOMMENDED that Team's Motions for Stay and for Settlement Conference be GRANTED and that Waypoint's Motion to Fix Attorneys' Fees and Costs (ECF No. 635) be DISMISSED WITHOUT PREJUDICE to refiling, if appropriate, no later than 28 days after the pending appeal has been resolved by issuance of mandate by the United States Court of Appeals for the Fifth Circuit, at which time Waypoint must request and provide evidence of any additional attorneys' fees it seeks, and that the parties contact the undersigned's chambers within 7 days to schedule a settlement conference.

New Orleans, Louisiana, this 18th day of November, 2021.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE