UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TEAM CONTRACTORS, LLC | * | CIVIL ACTION |
| VERSUS | * | NO. 16-1131 |
| WAYPOINT NOLA, LLC, ET AL. | * | SECTION "E" DIV. (2) |

## FINDINGS AND RECOMMENDATION

On September 29, 2021, the Honorable Susie Morgan granted in part Defendant Waypoint NOLA, LLC's ("Waypoint") Motion to Fix Attorneys' Fees and Costs (ECF No. 635), finding that it was the prevailing party under the terms of the governing contract and entitled to recover attorneys' fees, experts' fees and costs in this litigation. ECF No. 650. Judge Morgan referred the motion to the undersigned magistrate judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for a determination of the amount of attorneys' fees, experts' fees, and costs. ECF No. 650, at 9. The matter was stayed pending appeal. ECF Nos. 668, 674. After remand, Waypoint re-filed its Motion to Fix Attorneys' Fees and Costs, which was again referred to the undersigned after which a briefing schedule was issued. ECF Nos. 675, 678, 679. Plaintiff Team Contractors, LLC filed a timely Opposition Memorandum, and Waypoint filed a Reply Memorandum. ECF Nos. 683, 684. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Waypoint seeks $1,186,647.54 in attorneys' fees and $44,755.11 in experts' fees and costs. Considering the record, the submissions and arguments of counsel, and the applicable law, the undersigned RECOMMENDS that Defendant Waypoint be awarded $889,985.65 in attorneys' fees and $38,151.51 in costs, as the prevailing party in this litigation, for the reasons stated herein.

## I.    **BACKGROUND**

This dispute arises out of the development and construction of the Hyatt House hotel in New Orleans, Louisiana.  On February 5, 2016, Plaintiff Team Contractors, LLC ("Team") filed suit against the owner Waypoint NOLA, LLC ("Waypoint"), HC Architecture, LLC ("HCA") and KLG, LLC ("KLG") asserting breach of contract claims against Waypoint and negligence claims against all defendants.[1]  Waypoint answered and filed a third party complaint against Catlin Insurance Company, Inc., Danny Y. Lundstrom, and Bobby G. Beach as well as a crossclaim against Salas O'Brien South, LLC (formerly KLG, LLC[2]) and HC Architecture, Inc.[3]

Team alleged that Waypoint owed $840,890.41 of the contract price and $342,507.62 in uncompensated work performed pursuant to written or oral change orders, and that all defendants were liable for $1,185,000 in extra costs.[4]  On July 10, 2017, ten months after suit, Waypoint paid Team $1,023,514.09 for completed and accepted work.[5]  Team claimed the July 10, 2017 payment was untimely and thus a breach of contract, whereas Waypoint argued it was timely because Team had not submitted the proper final line waiver documents until that time.[6]  At trial, Team pursued its breach of contract claim based on the timing of the July 10, 2017 payment.

### A.  **The First Trial**

The court held a two-week jury trial (February 26 - March 2; March 5 - 9, 2018).[7]  On March 9, 2018, the jury returned a verdict, finding that Waypoint did not breach the contract and

---

[1] ECF No. 1; *see also* ECF No. 8 (First Amended Complaint).
[2] ECF No. 34, at 1.
[3] ECF No. 14.  Team filed a Second Amended Complaint adding Beach and Lundstrom as defendants to its claim of negligence.  ECF No. 50.
[4] ECF No. 1, ¶¶ 47, 48, 49.  Although Team pursued its negligence claim against the other defendants, it did not pursue its negligence claim against Waypoint at trial.  *See* ECF No. 364; *see also* ECF No. 650, at 2 n.9.
[5] ECF No. 548, at 11.
[6] ECF No. 481, at 44-46.
[7] ECF Nos. 347, 348, 350, 351, 354, 358, 360, 361, 362, 363.

awarding -0- for unapproved change orders and contractual interest.[8]  The jury did, however, find that KLG and HCA were negligent and assigned 90% of the liability to them and 10% of the liability to Waypoint and its non-party representative Steve Laski.[9]  The court entered judgment in favor of Team and against Defendants HCA, Salas O'Brien South, L.L.C. (formerly KLG), Bob G. Beach, and Danny Y. Lundstrom in the amount of $509,381.99, plus interest and costs, and entered judgment in favor of Waypoint and against Team on the breach of contract claim.[10]

Construing Team's Motion to Amend Judgment pursuant to Rule 59(e) as a Rule 49(a) new trial motion, on September 6, 2018, Judge Morgan vacated the judgment in favor of Waypoint and granted a new trial on Team's breach of contract claim against Waypoint.[11]  Judge Morgan found that the jury's findings on Team's breach of contract claim against Waypoint were irreconcilably inconsistent with its assignment of 10% of liability for damages to Waypoint and its representative in a later errors and omissions jury interrogatory relating to HCA and KLG.[12]

### B.  The Second Trial

A second trial took place on April 15 - 17, 2019, limited to Team's claims against Waypoint for five change orders unrelated to design errors and for contractual interest arising from Waypoint's allegedly untimely payment on July 10, 2017.[13]  The jury returned its verdict on April 17, 2019, finding that Waypoint breached the contract by not paying the full amounts of certain change orders and parts of other change orders, and it awarded damages in the amount of

---

[8] ECF No. 364, at 2, 4.
[9] *Id.* at 4.
[10] ECF No. 370.
[11] ECF No. 420.
[12] *Id.* at 10.
[13] ECF No. 519, at 7-8; see also ECF Nos. 550, 554, 555.

$59,746.43.[14]  The court then entered judgment in favor of Team and against Waypoint in the amount of $113,766.36, plus interest.[15]

### C.  The Appeal

After entry of final judgment, on August 27, 2019, Waypoint appealed various rulings, including Judge Morgan's September 6, 2018 decision vacating the first judgment in Waypoint's favor.[16]  The Fifth Circuit vacated the September 6, 2018 Order, reinstated the first jury's verdict in favor of Waypoint and against Team, and directed the court to determine which party is the "substantially prevailing party" for purposes of the fee shifting provision in the contract.[17]  By Order dated September 29, 2021, Judge Morgan found that Waypoint is the prevailing party under the contract, and as such, entitled to recover attorneys' fees, experts' fees and costs.[18]  Judge Morgan further found that Team was not the prevailing party under the contract.[19]

### D.  The Motion to Fix Fees and Costs

Waypoint re-filed its Motion to Fix Attorneys' Fees seeking $1,186,647.54 in attorneys' fees and $44,755.11 in costs.[20]  It contends that Team recovered nothing despite pursuing claims of lost profits ($3,792,540), damages due to design errors ($1,342,087), and contract interest damages for breach of contract ($103,423l).[21]

Waypoint's fees totaled $1,430,402.00 for the period of February 2016 through the dismissal of appeal on June 6, 2022, with deductions of $90,841.54 in fees related to prosecution of its bad faith claim against HCA's and KLG's insurer, $31,139.65 in fees related to its

