UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TEAM CONTRACTORS, LLC,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO.  16-1131** |
| **WAYPOINT NOLA, LLC, ET AL.,**<br>    **Defendants** | **SECTION: "E"(2)** |

### ORDER & REASONS

Before the Court is a Report and Recommendation[1] issued by Magistrate Judge Donna Phillips Currault, recommending Defendant Waypoint NOLA, LLC's motion to fix attorneys' fees and costs[2] be granted in part and denied in part. Plaintiff Team Contractors, LLC timely objected to the Magistrate Judge's Report and Recommendation.[3] Waypoint filed a response to Team's objection.[4] For the reasons that follow, the Court **ADOPTS** the Report and Recommendation[5] in part. The Court hereby **GRANTS IN PART** and **DENIES IN PART** Waypoint's motion to fix attorneys' fees and costs.

### BACKGROUND

This dispute arises from contracts made in connection with the construction and renovation of Waypoint's property at 1250 Poydras St. in New Orleans ("the Project"). On September 19, 2014, Waypoint entered into a contract with Development Construction Management LLC, represented by Steve Laski ("Laski"), under which Waypoint agreed to provide project management services for the Project.[6] On September 24, 2014, Team and

---

[1] R. Doc. 685.
[2] R. Doc. 675.
[3] R. Doc. 686.
[4] R. Doc. 689.
[5] R. Doc. 12.
[6] R. Doc. 477-1.

1

Waypoint entered into a construction contract ("the Prime Contract"), under which Team became the general contractor for the Project.[7] Waypoint also entered into a contract with HC Architecture, Inc. ("HCA"), under which HCA agreed to serve as the project's architect.[8] HCA, in turn, subcontracted the mechanical, electrical, and plumbing design work to KLG, L.L.C. ("KLG").[9]

On February 5, 2016, Team filed a complaint against HCA, KLG, and Waypoint.[10] Team alleged there were errors in the plans and specifications provided by Waypoint for the mechanical, electrical, and plumbing systems relating to the construction project, which were prepared by KLG.[11] Team also alleged Waypoint directed it to modify the MEP systems, but did not compensate Team for the additional costs Team incurred as a result of the modifications.[12] Team brought a breach of contract claim against Waypoint, alleging Waypoint failed to compensate Team, in breach of the construction contract.[13] Team also brought negligence claims against Waypoint, HCA, and KLG, alleging they breached their duties of care and caused damage to Team.[14]

On July 10, 2017, after this case was filed but before trial, Waypoint paid Team $1,023,514.09.[15] Team's breach of contract claim at the time of trial was divided into (1) remaining sums Team alleged were outstanding and (2) contractual interest on the $1,023,514,09 resulting from the alleged late payment.

---

[7] R. Doc. 446-8 at p. 1, ¶ 1; R. Doc. 469 at p. 1, ¶ 1. The contract is on the record as R. Doc. 446-2.
[8] R. Doc. 446-3.
[9] R. Doc. 157-18. Defendant KLG informed the Court in its answer that it is now known as Salas O'Brien South, L.L.C. R. Doc. 34. The parties continued to refer to it as KLG. The Court will continue to do so in this order.
[10] R. Doc. 1.
[11] *Id.* at p. 3, ¶ 16.
[12] *Id.* at p. 4–5.
[13] *Id.* at p. 5.
[14] *Id.* at p. 5–7.
[15] R. Doc. 466-8 at p. 1, ¶ 3; R. Doc. 469 at p. 1, ¶ 3.