---

[14] ECF No. 559.
[15] ECF No. 590.
[16] ECF No. 620.
[17] ECF No. 634.
[18] ECF No. 650.
[19] *Id.* at 8-9.
[20] ECF No. 675; No. 675-1, at 1.
[21] ECF No. 675-1, at 3-4.

prosecution or settlement of its claims against HCA and KLG, and $51,341.37 for items it deemed unrelated to Team, and with additional miscellaneous deductions of $70,431.19, leaving a balance of $1,186,647.54.[22]  Waypoint also seeks costs of $44,755.11.[23]  Waypoint contends that it has provided detailed invoices and backup time entries to support its request.[24]  While acknowledging that, before February 18, 2018, it was not only defending Team's claims but also prosecuting its own design errors and omissions claims against HCA and KLG and that the fees attributable to those closely interwoven issues cannot be separated, it did segregate and deduct $90,841.54 in fees in connection with its bad faith claim against HCA's and KLG's insurer, $31,139.65 in fees in connection with settlement of its claims against HCA and KLG, and $51,341.37 in fees for miscellaneous issues not related to Team.[25]  It further contends that it exercised billing judgment, deducted fees not related to Team's claims or that were duplicative, which time entries reflect "no charge," and it also included courtesy discounts resulting in the removal of $70,431.90 in fees.[26]

Team opposes Waypoint's request, arguing that Waypoint has failed to exercise billing judgment insofar as it makes no effort to reduce its fees for work relating to its claims against other parties (HCA and KLG).[27]  Team contends that Waypoint initiated this litigation when it filed suit in state court against KLG and HCA for design errors and omissions three months before Team filed this suit, so its fees and costs incurred before the February 18, 2018, settlement with HCA and KLG, would have been incurred regardless of Team's suit because they related to Waypoint's

---

[22] ECF No. 675-6, ¶¶ 15-17, at 5.
[23] *Id*. ¶18, at 6.
[24] ECF No. 675-1, at 11–12.
[25] *Id*. at 14-16.
[26] *Id.* at 12-16.
[27] ECF No. 683, at 1-2.

own affirmative claims[28] and thus are not recoverable.[29]   Alternatively, Team suggests that Waypoint's recovery of pre-February 18, 2018 fees should be limited to either 4% of the fees incurred based on a percentage assessment of time spent on the various claims or 20% of the fees incurred since the contract claim was one of five claims at issue.[30]   Team also contends that Waypoint failed to segregate fees attributable to the breach of contract claim from fees incurred in relation to other claims, failed to exercise billing judgment,[31] and incurred unreasonably excessive fees and costs after the first trial.[32]   It further argues that Waypoint is not entitled to fees incurred for its appeal to reinstate the first trial's judgment because it was the appealing party, not the party defending a victory on appeal.[33]

## II.    ATTORNEYS' FEES APPLICABLE LAW AND ANALYSIS

In a diversity case, where state law supplies the rule of decision, state law controls both the award of and the reasonableness of fees awarded.[34]   Attorneys' fee awards are not designed to make the injured party whole, but rather to discourage a particular activity on the part of the other party.[35]   In *Rivet*, the Louisiana Supreme Court identified the relevant factors in an attorneys' fees determination: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made;

---

[28] On October 21, 2015, Waypoint sued HCA and KLG for damages arising out of their errors and omissions.  ECF No. 683, at 4.  In response to Team's February 5, 2016 suit in this court, on May 20, 2016, Waypoint filed crossclaims and third party demands against KLG, HCA and their insurer.  *See* ECF Nos. 1, 14.

[29] *Compare* ECF No. 675-1, at 13 *with* ECF No. 683, at 5-8.

[30] ECF No. 683, at 13-16.

[31] ECF No. 683, at 1-2, 4 n.1.

[32] *Id.* at 16-19.

[33] *Id.* at 19-20.

[34] *Wal-Mart Stores, Inc. v. Qore, Inc.*, 647 F.3d 237, 242 (5th Cir. 2011) (applying Mississippi law) (citing *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002)).

[35] *Peyton Place, Condo. Assocs., Inc. v. Guastella*, 18 So. 3d 132, 146 (La. App. 5 Cir. 5/29/09) (citing *Sharbono v. Steve Lang & Son Loggers*, 696 So. 2d 1382, 1386 (La.7/1/97)).

(8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court's own knowledge.[36]  No one factor is weighted more than another, and each factor must be considered in light of the specific facts of the case.[37]

Federal courts routinely use the "lodestar method" to determine attorneys' fee awards as it is the most useful starting point for determining the award for attorney's fees.[38]  The lodestar method "provides an objective basis on which to make an initial estimate of the value of a lawyer's services."[39]  Under the lodestar method, the party seeking attorneys' fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation of the hours reasonably expended and demonstrating the use of billing judgment.[40]  Although the party seeking attorneys' fees bears this initial burden, the party seeking reduction of the lodestar bears the burden of showing that a reduction is warranted[41] and must explain why or how the requested fees are unreasonable.[42]

While Louisiana law controls the award and reasonableness of the fee award in this case, both parties rely on the lodestar method.[43]  As the same factors are considered under either the

---

[36] *Rivet v. State, Dep't of Transp. and Dev.*, 680 So. 2d 1154, 1161 (La. 9/5/96), *reh'g denied*, *Rivet v. State, Dep't of Transp. and Dev.*, 800 So. 2d 777 (La. 11/28/2001) (citing *La. Dep't of Transp. and Dev. v. Williamson*, 597 So. 2d 439, 441–42 (La. 1992) (listing factors the court must consider in determining the reasonableness of attorneys' fees); *id.* at 1161-62 (citing La. R. Prof. Cond. 1.5(a) (listing factors considered in determining reasonableness of fees).

[37] *Vill. Shopping Ctr. P'ship v. Kimble Dev., LLC*, 287 So. 3d 882, 886 (La. App. 5 Cir. 12/30/19) (citing *Brandner v. Staf-Rath, L.L.C.*, 102 So. 3d 186, 189-90 (La. App. 5 Cir. 5/31/12)).

[38] *Fessler v. Porcelana Corona De Mexico, S.A. DE C.V.*, 23 F.4th 408, 415 (5th Cir. 2022) ("Reasonable attorneys' fees are determined through a two-step process.  The district court must first calculate the lodestar. . . then enhance or decrease it after considering the twelve *Johnson* factors.") (citations omitted).

[39] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

[40] *Creecy v. Metro. Prop. & Cas. Ins. Co*., 548 F. Supp. 2d 279, 285-86 (E.D. La. 2008) (citing *Wegner v. Standard Ins.*, 129 F.3d 814, 822 (5th Cir. 1997)); *see also Hensley*, 461 U.S. at 437 (stating party seeking fees bears burden of documenting and supporting the reasonableness of all time expenditures for which compensation is sought).

[41] *Hensley*, 461 U.S. at 433; *Wegner,* 129 F.3d 814 at 822-23; *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 329 (5th Cir. 1995).