This Court conducted a jury trial in this matter from February 26, 2018 to March 9, 2018. There were three remaining claims at trial: Team's breach of contract claim against Waypoint and Team's negligence claims against HCA and KLG.[16] Team did not pursue a negligence claim against Waypoint at trial.[17]

At trial, Team used a demonstrative exhibit labeled "Design-Related Acceleration," breaking down its claim into the following categories: "Unpaid Subcontractor Labor," "Team Hourly Labor," "Supervision," "Recurring Expenses," and "Extended General Conditions."[18] Team listed a total damages amount of $1,342,087.05 for its design-related acceleration claims.[19] Team used a separate demonstrative exhibit labeled "Unpaid Contract Amounts Unrelated to Design Errors," breaking down its contract claim against Waypoint and listing a total damages amount of $103,423.27 for its claim for "unpaid contract amounts unrelated to design errors."[20]

In the section of the jury verdict form dealing with liability, the jury found HCA and KLG's conduct violated their professional duties of care and caused damage to Team.[21] The jury also found Waypoint had not breached the contract.[22]

In the section of the jury verdict form dealing with damages, the jury was asked separately about the amount of damages on the design-related acceleration claims, each party's percentage of responsibility, and the amount of damages on Team's contract claim against Waypoint. In the question dealing with the amount of damages on the design-

---

[16] R. Doc. 364.
[17] *Id.*
[18] The demonstrative exhibit, labeled "Exhibit A," may be found on the record at R. Doc. 506-1.
[19] R. Doc. 506-1.
[20] The demonstrative exhibit, labeled "Exhibit B," may be found on the record at R. Doc. 506-2.
[21] *Id.* at p. 1, ¶ 1–4.
[22] *Id.* at p. 2, ¶ 6.

related acceleration claims, the jury awarded Team $565,979.99 in damages, broken down as follows:

| | |
|---|---|
| Subcontractor Labor | $219,353.74 |
| Team Hourly Labor | $90,015.89 |
| Supervision | $136,560.90 |
| Recurring Expenses | $120,049.46 |
| Extended Home Office Overhead | $0.00 |
| **TOTAL:** | **$565,979.99**[23] |

In its responses to the next question, dealing with comparative fault, the jury assigned Waypoint and its agent responsibility for damages.[24] The jury assigned 30% of the responsibility to HCA, 60% to KLG, 5% to Waypoint, and 5% to Waypoint's project manager Steve Laski, who was not a party to the suit.[25] On the question with respect to damages on the breach of contract claim separate from design-related acceleration, the jury assigned $0 in damages as follows:

| | |
|---|---|
| Unapproved Change Orders | $0 |
| Contractual Interest | $0 |
| **TOTAL:** | **$0**[26] |

On March 19, 2018, the Court entered judgment on the verdict against Defendants HCA and KLG for $509,381.99, representing 90% of the total damages the jury awarded on the design-related acceleration claims.[27] The Court entered judgment in favor of Defendant Waypoint on the breach of contract claim.[28] On April 2, 2018, Team filed a

---

[23] *Id.* at p. 3, ¶ 8.
[24] *Id.* at p. 4, ¶ 9.
[25] *Id.*
[26] *Id.* at p. 4, ¶ 10.
[27] R. Doc. 370.
[28] *Id.*

motion to amend, arguing the jury's finding that Waypoint did not breach its contract with Team was irreconcilably inconsistent with its assigning Waypoint and its agent responsibility for damages.[29]

On September 6, 2018, the Court granted Team's motion.[30] The Court found the jury verdict irreconcilably inconsistent, ordered "that the Court's judgment for Defendant Waypoint on Plaintiff Team's breach of contract claim" be vacated, and ordered a new trial on this claim.[31]

On March 20, 2019, the Court denied Team's motion for summary judgment on Team's liability on the breach of contract claim.[32] The Court found Team had not shown it was entitled to judgment as a matter of law that Waypoint breached the contract.