[42] *See Wegner*, 129 F.3d at 823.

[43] ECF No. 675-1, at 8-11; No. 683, at 3-4.

lodestar method or *Rivet,*[44] it is appropriate to apply the lodestar method in conjunction with consideration of the *Rivet* factors to determine the fee award in this case.

### A.  The Lodestar Method

The lodestar calculation "provides an objective basis on which to make an initial estimate of the value of a lawyer's services."[45]  In the first step, the court calculates the "lodestar," which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work.[46]  After the lodestar has been determined, the court must consider the weight and applicability of the twelve factors delineated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), to the extent not included in the reasonable fee analysis, to determine whether any upward or downward adjustments are warranted.[47]  Thus, the lodestar method entails a two-step process: calculation of the lodestar amount and consideration of the *Johnson* factors to assess any adjustment request.

### 1.  Reasonable Hourly Rate

The court is not bound by the amount actually charged by the attorney.[48]  Rather, the "appropriate hourly rate . . . is the market rate in the community for this work."[49]  The rate must be calculated "at the 'prevailing market rates in the relevant community for similar services by

---

[44] *Grand Pointe Homeowners Ass'n, Inc. v. Heymann*, 2020-36 (La. App. 3 Cir. 11/12/20), 307 So. 3d 285, 288–89.
[45] *Hensley*, 461 U.S. at 433.
[46] *Fessler*, 23 F.4th at 415 (citations omitted).
[47] *Cruz v. Maverick Cnty.*, 957 F.3d 563, 574 (5th Cir. 2020); *Watkins v. Forcide*, 7 F.3d 453, 457 (5th Cir. 1993). The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717.
[48] *St. Blanc v. Stabile*, 114 So. 3d 1158, 1160 (La. App. 5 Cir. 4/24/13) (citing *Jackson Square Towne House Home Ass'n, Inc. v. Hannigan*, 867 So. 2d 960, 965–66 (La. App. 2 Cir. 3/3/04)).
[49] *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012)); *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)) (stating that "'reasonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community'")).

attorneys of reasonably comparable skills, experience, and reputation.'"[50]  Satisfactory evidence of the reasonableness of the rate includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits.[51]

Waypoint seeks to recover the following hourly rates: $325 for Shields, with over 40 years of experience, $250 per hour for Vicknair, with 17 years of experience, $225 per hour for Derenbecker, with 11 years of experience, and $275 per hour for Colón, with 23 years of experience.[52]  In support of that request, movant attaches affidavits from Shields, Vicknair, Derenbecker, and Colón as well as an affidavit of local construction litigation practitioner Chris LeMieux who opines that these rates are reasonable and on the lower end of the range in the New Orleans legal market.[53]  While Team's Opposition Memorandum attacks the overall legal work performed, its recoverability and support, Team does not attack the hourly rates sought.[54]

When the hourly rate sought is not opposed as in this case, it is prima facie reasonable.[55]  Thus, although the affidavits of counsel do not specifically state that the rates sought in this case are the rates that they actually billed and have been paid in similar suits,[56] I find that the rates of $325 for Shields, $250 for Vicknair, $225 for Derenbecker and $275 for Colón fall well within the range of prevailing rates of attorneys in the community.[57]  These reasonable rates should be applied

---

[50] *Int'l Transp. Workers Fed'n v. Mi-Das Line, SA*, No. 13–00454, 2013 WL 5329873, at *3 (E.D. La. Sept. 20, 2013) (quoting *Blum,* 465 U.S. at 895).

[51] *Blum,* 465 U.S. at 895 n.11; *Int'l Transp. Workers Fed'n*, 2013 WL 5329873, at *3.

[52] ECF No. 635-1, at 12-13; No. 675-14.

[53] ECF No. 635-10, ¶5, at 2.

[54] *See* ECF No. 655.

[55] *Kellstrom*, 50 F.3d at 328; *Powell v. Comm'r*, 891 F.2d 1167, 1173 (5th Cir. 1990) (citation omitted); *White v. Imperial Adjustment Corp*., No. 99-3804, 2005 WL 1578810, at *5 (E.D. La. June 28, 2005) (citation omitted) (holding that attorney's requested hourly rate is prima facie reasonable when it is the customary billing rate, the rate is within the range of prevailing market rates and the rate is not contested).

[56] *See* ECF Nos. 635-6, 635-8 & 635-9.

[57] *REC Marine Logistics, L.L.C. v. Richard*, No. 19-11149, 2020 WL 1527766, at *3 (E.D. La. Mar. 27, 2020) (finding that $375.00/hour for an attorney with 13 years of experience is reasonable in this district); *McGee v. Tregre*, No. 18-3341, 2019 WL 3308324, at *4 (E.D. La. Feb. 11, 2019) (approving $375.00/hour for attorney with 41 years of experience); *Batiste v. Lewis*, No. 17-4435, 2019 WL 1591951, at *3 (E.D. La. Apr. 12, 2019) (finding $375.00 per hour to be reasonable for a partner with 35 years of experience and $200 per hour for attorney with 5 years of

in the lodestar calculation.  Additionally, while Waypoint fails to provide evidence as to the

prevailing market rate for paralegals or law clerks, its requested rate of $85 per hour is likewise

not opposed and falls within the prevailing market rates recognized by courts in this district.[58]