The Court conducted the second jury trial in this matter from April 15, 2019 to April 17, 2019.[33] The trial was limited to Team's breach of contract claim against Waypoint.[34] Specifically, the Court limited the trial to (1) Team's breach of contract claim against Waypoint for five of the Change Order Requests finalized in Change Order No. 10, that had not been previously paid, and (2) Team's breach of contract claim for contractual interest based on Waypoint's failure to pay Change Order No. 9 until July 10, 2017.[35] On the final day of trial, Waypoint moved for judgment as a matter of law under Rule 50(a) of the Federal Rules of Civil Procedure.[36] The Court denied Waypoint's motion.[37]

---

[29] R. Doc. 372.
[30] R. Doc. 420.
[31] *Id.* at pp. 8–10.
[32] R. Doc. 487.
[33] R. Docs. 550, 554, 555.
[34] R. Doc. 519.
[35] *Id.* at pp. 7–8.
[36] R. Doc. 555.
[37] *Id.*

5

Team sought the following unpaid amounts under Change Order No. 10:[38]

| | |
|---|---|
| Change Order Request 33 (Proposed Change Order 75) | $4,812.58 |
| Change Order Request 56 (Proposed Change Order 108) | $8,697.59 |
| Change Order Request 58 (Proposed Change Order 110) | $10,098.02 |
| Change Order Request 59 (Proposed Change Order 111) | $13,000.00 |
| Change Order Request 65 (Proposed Change Order 117) | $28,217.30 |

These amounts total $64,825.49.

The jury found Team established by a preponderance of the evidence that Waypoint breached the contract by not paying Team in full for the amounts in Change Order Requests 33, 58, and 65 and in part for Change Order Requests 56 and 65, and awarded damages in the following amounts:[39]

| | |
|---|---|
| Change Order Request 33 (Proposed Change Order 75) | $4,812.58 |
| Change Order Request 56 (Proposed Change Order 108) | $6,000.00 |
| Change Order Request 58 (Proposed Change Order 110) | $10,098.02 |
| Change Order Request 59 (Proposed Change Order 111) | $13,000.00 |
| Change Order Request 65 (Proposed Change Order 117) | $25,835.83 |

These amounts total $59,746.43. The jury also found that Team established by a preponderance of the evidence that "Waypoint breached the contract by unreasonably deciding not to pay Team for Change Order No. 9, plus retainage, within thirty days of Waypoint's signing Change Order No. 9."[40]

On May 22, 2019, the Court entered an Order and Reasons finding Team was entitled to contractual interest and attorneys' fees.[41] The Court entered judgment for Team and against Waypoint in the amount of $113,766.36 plus interest, representing the total of the contractual interest due on Change Order No. 9, the amounts awarded by the jury under Change Order No. 10, and contractual interest due on Change Order No. 10.[42]

---

[38] R. Doc. 548 at p. 8; Trial Ex. 113.
[39] R. Doc. 559 at pp. 1–5.
[40] *Id.* at p. 6.
[41] R. Doc. 589.
[42] R. Doc. 590.

6

On August 27, 2019, Waypoint appealed various decisions by the Court, including this Court's September 6, 2018 Order and Reasons vacating the judgment from the first trial.[43] On February 5, 2021, the United States Court of Appeals for the Fifth Circuit vacated the Court's September 6, 2018 Order and Reasons and remanded the case for this Court to reinstate the original verdict and to consider attorneys' fees.[44] The Fifth Circuit directed the Court to determine which party was the "substantially prevailing party" for purpose of the fee-shifting provision in the contract.[45] On September 29, 2021, the Court found Defendant Waypoint was the prevailing party under the contract, entitling it to recover attorneys' fees and costs.[46] Team appealed the Court's September 29, 2021 Order and Reasons on October 19, 2021.[47] On June 28, 2022, the Fifth Circuit dismissed Team's appeal for lack of jurisdiction.[48]

Waypoint then filed the instant motion to fix attorneys' fees and costs, seeking to recover $1,186,647.54 in attorneys' fees and $44,755.11 in costs.[49] The Court then referred Waypoint's motion to the assigned Magistrate Judge.[50] On September 13, 2022, Magistrate Judge Currault issued a Report and Recommendations, recommending that Waypoint's motion be granted in part and denied in part.[51] Magistrate Judge Currault recommends Waypoint be awarded $889,985.65 in attorneys' fees and $38,151.51 in