---

experience); *Jones v. New Orleans Reg'l Physician Hosp. Org.*, No. 17-8817, 2019 WL 6770029 at *2 (E.D. La. Dec. 12, 2019) (approving $300 per hour rate for attorney with 17 years of experience); *Sanchez v. Pizzati Enters., Inc.*, No. 17-9116, 2018 WL 3954866, at *2 (E.D. La. Aug. 16, 2018) (finding $325 to be a reasonable hourly rate for an attorney with 15 years of labor and employment experience); *Alfasigma USA, Inc. v. EBM*, No. 17-7753, 2018 WL 3869496, at *4 (E.D. La. Aug. 15, 2018) (finding that $325 per hour was a reasonable rate for an attorney with 23 years of specialized experience in products liability litigation); *Bode v. Kenner City*, No. 17-5483, 2018 WL 4701541, at *6 (E.D. La. Oct. 1, 2018) (approving rates of $270 and $200 per hour for attorneys with 16 and 4 years of experience); *M C Bank & Trust Co. v. Suard Barge Serv., Inc.*, No. 16-14311, 2017 WL 6344021, at *2 (E.D. La. Dec. 12, 2017) (finding that $350 was a reasonable hourly rate for an attorney with over 17 years of experience, with particular expertise in the area of mortgaged vessels); *Warder v. Shaw Grp., Inc.*, No. 09-4191 2016 WL 3447950, at *2-3 (E.D. La. June 23, 2016) (awarding hourly rates of $325 and $300 for attorney with 20 and 14 years of complex commercial litigation experience); *Adams v. City of New Orleans*, No. 13-6779, 2015 WL 4606223, at *3 (E.D. La. July 30, 2015) (rate of $350 per hour reasonable for an attorney with 29 years of experience*); EnVen Energy Ventures, LLC v. Black Elk Energy Offshore Operations, LLC*, No. 14-424, 2015 WL 3505099, at *2-3 (E.D. La. June 3, 2015) (finding hourly rates of $325 for attorney with 20 years of experience, $300 for attorney with 10 years of experience, and $275 for attorney with 7 years of experience to be reasonable); *Offshore Marine Contractors, Inc. v. Palm Energy Offshore, LLC*, No. 10-4151, 2014 WL 5039670 (E.D. La. Sept. 25, 2014) (affirming finding that $325 an hour, $275 an hour and $225 an hour were reasonable rates for attorneys with 19, 7, and 4 years of experience, respectively); *Who Dat Yat Chat, LLC v. Who Dat, Inc.*, 838 F. Supp. 2d 516, 520 (E.D. La. Jan. 19, 2012) (finding reasonable $325 an hour for attorney with 28 years of experience, $250 per hour for attorney with 16 years of experience, $200 per hour for attorneys with 9-10 years of experience and $175 per hour for attorneys with 3-4 years of experience*); Foley v. SAFG Ret. Servs., Inc.*, No. 10-2827, 2012 WL 956499, at *2 (E.D. La. Mar. 20, 2012) (finding hourly rates of $350 for partner/member with over 30 years of experience, and $275 for associate with over eight years of experience to be reasonable); *Bd. of Sup'rs of La. State Univ. v. Smack Apparel Co.*, No. 04-1593, 2009 WL 927996, at *4 & *7 (E.D. La. Apr. 2, 2009) (finding that $325 an hour was reasonable for attorney with 10 years of experience in a specialty practice and 29 years of unspecialized legal experience); *Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696, 701-02 (E.D. La. June 25, 2009) (finding hourly rates of $300 for partners, $225 for associates, and $75 for paralegals to be within the customary range of rates in the New Orleans area).

[58] ECF No. 635-1, at 17-18.  For cases discussing paralegals, see *Nelson v. Constant*, No. 17-14581, 2021 WL 76407, at *5 (E.D. La. Jan. 8, 2021) (approving hourly rate of $95 for investigative paralegal); *United States ex rel. McNeil v. Jolly*, 451 F. Supp. 3d 657, 675 (E.D. La. Apr. 3, 2020) (awarding $125 per hour for paralegal work); *Parkcrest Builders, LLC v. Hous. Auth. of New Orleans*, No. 15-01533, 2020 WL 2857377, at *4 (E.D. La. May 8, 2020) (approving $150 per hour for paralegal), *R.&R. adopted*, No. 15-1533, 2020 WL 2850167 (E.D. La. June 2, 2020); *Mark v. Sunshine Plaza, Inc.*, No. 16-455, 2018 WL 1282414, at *4 (E.D. La. Mar. 12, 2018) (awarding the requested $75 per hour for the work of a paralegal), *R.&R. adopted*, No. 16-455, 2018 WL 1960022 (E.D. La. Apr. 26, 2018), *appeal dismissed*, No. 18-30674, 2018 WL 6200317 (5th Cir. July 27, 2018); *Warder v. Shaw Grp., Inc.*, No. 09-4191, 2016 WL 3447950, at *4 (E.D. La. June 23, 2016) (awarding $130/hour for paralegal's work); *Loiacano v. DISA Glob. Sols.*, No. 14-1750, 2016 WL 2926679, at *2 (E.D. La. May 19, 2016) (awarding $150/hour for paralegal's work); *DirecTV, LLC v. Ertem*, No. 13-487, 2015 WL 459398, at *3 (E.D. La. Feb. 3, 2015) (finding a rate of $95 per hour for paralegals to be reasonable).  For cases discussing law clerks, see *Cater v. Fidelity Nat'l Ins. Co.*, No. 07-4619, 2009 WL 35342, at *1 (E.D. La. Jan. 6, 2009) (Roby, M.J.) (finding that $85 an hour is reasonable for summer law clerk); *VFS US, L.L.C. v. Southwinds Express Constr., L.L.C., et al*, No. 14-126, 2014 WL 3893309, at *3 (E.D. La. Aug. 8, 2014) (holding that $85 an hour is reasonable for summer associate); *Bode*, 2018 WL 4701541, at *6 (finding that $75 per hour is reasonable for a summer law clerk); *Chalos & Co., P.C. v. Marine Managers, Ltd.*, No.

Waypoint also seeks to recover for time billed by other attorney timekeepers.  It identifies some of these people as partners, associates or paralegals, but it does not provide any information regarding timekeeper nos. 6, 9, 33, 35, 39, 42, 47, 48, 55, 61, or 78.[59]  More importantly, as to these other attorneys, it fails to attach affidavits from them or provide any information necessary for me to determine whether the proposed rates of $250 or $225 per hour is reasonable or within the prevailing market for those attorneys.  Nor does Waypoint's market expert address these other timekeepers or their rates at all in comparison to the relevant market.[60]  Accordingly, Waypoint has failed to provide sufficient information to justify a finding as to a reasonable billing rate for the unidentified attorneys.

### 2.  Documentation of Hours Reasonably Expended and Billing Judgment

The party seeking attorneys' fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation of the hours reasonably expended and demonstrating the use of billing judgment.[61]  Only work of a legal nature is compensable.[62]  Legal work must be distinguished from other activities that are purely clerical in nature, such as typing, copying, labeling, faxing, mailing, and filing or delivering pleadings.[63]  Clerical or secretarial costs, whether performed by an attorney or paralegal, are part of office overhead and reflected in the billing

---

14-2441, 2016 WL 9414335, at *3 (E.D. La. Apr. 5, 2016) (Vance, J.) (reducing requested law clerk rate of $125 per hour to $75 per hour).

[59] ECF No. 635-1, at 17 n.69 & 18 n.70.

[60] ECF No. 635-10.

[61] *Creecy,* 548 F. Supp. 2d at 286 (citing *Wegner,* 129 F.3d at 822); *see also Hensley*, 461 U.S. at 433 (stating party seeking fees bears burden of documenting and supporting the reasonableness of all time expenditures for which compensation is sought).

[62] Work of a legal nature includes "factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence."  *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989).