---

[43] R. Doc. 620.
[44] R. Doc. 634.
[45] *Id.*
[46] R. Doc. 650.
[47] R. Doc. 654.
[48] R. Doc. 674.
[49] R. Doc. 675.
[50] R. Doc. 678.
[51] R. Doc. 685.

costs.[52] Team filed timely filed an objection to Magistrate Judge Currault's Report and Recommendation.[53] Waypoint filed a response.[54]

## **LEGAL STANDARD**

Magistrate judges are empowered by statute to preside over certain pretrial matters upon appointment by a district judge.[55] A district court evaluating a magistrate judge's recommendation may adopt those portions of the recommendation to which no specific objection is made, as long as those sections are not clearly erroneous.[56] However, when a party makes "specific, written objections" within fourteen days after being served with a copy of the magistrate judge's recommendations, the district court must undertake a *de novo* review of those contested aspects of the report.[57] The Court may then "accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions."[58]

"Federal Rule of Civil Procedure 54(d)(2)(D) authorizes referral of 'a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter.'"[59] "A Magistrate Judge addressing [such a motion] under Rule 72(b) must prepare a 'recommended disposition,' to which the parties can object."[60] "Then, the

---

[52] *Id.* at p. 1.
[53] R. Doc. 686.
[54] R. Doc. 689.
[55] 28 U.S.C. § 636(b)(1)(A) (2018).
[56] 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).
[57] *Id.*
[58] Fed. R. Civ. P. 72(b)(3).
[59] *Offshore Marine Contractors, Inc. v. Palm Energy Offshore, LLC*, No. 10-4151, 2014 WL 5039670, at *3 (E.D. La. Sept. 25, 2014); *see also Blair v. Sealift, Inc.*, 848 F. Supp. 670, 679 (E.D. La. 1994) (collecting cases and holding "a post-trial motion for attorneys' fees which is not a discovery sanction is a dispositive matter; therefore, under 28 U.S.C. § 636(b)(1)(B), the magistrate judge's decision in [addressing] a post-trial award of attorneys' fees is subject to *de novo* review")
[60] *Id.*

district judge 'must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.'"[61]

## LAW AND ANALYSIS

### I. Summary of Waypoint's Motion to Fix Attorneys' Fees and Costs

In Waypoint's motion for attorneys' fees and costs before Magistrate Judge Currault, it argued it is entitled to $1,186,647.54 in attorneys' fees, which represents its proposed lodestar amount.[62] In doing so, Waypoint contended the rates charged by its attorneys were reasonable and it reasonably adjusted its fees to ensure they were actually, necessarily, and reasonably expended in litigating the case.[63] In support, Waypoint attached 491 pages of invoices with detailed transaction lists.[64]

In opposition, Team argued Waypoint's calculation of its attorneys' fees incorrectly included fees incurred in pursuit of Waypoint's own separate, independent claims against HCA and KLG, for which Waypoint was not entitled to recover.[65] Second, Team argued Waypoint failed to exercise billing judgment where it did not attempt to segregate fees related to "interwoven" claims.[66] Relatedly, Team argued Waypoint inflated the fees associated with defending Team's breach of contract claim against Waypoint and included fees related to other claims.[67] Third, Team argued Waypoint's fee calculation following the first trial is unreasonable, because no discovery was conducted and the parties engaged in limited motion practice.[68] Finally, Team argued Waypoint's fees and costs on

---

[61] *Id.* (quoting FED. R. CIV. P. 72(b)).
[62] R. Doc. 675-1 at p. 16.
[63] *Id.* at p. 11. Waypoint makes additional arguments related to costs. However, as Team does not object to the award of costs, the Court need not address those arguments here.
[64] R. Doc. 685 at p. 16.
[65] R. Doc. 683 at p. 6.
[66] *Id.* at p. 11.
[67] *Id.* at p. 14.
[68] *Id.* at pp. 16-18.