[63] *See Lalla v. City of New Orleans*, 161 F. Supp. 2d 686, 710–11 (E.D. La. 2001); *Kuperman v. ICF Int'l*, No. 08-565, 2009 WL 10737138, at *9 (E.D. La. Oct. 13, 2009) (reducing hours billed for attorney time spent copying and Bates-numbering documents); *Fleming v. Elliot Sec. Solns, LLC*, No. 19-2348, 2021 WL 4908875, at *9-10 (E.D. La. Oct. 21, 2021) (disallowing charges for administrative tasks, including opening a file in a database, entering case updates in a management system, mailing letters, copying documents, calendaring deadlines, confirming contact information, and talking with a process server or court clerk).

rates.[64]  When an attorney or paralegal performs a task that could be handled by clerical staff, the opponent should not be charged their hourly rates.[65]  Travel time is allowed at 50% of the attorney's rate in the absence of documentation that any legal work was accomplished during travel time.[66]

The use of "block billing" makes "it impossible for the court to determine the reasonableness of the hours spent on each task," justifying a percentage reduction of the claimed award.[67]  The court must also exclude excessive, duplicative, or inadequately documented time.[68] "If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized."[69]  Likewise, unsuccessful, futile or wasteful litigation efforts are typically not allowed because such fees cannot be characterized as reasonable.[70]  Indeed, the Fifth Circuit has affirmed an award that reflected such deductions.[71]

---

[64] *Hagan v. MRS Assocs., Inc.*, No. 99-3749, 2001 WL 531119, at *9 (E.D. La. May 15, 2001) (Africk, M.J.) (reducing hours billed for time attorney sent faxing documents) (citations omitted).

[65] *Kuperman*, 2009 WL 10737138, at *9 (citation omitted).

[66] *See, e.g.*, *Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir. 1993).

[67] *Source Prod. & Equip. Co., Inc. v. Schehr*, No. 16-17528, 2020 WL 6075895, at *6 (E.D. La. Oct. 15, 2020) (citing *Rodney v. Elliot Sec. Sols., LLC*, No. 19-11890, 2020 WL 4756490, at *8 (E.D. La. July 30, 2020) (quoting *Canon U.S.A., Inc. v. S.A.M., Inc*., No. 07-1201, 2009 WL 35334, at *4 (E.D. La. Jan. 6, 2009))).

[68] *Jimenez v. Wood Cnty., Tex.*, 621 F.3d 372,379–80 (5th Cir. 2010) (citation omitted); *see also Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, and otherwise unnecessary . . . .").

[69] *Abrams v. Baylor Coll. of Med.*, 805 F.2d 528, 535 (5th Cir. 1986) (citation and quotation omitted); *Johnson v. Big Lots Stores, Inc.*, 639 F. Supp.2d 696, 703 (E.D. La. 2009) (Vance, J.) (reducing award for time spent on unsuccessful motion for summary judgment and motion to compel discovery); *accord Phila. Indem. Ins. Co. v. SSR Hosp., Inc.*, 459 F. App'x 308, 317 (5th Cir. 2012); *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996).

[70] *See, e.g., Rubio v. C.R. Contractors, LLC,* No. 16-13908, 2017 WL 3521567, at *2 (E.D. La. Aug. 16, 2017) ("When using the lodestar method to award attorney fees, courts routinely deduct time spent on unsuccessful, unfounded or unnecessary pleadings, motions, discovery requests and memoranda.") (quoting *White v. Imperial Adjustment Corp.,* No. 99-3804, 2005 WL 1578810, at *11 (E.D. La. June 28, 2005)); *see also W. ex rel. W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 211 (5th Cir. 1998) (finding court did not abuse discretion in reducing fees for time spent pursuing unsuccessful claim and to reflect limited success on other issues); *Randolph v. Dimension Films*, 634 F. Supp. 2d 779, 799-800 (S.D. Tex. 2009), *aff'd*, 381 F. App'x 449 (5th Cir. 2010) (deducting for defendants' attorney's time spent pursuing claims that did not overlap with successful claim).

[71] *See Raspanti v. Caldera*, No. 01-31236, 2002 WL 494939 (5th Cir. Mar. 15, 2002); *see also Leroy v. City of Houston*, 906 F.2d 1068, 1084 (5th Cir. 1990) (reducing award because of hours allocable to issues on which plaintiffs were unsuccessful).

The party seeking fees must demonstrate the exercise of billing judgment, which refers to the usual practice of writing off unproductive, excessive, or redundant hours.[72] "Ideally, billing judgment is reflected in the fee application, showing not only hours claimed, but also hours written off."[73] The burden is on the party seeking the fee award to prove that they exercised billing judgment.[74] "The proper remedy when there is no evidence of billing judgment is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment."[75] As an alternative to reducing the hours awarded as a percentage, the court may exclude hours that were not reasonably expended and/or conduct a line-by-line analysis of the time report.[76] "[T]he district court is not required 'to achieve auditing perfection,' as '[t]he essential goal in shifting fees (to either party) is to do rough justice.'"[77] Indeed, the court need not explicitly calculate the lodestar to make a reasonable award.[78]

### 3. Time Spent on Unsuccessful Claims

"[W]ork on an unsuccessful claim cannot be deemed to have been 'expended in pursuit of the ultimate result achieved' . . . and therefore no fee may be awarded for services on [an] unsuccessful claim."[79] If recoverable fees are capable of being segregated from unrecoverable

---

[72] *Walker v. Dept. of Hous. & Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996).

[73] *Alberti v. Klevenhagen*, 896 F.2d 927, 930 (5th Cir.1990), *vacated in part on other grounds*, 903 F.2d 352 (5th Cir. 1990).

[74] *Walker*, 99 F.3d at 770. (citation omitted).

[75] *Id.*; *see also United States ex rel McNeil v. Jolly*, 451 F. Supp. 3d 657, 670 (E.D. La. 2020) ("If a party fails to provide sufficient evidence of billing judgment, the proper remedy is 'a reduction of the award by a percentage intended to substitute for the exercise of billing judgment.'") (citing *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 799 (5th Cir. 2006)); *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) (quoting *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir. 1996)) ("If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, but a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment.'").

[76] *See Fleming v. Elliott Sec. Solns, LLC*, No. 19-2348, 2021 WL 4908875, at *5 (E.D. La. Oct. 21, 2021) (citing *Hensley*, 461 U.S. at 434; *Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642 (5th Cir. 2002)).

[77] *DeLeon v. Abbott*, 687 F. App'x 340, 343 (5th Cir. 2017) (quotation and citations omitted).

[78] *No Barriers, Inc. v. Brinker Chili's Tex., Inc.*, 262 F.3d 496, 500–01 (citing *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990).

[79] *Fessler*, 23 F.4th at 416 (citing *Hensley*, 461 U.S. at 435).

fees, even if difficult, the party seeking recovery must segregate unrecoverable fees.[80]  If unrelated to the successful claims, the unsuccessful claims must be treated as if they had been raised in separate lawsuits and excluded from the fee award.  When a successful party incurs costs for a claim that involves a common core of facts or will be based on related legal theories as another claim, and counsel's time is devoted to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis, the court need not segregate fees.[81]

When unsuccessful claims share a common core of facts or related legal theories and cannot be disentangled, the court's focus must shift to the results obtained and adjust the award accordingly.[82]  Likewise, although a prevailing party may not recover for time spent devoted solely to claims against other parties, when claims against multiple parties share a common core of facts or related legal theories, the applicant may claim all hours reasonably necessary to litigate those claims.[83]  There is no precise rule or formula for this determination; the court may attempt to identify specific hours that should be eliminated or it may simply reduce the award to account for the limited success.[84]  The court should focus on the significance of the overall relief obtained in

---

[80] *United States for Varco Pruden Bldgs. v. Reid & Gary Strickland Co*., 161 F.3d 915, 922 (5th Cir. 1998).