9

Body
Content

appeal plainly are not recoverable.[69] On September 13, 2022, Magistrate Judge Currault issued her Report and Recommendation.[70]

## II. Summary of the Report and Recommendations

Magistrate Judge Currault found Waypoint's rates were reasonable but its suggested award of attorneys' fees of $1,186,647.54, its lodestar, should be reduced by 25% to compensate for a lack of billing judgment.[71] Magistrate Judge Currault noted "[w]hile Waypoint exercised billing judgment by reducing entries for claims unrelated to defense against Teams and miscellaneous entries . . . the Court found numerous entries that did not reflect the proper exercise of billing judgment."[72] The Magistrate Judge concluded "a reduction of the requested attorneys' fees by 25% addresses the incomplete exercise of billing judgment evidenced by the numerous entries of [clerical and duplicative work], and unsuccessful motions amongst 491 pages of detailed invoices spanning 7 years."[73]

Further, Magistrate Judge Currault found no additional increase or reduction in the lodestar was warranted under the factors identified in *Johnson v. Georgia Highway Express, Inc.*[74] Magistrate Judge Currault noted that neither party sought an increase or deduction under *Johnson*, and "neither exceptional nor rare circumstances justify a further reduction of the lodestar in addition to the deductions applied in arriving at the lodestar."[75] Finally, Magistrate Judge Currault found Waypoint is entitled to costs in the amount of $38,151.51.[76]

---

[69] *Id.* at p. 19.
[70] R. Doc. 685.
[71] *Id.* at p. 16.
[72] *Id.*
[73] *Id.* at p. 17.
[74] 488 F.2d 714, 717-19 (5th Cir. 1974).
[75] R. Doc. 685 at p. 19.
[76] *Id.* at p. 22. Neither party objects to Magistrate Judge Currault's quantification of costs.

### III. Team's Objections to Magistrate Judge Currault's Report and Recommendations

Team does not object to Magistrate Judge Currault's award of costs.[77] Instead, Team only objects to the amount of the attorneys' fees award.[78]

Team objects to Magistrate Judge Currault's lodestar determination for six reasons.[79] First, Team argues "Waypoint, as the first-filing Plaintiff, is not entitled to recover attorney's fees and costs incurred in pursuit of its own separate, independent claims."[80] Second, Team argues "case law supports a substantial reduction of Waypoint's fee and cost quantum through February 18, 2018 based on amounts in controversy."[81] Third, Team argues Waypoint is not entitled to attorneys' fees incurred during its appeal taken on August 27, 2019.[82] Fourth, Team argues that a "close analysis of Waypoint's fees incurred through February 18, 2018 mandates that Waypoint's fee claim for that period be substantially reduced," because not all the fees are demonstrably related to Team's claim against Waypoint.[83] Fifth, Team argues "fees incurred by Waypoint from October of 2019 through present are not compensable" because the fees are duplicative.[84] Sixth and finally, Team argues Waypoint's fees incurred between February 19, 2018 to October of 2019—*i.e.*, between the end of the first trial and end of the second trial—should be reduced by 50%.[85]

---

[77] R. Doc. 686 at p. 1.
[78] *Id.*
[79] Team raised the objections in an order that is different from that discussed by the Court. However, the Court finds it most clear to address the objections in the manner in which it has herein.
[80] R. Doc. 686-1 at p. 7.
[81] *Id.* at p. 14.
[82] *Id.* at pp. 20-22.
[83] *Id.* at p. 12.
[84] *Id.* at p. 22.
[85] *Id.* at p. 18.

11

### IV. Lodestar Calculation Legal Standard

When attorneys' fees are authorized, "[t]he trial court is vested with much discretion in determining the amount of attorneys' fees."[86] "Reasonable attorneys' fees are determined through a two-step process. The district court must first calculate the lodestar—'the number of hours reasonable expended multiplied by the prevailing hourly rate in the community for similar work.'"[87] "The lodestar is presumed reasonable, but the court may then enhance or decrease it after considering the twelve *Johnson* factors."[88] Neither party objects to Magistrate Judge Currault's finding that neither an enhancement nor a decrease under the *Johnson* factors was warranted.[89] Accordingly, the Court will only address the lodestar calculation.