[81] *Mota v. Univ. of Tex. Houston Health Sci. Ctr*, 261 F.3d 512, 528 (5th Cir. 2001) (citing *Abell v. Potomac Ins. Co.*, 946 F.2d 1160, 1169 (5th Cir.1991)); *see also Cashman Equip. Corp. v. Smith Marine Towing Corp*., No. 12-945, 2013 WL 12229038 (E.D. La. June 27, 2013) (holding that prevailing party may recover fees incurred in pursuing or defending against intertwined claims when the claims include a common core of facts or are based on related legal theories linking them to the successful claim) (quotations omitted); *Varco,* 161 F.3d at 919-20 (party who won claim for costs of extra work but lost claims for delay damages, fraud and misrepresentation was not required to segregate fees for the successful versus unsuccessful claims because the claims arose out of the same transaction and were so interrelated that their prosecution or defense entailed proof or denial of essentially the same facts); *In re Snook*, 168 F. App'x 577, 580 (5th Cir. 2006) (applying Texas law to find that a party entitled to all fees incurred in pursuing claims arising out of the same transaction and whose facts are so interrelated that their prosecution or defense entails proof or denial of essentially the same facts) (citations omitted).

[82] *Fessler*, 23 F.4th at 416 (citations omitted) (citing *Hensley*, 461 U.S. at 435–36 (noting that "[t]he district court may attempt to identify specific hours that should be eliminated"); *Kellstrom*, 50 F.3d at 327 n.13 (quotation omitted)).

[83]*Kellstrom*, 50 F.3d at 327 (citing *Hensley*, 461 U.S. at 434-35); *Cashman*, 2013 WL 12229038 at *7-8 (holding that prevailing party may recover the fees incurred in pursuing or defending against intertwined claims when the claims include a common core of facts or are based on related legal theories linking them to the successful claim) (quotations omitted).

[84] *Hensley*, 461 U.S. at 436–37.

relation to the hours reasonably expended on the litigation.[85]  The Court need not, however, mechanically apportion the fee award on the basis of success or failure on particular issues.[86]  That said, federal courts authorize a percentage reduction of overall fees when a fee award is due on a claim that is so intertwined with another claim that the time cannot be segregated.[87]

### 4.  Paralegal Time

To recover for paralegal or law clerk fees, the services rendered must be legal in nature, or work traditionally performed by an attorney.[88]  Work that is legal in nature includes, for example, "factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence."[89]  That work must be distinguished from other activities that are purely clerical in nature, such as typing, copying, labeling, faxing, mailing, and filing or delivering pleadings.[90]  Clerical or secretarial costs, whether performed by an attorney or paralegal, are part of office overhead and reflected in the billing rates.[91]  Thus, when an attorney or paralegal performs a task that could be handled by clerical staff, the opponent should not be charged their hourly rates.[92]

---

[85] *Id.* at 435; *see also Nash v. Chandler*, 848 F.2d 567, 572-73 (5th Cir. 1988), *reh'g denied*.

[86] *Hensley*, 461 U.S. at 438.

[87] *See, e.g., Navigant Consulting, Inc. v. Wilkinson*, No. 3:02-2186, 2006 WL 2437882, at *2 (N.D. Tex. Aug. 22, 2006) (reducing fees by 40% where successful claims were inextricably intertwined with unsuccessful claims).

[88] *See Jones v. Armstrong Cork Co.*, 630 F.2d 324, 325 n. 1 (5th Cir. 1980) (citations omitted); *Warder v. Shaw Grp., Inc.*, No. 09-4191, 2016 WL 3447950, at *4 (E.D. La. June 23, 2016).

[89] *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989); *see also Warder*, 2016 WL 3447950 at *4 (citing *Norris v. Causey*, No. 14-1598, 2016 WL 1046101, at *9 (E.D. La. Mar. 16, 2016) (recognizing that work traditionally performed by an attorney includes digesting depositions, collating, marking and indexing exhibits, and preparing and arranging for service of subpoenas)).

[90] *See Lalla*, 161 F. Supp. 2d at 710–11; *Kuperman*, 2009 WL 10737138, at *9.

[91] *Hagan v. MRS Assocs., Inc.*, No. 99-3749, 2001 WL 531119, at *9 (E.D. La. May 15, 2001) (Africk, Mag. J.) (reducing hours billed for time attorney sent faxing documents) (citations omitted).

[92] *Kuperman*, 2009 WL 10737138, at *9 (citation omitted).

### B. __Analysis__

Initially, this Court may properly address the issue of attorneys' fees incurred on appeal.[93] The Fifth Circuit's routine allocation of appellate costs to each party is distinct from the recovery of attorneys' fees.[94] Thus, the Fifth Circuit's decision ordering each party to bear its own costs has no relevance to the issue of attorneys' fees incurred during the appeal.[95] Further, the issue of appellate attorneys' fees is typically addressed by the district court following resolution of the appeal.[96] And fees incurred in connection with litigating a fee claim are compensable.[97]

After review of the 444 pages of Waypoint's invoices with attached detailed transaction lists including fees prior to Team's recent appeal and the 47 pages of invoices after Team's recent appeal, the Court finds that Waypoint's stated attorneys' fees of $1,186,647.54 should be reduced by 25%. While Waypoint exercised billing judgment by reducing entries for claims unrelated to defense against Teams and miscellaneous entries (*see* ECF No. 635-15, at 16–18; 675-1, at 11–16; *see also* Ex. I, 675-11), the Court found numerous entries that did not reflect the proper exercise of billing judgment. By way of example, the invoices reflect time spent on clerical work (*see e.g.*, 635-15, at 27, 35, 39, 43, 55, 61, 69, 70, 80, 81, 114, 118, 119, 134, 143, 269, 369, 407; ECF No. 675-17, at 10), duplicative work of multiple attorneys and/or paralegals (*see e.g. ,* ECF No. 635-

---

[93] *United Indus., Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 764 (5th Cir. 1996) (stating where the issue of attorney's fees was not considered by the court of appeals, "at a jurisdictional level, the district court is not precluded from ruling on the attorneys' fees issue by either its final judgment or our mandate"); *Engel v. Teleprompter Corp.*, 732 F.2d 1238, 1239-40 ("We hold that a mandate of this court instructing the district court to dismiss the complaint did not divest the district court of authority to consider an award of attorneys' fees to the prevailing defendants."); *Romain v. Sonnier*, No. 15-06942, 2019 WL 5810311, at *2 (E.D. La. Nov. 7, 2019).

[94] *Sciambra v. Graham News*, 892 F.2d 411, 414 (5th Cir. 1990).

[95] *Zimmerman v. City of Austin*, 969 F.3d 564, 570 (5th Cir. 2020).