In calculating the lodestar, a court must determine the number of hours reasonably expended on the litigation, multiplied by a reasonable hourly rate.[90] As the party requesting fees, Waypoint bears the burden of establishing the reasonableness of the fees it requests by submitting adequate documentation – namely, time records, affidavits, and the like.[91] The party seeking fees must demonstrate the exercise of billing judgment, which refers to the usual practice of writing off unproductive, excessive or redundant hours.[92] "Ideally, billing judgment is reflected in the fee application, showing not only hours claimed, but also hours written off."[93] "The proper remedy when there is no evidence of

---

[86] *Peyton Place*, No. 08-365 at p. 20, 18 So. 3d at 146.
[87] *Fessler v. Porcelana Corona De Mexico, S.A. DE C.V.*, 23 F.4th 408, 415 (5th Cir. 2022).
[88] *Id.*
[89] R. Doc. 685 at pp. 17-19.
[90] *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).
[91] *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (observing that "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates"); *Who Dat Yat Chat, LLC v. Who Dat, Inc.*, 838 F. Supp. 2d 516, 518 (E.D. La. 2012).
[92] *Walker v. Dept. of Hous. & Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996).
[93] *Alberti v. Klevenhagen*, 896 F.2d 927, 930 (5th Cir. 1990), *vacated in part on other grounds*, 903 F.2d 352 (5th Cir. 1990).

12

billing judgment is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment."[94] As an alternative to reducing the hours awarded as a percentage, the Court may exclude hours that were not reasonably expended and/or conduct a line-by-line analysis of the time report.[95] "The district court is not required 'to achieve auditing perfection,' as '[t]he essential goal in shifting fees (to either party) is to do rough justice."[96] Indeed, the Court need not explicitly calculate the lodestar to make a reasonable award.[97]

## V. Analysis.

The Court will address each of Team's objections in turn.

### a. Team's First and Second Objections.

Team's first and second objections—that Waypoint cannot recover attorneys' fees incurred in pursuit of its own claims, and that a substantial reduction based on amounts in controversy is warranted—are mere restatements of the arguments made in Team's opposition. Merely re-urging arguments previously raised is insufficient to receive *de novo* review.[98] Instead, "[t]hose portions of the report not objected to are reviewed only for plain error."[99] Because these two objections raised by Team are nearly verbatim to its arguments in its opposition, the Court finds the objections insufficient and will review them only under a clearly erroneous or contrary to law standard. Doing so, the Court finds the Magistrate Judge's findings on these points were not clearly erroneous or contrary to

---

[94] *Id.*; *see also United States ex rel McNeil v. Jolly*, 451 F. Supp. 3d 657, 670 (E.D. La. 2020) ("If a party fails to provide sufficient evidence of billing judgment, the proper remedy is 'a reduction of the award by a percentage intended to substitute for the exercise of billing judgment.'").
[95] *See Fleming v. Elliott Sec. Solns, LLC*, No. 19-2348, 2021 WL 4908875, at *5 (E.D. La. Oct. 21, 2021).
[96] *DeLeon v. Abbott*, 687 F. App'x 340, 343 (5th Cir. 2017) (internal citations omitted).
[97] *No Barriers, Inc. v. Brinker Chili's Tex., Inc.*, 262 F.3d 496, 500-01 (5th Cir. 2001).
[98] *See Allen v. Outlaw*, No. 5:14-cv-60-DCB-MTP, 2015 WL 4759268, at *2 (S.D. Miss. Aug. 12, 2015).
[99] *Id.*

law. Team's first and second objections are overruled. The remaining four objections will be reviewed *de novo*.