[96] *Id.* at 571 (citing *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 433 (5th Cir. 2003)); *see also Stone Ins., Inc. v. Beyer–Beeson Ins. Agency*, 45 So. 3d 1125 (La. Ct. App. 5th Cir. 2010) (awarding attorneys' fees for trial and appeal where prevailing party was contractually entitled to attorneys' fees); *Cap. City Press v. Bd. of Supervisors of LSU*, 822 So. 2d 728, 732 (La .Ct. App. 1st Cir. 2002) ("An award for attorneys' fees for work done on appeal is warranted when the appeal has necessitated additional work on the attorneys' part.") (citation omitted).

[97] *Cruz v. Hauck*, 762 F.2d 1230, 1233 (5th Cir. 1985) (citing *Johnson v. State of Miss.*, 606 F.2d 635, 637–638 (5th Cir. 1979)); *Romain*, 2019 WL 5810311, at *2.

15, at 27, 35, 55, 79, 98, 117, 118, 136, 158, 218, 220, 221, 235, 238, 267, 301, 320, 332, 368, 372), work involving unsuccessful motions (*see e.g.*, *id.* at 243, 244, 245, 252, 255, 256, 257, 277, 291, 292, 296, 317, 318, 319, 352, 354, 384 392, 393, 399), and work on discovery requests and depositions and other work for which attorney entries indicate the work related to KLG and HCA (*see e.g.*, *id.* at 39, 62, 68, 78, 96, 98, 100, 113, 116, 120, 121, 138, 160).  Although the KLG and/or HCA entries may likely be interwoven with work involving its defense against Team, the entries do not provide sufficient information to enable the Court to determine that the work is compensable here rather than attributable to the KLG and/or HCA matters.

Taking into account Waypoint's exercise of some, but not complete, billing judgment and in light of the examples specified above, the Court finds that a reduction of the requested attorneys' fees by 25% addresses the incomplete exercise of billing judgment evidenced by the numerous entries of clerical, duplicative, and unsuccessful motions amongst 491 pages of detailed invoices spanning 7 years.

## C.  Adjustments to the Lodestar Amount

After the lodestar has been determined, the court must consider the weight and applicability of the factors delineated in *Johnson v. Georgia Highway Express, Inc.*[98]  The twelve *Johnson* factors are (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability

---

[98] 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989); *see also Watkins,* 7 F.3d at 457.

of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[99]

The lodestar calculation is presumptively reasonable and should be modified only in exceptional circumstances.[100]    Only in the rare circumstances in which lodestar does not adequately take into account a factor is this "strong presumption" of reasonableness overcome.[101] The novelty and complexity of the issues, special skill and experience of counsel, quality of representation, and results obtained are presumably fully reflected in the lodestar amount, and thus should not serve as independent bases for increasing the basic fee award.[102]    Enhancements based upon the *Johnson* factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts[103] and may not be based on a factor already subsumed in the lodestar calculation.[104]    Thus, double-counting is impermissible, so the lodestar may not be adjusted due to a *Johnson* factor if creation of the lodestar award already accounted for that factor.[105]

Waypoint does not seek any adjustments.[106]    Although Team seeks substantial deductions and modifications based on lack of documentation, lack of billing judgment and fees related to Waypoint's affirmative claims against other parties, Team does not argue that any further downward adjustment is appropriate under *Johnson*.[107]    As this Court's lodestar calculation

---

[99] *See Johnson*, 488 F.2d at 717-19.

[100] *Watkins*, 7 F.3d at 457 (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).  *Accord Perdue v. A. ex rel. Winn*, 559 U.S. 542,546, 552 (2010); *Cooper Tire & Rubber Co.*, 685 F.3d at 490; *Fessler*, 23 F.4th at 415.

[101] *Combs v. City of Huntington*, 829 F.3d 388, 393 (5th Cir. 2016) (citation omitted).

[102] *Walker v. Dep't of Hous. & Urb. Dev.*, 99 F.3d 761, 771–72 (5th Cir. 1996) (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) ("'[N]ovelty [and] complexity of the issues,' 'the special skill and experience of counsel,' the 'quality of representation,' and the 'results obtained' from the litigation are presumably fully reflected in the lodestar amount, and thus cannot serve as independent bases for increasing the basic fee award.") (quoting *Blum v. Stenson*, 465 U.S. 886, 898-900 (1984); *Shipes*, 987 F.2d at 320))).

[103] *Walker*, 99 F.3d at 771–72 (citations omitted); *Shipes*, 987 F.2d at 322).

[104] *Perdue*, 559 U.S. at 553 (citations omitted).

[105] *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (citation omitted).

[106] ECF No. 675-1, at 9.

[107] *See* ECF No. 683.

already reduced the recovery for work associated with time spent on unsuccessful claims and applied a percentage reduction for block billing or work that appeared to relate to both successful and unsuccessful claims, a further reduction under *Johnson* would be improper. Accordingly, after careful evaluation of the *Johnson* factors, neither exceptional nor rare circumstances justify a further reduction of the lodestar in addition to the deductions applied in arriving at the lodestar, as previously outlined herein.

## III.    **COSTS**

Waypoint seeks costs and expenses of $44,755.11 that it contends were reasonably and necessarily incurred, including filing fees, deposition transcript, video depositions, travel costs, overnight courier costs, and other miscellaneous costs and expenses. ECF No. 675-1, at 16-18. Waypoint claims costs pursuant to Article 15.3.2 of the contract, which provides:

> In the event of any litigation arising under this Agreement, should one party substantially prevail with respect to the matters being litigated, the non-prevailing party shall pay the prevailing party's costs and expenses of such litigation, including attorneys' and experts' fees.

ECF No. 675-2, at 61.[108] Waypoint asserts that it incurred $59,132.07 in costs, but deducted cost expenses related to its bad faith claims, costs associated with prosecution or settlement of its claims against HCA and KLG, and work unrelated to Team. ECF No. 675-1, at 17 (referencing the three areas identified on pages 13-14); ECF No. 675-13.

Notably, Waypoint does not seek to recover any experts' fees in this case. ECF No. 675-1, at 13, 17 & n.78. Waypoint does seek $24,336.80 in transcript (deposition, hearings and trial) costs, $12,133.52 in copy costs, $4,006.58 in travel-related costs, $1,326.88 for document scanning

---

[108] Although Waypoint did not file a Motion to Tax Costs in the form and manner required by Local Rule 54.3 and 54.3.1, Waypoint's contractual cost entitlement allows the court to consider the motion. See *Hancock v. Chicago Title Ins. Co.*, No. 07-1441, 2013 WL 2391500 (N.D. Tex. June 3, 2013) (holding that the failure to file a bill of costs precludes recovery under Rule 54(d)(1), but not recovery of contractual costs, even if such costs would also be recoverable under § 1920).

and flash drives, $393 in service costs, $354.31 in trial exhibits and blow-ups, $330.90 in PACER fees, $243.15 in telephone and conference call costs, $6.94 in computerized legal research, and approximately $50.75 in land records, secretary of state records and legislative history records. Waypoint also seeks to recover its $505 filing fee incurred for its appeal on August 27, 2019, which the Fifth Circuit taxed in its Judgment dated September 22, 2020.  ECF No. 634.