### b. Team's Third Objection.

In Team's third objection, it argues that the Magistrate Judge erred in awarding Waypoint attorneys' fees incurred during the pendency of its appeal, commenced on August 27, 2019. The Court reviews the Magistrate Judge's finding *de novo*.[100] "An increase in attorney fees generally should be granted when a party who was awarded attorney fees in the trial court is forced to and successfully defends against an appeal."[101] However, a party who brought the appeal, rather than being forced to defend an appeal, is not entitled to those fees incurred during the appeal.[102] In the instant matter, Waypoint *appealed* various decisions by the Court on August 27, 2019, meaning Waypoint was not *defending against* an appeal.[103] Waypoint is not entitled to attorney's fees incurred during the pendency of its appeal. Team's third objection is sustained. Accordingly, the Court will reduce Waypoint's appellate fees from its suggested lodestar amount of $1,186,647.54.

Team contends Waypoint's fees incurred on appeal total $138,615.09.[104] Team cited no record support for this total. The Court has calculated what it believes to be a reasonable deduction for appellate fees based on Waypoint's provided invoice summary.[105] The Court will deduct $120,000 from Waypoint's suggested lodestar

---

[100] R. Doc. 686-1 at p. 20.
[101] *Racca v. Acme Truck Lines, Inc.*, 115 So. 3d 1222, 1231 (La. App. 3 Cir. 6/12/13) (quoting *Nitcher v. Northshore Regional Med. Center*, 92 So. 3d 1001, 1014 (La. App. 1 Cir. 5/2/12)).
[102] *Id.*
[103] R. Doc. 620. In contrast, Waypoint is entitled to attorneys' fees incurred during Team's appeal taken on October 19, 2021, because Waypoint was defending this appeal. Team does not contest this point.
[104] R. Doc. 683 at p. 20.
[105] R. Doc. 675-11 at p. 2.

14

amount, to reach a new total of $1,066,647.54 in attorney's fees before the reduction for lack of billing judgment.

### c. Team's Fourth and Fifth Objections.

Team objects to Magistrate Judge Currault's finding that the lodestar amount should only be reduced by 25% for a lack of billing judgment. The Court finds Team's objections on this point unpersuasive.

In Team's fourth objection, it argues a "close analysis of Waypoint's fees incurred through February 18, 2018 mandates that Waypoint's fee claim for that period be substantially reduced."[106] Team argues "an exhaustive line-by-line analysis" of the 491 pages of billing records indicate that only 17.9% of the fees invoiced by counsel for Waypoint were "demonstrably related" to Team's claims.[107] Similarly, in Team's fifth objection, it argues "[a]ll fees incurred by Waypoint after October 1, 2019 should be deducted from Waypoint's attorney fee quantum except for fees incurred in responding to Team's memoranda in support of its arguments to be designated as the prevailing party."[108] Team argues other briefing done by Waypoint was "essentially a carbon copy of the Memo bearing the same title that Waypoint submitted following the first trial."[109]

The Court disagrees. In conducting a *de novo* review of Waypoint's exercise of billing judgment, the Court finds a 25% reduction in Waypoint's proposed lodestar amount is appropriate. While Waypoint exercised adequate billing judgment to a certain degree,[110] it lacked billing judgment in other areas.[111] The Court finds a 25% reduction to

---

[106] R. Doc. 686-1 at p. 12.
[107] *Id.* at p. 13.
[108] *Id.* at p. 22.
[109] *Id.*
[110] *See, e.g.*, R. Doc. 635-15 at pp. 16-18; R. Doc. 675-1 at pp. 11-16.
[111] *See, e.g.*, R. Doc. 635-15 at pp. 27, 35, 39, 43, 55, 61, 69, 70, 80, 81, 114, 118, 119, 134, 143, 269, 369, 407 (clerical work); R. Doc. 675-17 at p. 10 (clerical work); R. Doc. 635-15 at pp. 27, 35, 55, 79, 98, 117, 118, 136, 158, 218, 220, 221, 235, 238, 267, 301, 320, 332, 368, 372 (duplicative work of multiple attorneys or