Team does not specifically address any of Waypoint's claimed costs apart from its overall arguments relating to Waypoint's request for "fees and costs."  *See generally* ECF No. 683.  Nor does Team argue good faith and the existence of any of the *Pacheo* factors (limited financial resources, misconduct by the prevailing party, close and difficult legal issues, substantial benefit to the public and prevailing party's enormous financial resources).[109]

A. **Applicable Law**

"[A]bsent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920."[110]  Recoverable costs for witnesses are addressed in § 1821.[111]  Under § 1920, a prevailing party may recover the following costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.[112]

---

[109] *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) (citing 10 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2668, at 234 (1998)).
[110] *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).
[111] *See Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994).
[112] 28 U.S.C. § 1920(1)-(6).

The Supreme Court has held that only those costs specified in six categories listed in § 1920 may be awarded.[113] Thus, although customarily incurred during litigation, courts will not award costs for computerized legal research,[114] postage, faxes, deliveries and long distance,[115] or for costs related to private process server, "absent exceptional circumstances."[116] And while the travel costs incurred by a deponent are recoverable under § 1821, there is no statutory authorization for recovery of counsel's travel to the depositions under either § 1920 and § 1821.[117] Likewise, recovery of costs for land, secretary of state and legislative history records would not appear proper. The Fifth Circuit has, however, allowed recovery of scanning and other electronic discovery costs.[118]

## B. **Analysis**

In this case, Article 15.3.2 of the contract authorizes recovery of a "party's costs and expenses of such litigation, including attorneys' and experts' fees." Therefore, Waypoint is not limited to § 1920, but also has a contractual basis for recovery of "costs." Thus, the issue is whether the contractual provision authorizing recovery of "costs and expenses of such litigation, litigation, including attorneys' and experts' fees" "explicitly allows" Waypoint to recover costs outside of those specified in § 1920 and § 1821. It is certainly explicit as to attorneys' fees and

---

[113] *J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 482 U.S. 437 (1987); *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001) (citations omitted).

[114] *Harbor Towing & Fleeting, Inc. v. Accumarine Transp., LP*, No. 10-2457, 2011 WL 2748653, at *2 (E.D. La. June 20, 2011), *R.&R. adopted*, No. 10-2457, 2011 WL 2746141 (E.D. La. July 13, 2011); *see Honestech, Inc. v. Sonic Sols*, 725 F. Supp. 2d 573, 581-82 n.3 (W.D. Tex. 2010) (and cases cited therein); *Lewis v. Hurst Orthodontics, PA*, 292 F. Supp. 2d 908, 914 n.11 (W.D. Tex. 2003).

[115] *Int'l Marine, LLC v. FDT, LLC*, No. 10-0044, 2015 WL 914898, at *18 (E.D. La. Mar. 3, 2015) (citing cases).

[116] *Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 431 (5th Cir. 2010) (citing *Cypress-Fairbanks Indep. Sch. Dist. v. Michael*, 118 F.3d 245, 257 (5th Cir. 1997)); *see also Zastrow v. Houston Auto M. Imps. Greenway, Ltd.,* 695 F. App'x 774, 780 (5th Cir. 2017) (citations omitted).

[117] *Patterson v. Allseas USA, Inc.*, No. 02-175, 2005 WL 8160964, at *3 (E.D. Tex. Dec. 13, 2005) (refusing to tax as costs counsel's deposition travel expenses) (citing *Crawford*, 482 U.S. at 441-43).

[118] *United States ex rel King v. Solvay Pharms., Inc.*, 871 F.3d 318, 336 (5th Cir. 2017) (avoiding issue directly but finding that trial court does not abuse its discretion in allowing reimbursement of such costs); *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 132 (5th Cir. 2015).

experts' fees; however, use of the term "costs" and whether that term goes beyond § 1920 is far less explicit.

When addressing the similar issue of whether there was explicit statutory authority for recovery of "costs" outside of § 1920, the Supreme Court recently held that "[a] statute awarding 'costs' will not be construed as authorizing an award of litigation expenses beyond the six categories listed in §§ 1821 and 1920, absent an explicit statutory instruction to that effect."[119] Under this same reasoning, without any further explicit instruction, the contract's use of the term "costs" would be insufficient to enlarge the recoverable costs beyond that specified in § 1920.

Accordingly, Waypoint is entitled to recover $24,336.80 in transcript (deposition, hearings and trial) costs, $12,133.52 in copy costs, $1,326.88 for document scanning and flash drives, and $354.31 in trial exhibits and blow-ups, for a total cost award of $38,151.51. Waypoint is not, however, entitled to recover travel-related costs, private process service costs, PACER fees,[120] telephone and conference call costs, computerized legal research, or other miscellaneous costs. Nor is Waypoint entitled to recover twice for its $505 filing fee, which the Fifth Circuit already taxed in its Judgment dated September 22, 2022.

## IV.    <u>CONCLUSION</u>

Waypoint seeks a total of $1,186,647.54 in fees and of $44,755.11 in costs. ECF No. 675-1, at 1. Waypoint's time is well documented and, for the most part, its statements reflect the exercise of billing judgment (e.g., writing off some duplicative, inappropriate, unproductive or excessive time entries). The statements do not, however, reflect the complete billing judgment as

---

[119] *Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 878 (2019) (citing *Murphy*, 548 U.S. at 301 (requiring 'explici[t]'" authority); *Casey*, 499 U.S. at 86 (requiring "'explicit'" authority); *Crawford Fitting*, 482 U.S. at 439 (requiring "explicit statutory authority"); *see also Cajun Serv. Unlimited, LLC v. Benton Energy Serv. Co.*, No. 17-491, 2020 WL 375596, *9 (E.D. La. Jan. 23, 2020) (narrowly interpreting contractual cost provision).

[120] Waypoint does not address how PACER fees could be deemed necessary and reasonable given that every counsel of record receives an email link providing a free copy of every PACER filing in the case.

evidenced by the exceptions and modifications noted herein.  Accepting the hourly rates as reasonable and in light of the necessary deductions for reasons set forth above, I find that a 25% reduction is appropriate, and that Defendant Waypoint should be granted $889,985.65 in attorneys' fees.  The *Johnson* factors do not justify any further upward or downward adjustments.

With regard to costs, the contractual cost provision is insufficiently explicit (other than with regard to attorneys' fees and experts' fees) to award costs beyond those set forth in § 1821 and § 1920.  Therefore, Waypoint's awardable costs are limited to $38,151.51.

Accordingly, for the foregoing reasons,

**IT IS RECOMMENDED** that Defendant Waypoint's Motion be GRANTED IN PART AND DENIED IN PART and that Waypoint be awarded $889,985.65 in attorneys' fees and $38,151.51 in costs as stated herein.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[121]

New Orleans, Louisiana, this ___13th___ day of September, 2022.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[121] *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).