15

the requested lodestar amount is sufficient to act as a substitute for the exercise of billing judgment.[112] Moreover, having reviewed the invoices, the Court finds the 25% reduction properly protects against the possibility of certain unrelated or repetitious billing records. Moreover, "[t]he district court is not required 'to achieve auditing perfection,' as '[t]he essential goal in shifting fees (to either party) is to do rough justice.'"[113] The 25% reduction to the lodestar properly achieves the essential goal of doing "rough justice," and Team's fourth and fifth objections are overruled.

### d. Team's Sixth Objection.

In Team's final objection, Team objects to the 25% reduction between February 19, 2018 to October of 2019—the period between the end of the first trial and the end of the second trial—arguing the lodestar should instead be reduced by 50% during that time period.[114] Team argues such a reduction is proper because attorneys' fees awards are designed "to discourage a particular activity on the part of the other party," and "[t]here is no conceivable deterrent effect in penalizing Team for a) objecting to a clearly inconsistent jury verdict; b) seeking an amendment of the judgment based on said verdict, then going forward with the new trial ordered by the trial court in lieu of amendment; and c) winning that second trial on every count."[115]

Conducting a *de novo* review, the Court rejects Team's argument. Whether there is a conceivable deterrent effect in penalizing Team is not a question before the Court. Unlike in civil rights cases, where a fee-shifting statute provides for attorneys' fees to the

---

paralegals); *id.* at pp. 243, 244, 245, 252, 255, 256, 257, 277, 291, 292, 296, 317, 318, 319, 352, 354, 384, 392, 393, 399 (work involving unsuccessful motions); *id.* at pp. 39, 62, 68, 78, 96, 98, 100, 113, 116, 120, 121, 138, 160 (work on discovery requests and depositions and other work for which attorney entries indicate the work related to KLG and HCA).
[112] *Alberti*, 896 F.2d at 930.
[113] *DeLeon v. Abbott*, 687 F. App'x 340, 343 (5th Cir. 2017) (internal citations omitted).
[114] R. Doc. 686-1 at p. 18.
[115] *Id.* at p. 19.

prevailing party in order to further the interest of justice or a societal need, the attorneys' fees in this case are provided for by contract. The only issue before the Court at this time is the amount of those attorneys' fees. The Court refrains from calling into question the purpose of attorneys' fees in contractual agreements, and the Court will not further reduce the lodestar amount on that basis. Team's sixth objection is overruled.

The Court will reduce the total of $1,066,647.54 by 25%. Accordingly, Waypoint is entitled to attorneys' fees in the amount of $799,985.66.[116]

## CONCLUSION

Team has failed to specifically object to the remaining findings of the Magistrate Judge, so the Court reviews them under a clearly erroneous or contrary to law standard. Doing so, the findings are not clearly erroneous or contrary to law.

For the foregoing reasons, the Court **ADOPTS** Magistrate Judge Currault's Report and Recommendation[117] in part. The Court adopts the Report and Recommendation, except as to the Magistrate Judge's award of fees incurred on appeal to Defendant. Accordingly;

**IT IS ORDERED** that Defendant's motion to fix attorneys' fees and costs in **GRANTED IN PART** and **DENIED IN PART**. Defendant is entitled to attorneys' fees in the amount of $799,985.66 and costs in the amount of $38,151.51.

**New Orleans, Louisiana, this 30th day of March, 2023**.

                                                _____
                                                **SUSIE MORGAN**
                                     **UNITED STATES DISTRICT JUDGE**

---

[116] Neither party objects to Magistrate Judge Currault's finding that an adjustment to the lodestar amount on the basis of the *Johnson* factors is not warranted. Accordingly, the Court reviews this finding under a clearly erroneous or contrary to law standard. The Court finds it is not clearly erroneous or contrary to law.
[117] R. Doc. 12.